

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Ronald N. Brown, III
ronald.brown@dlapiper.com
T   302.468.5665
F   302.397.2505

May 28, 2021

<u>*VIA CM/ECF AND HAND DELIVERY*</u>

The Honorable Christopher J. Burke
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31, Room 4124
Wilmington, DE 19801-3555

    Re:    <u>*In re Grand Canyon Educ., Inc. Sec. Litig.*</u>**, C.A. No. 1:20-cv-00639 MN-CJB**

Dear Judge Burke:

    We represent Defendants in the above-captioned litigation, and we write to provide copies of the documents filed with the SEC by Defendant Grand Canyon Education, Inc. ("GCE") that were referenced in Defendants' Motion to Dismiss briefing, and to explain why the Court can and should consider Defendants' few limited citations to documents not incorporated by reference in the Complaint. (DCKT #37, 44). Courtesy copies of the documents are being sent to Chambers.

    As noted in Defendants' Motion to Dismiss (the "Motion" or the "MTD"), "[t]his Court may consider on a motion to dismiss documents integral to or explicitly relied upon in the complaint, documents filed with the SEC, and matters of public record." *Bartesch v. Cook*, 941 F. Supp. 2d 501, 505 n.1 (D. Del. 2013); (MTD, at 1 n.2). Moreover, in evaluating whether a plaintiff has met its heightened burden of pleading a "cogent" and "compelling" theory of scienter, "courts *must* consider the complaint in its entirety, *as well as other sources* courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added).

    Plaintiffs argued for the first time during the May 26 hearing that Defendants wrongfully introduced into the record purportedly numerous SEC filings, and that the Court should disregard any such documents, but only a single SEC filing cited by Defendants was not incorporated by reference in the Complaint: GCE's Form 10-K filed February 17, 2021. That SEC filing demonstrates that Plaintiffs' GAAP claims are baseless and that Plaintiffs failed to plead scienter with respect to those claims because GCE's independent auditor provided its unqualified opinion that GCE's financial statements complied with GAAP (MTD at 12, 18; Reply at 5, 8). As noted above, the Court may take judicial notice of "documents filed with the SEC" at the pleadings stage,



The Honorable Christopher J. Burke
May 28, 2021
Page Two

even when those documents are not cited in the complaint (*Bartesch*, 941 F. Supp. 2d at 505 n.1), and the Court *must* consider such documents in assessing whether Plaintiffs have met their heightened pleading requirement with respect to the element of scienter. *Tellabs,* 551 U.S. at 322.[1]

 Plaintiffs additionally challenged for the first time during the hearing Defendants' citations to: (1) the State of Arizona and IRS websites demonstrating the University's not-for-profit status (MTD at 2, n. 3)[2] and (2) the DOE's website demonstrating that when GCE announced the proposed Transaction in January 2018, the University's cohort default rate was an estimated 6.5% -- better than the 9.7% national average and significantly below the 30% rate that may jeopardize Title IV participation. (MTD at 9, n. 9). The websites are public records, which the Court may consider under *Bartesch*. Moreover, the references speak directly to the question of whether Defendants acted with the requisite scienter, and therefore must be considered under *Tellabs*. As set forth in Defendants' Motion, in light of the fact that the IRS and the State of Arizona (among others) had designated the University as a non-profit, Defendants had "no reasonable basis to expect that the DOE – applying the same statutory language and legal test as the IRS – would reach a different conclusion." (MTD at 8). Similarly, as Defendants noted during the hearing, the University has sued the DOE to challenge its decision, and the DOE admitted in its Answer, attached hereto as Exhibit 11, that it "did not inform [the University] that they [the DOE] 'had any potential problems with the Transaction' before denying Plaintiff's application to participate in Title IV programs as a non-profit." Finally, the University's modest cohort default rate and its continued compliance with the DOE's other regulations demonstrate that Plaintiffs "offer no cogent theory for why Defendants would be motivated to take a significant 'gamble'" on effectuating the Transaction and seeking DOE approval. (Reply at 7-8; *see also* MTD at 9, n. 9).

 Please let us know if Your Honor has any additional questions regarding this matter.

Sincerely,

*/s/ Ronald N. Brown, III* (I.D. No. 4831)

Ronald N. Brown, III
cc: Counsel of Record (via CM/ECF)

---

[1] The FY 2020 Annual Report was *filed* after the close of Plaintiffs' alleged class period, but it concerns the "financial position of the Company as of December 31, 2020 and 2019," *i.e.*, during the alleged class period.

[2] In any event, the Complaint concedes the IRS has designated the University as a not-for-profit, and further concedes that the DOE's regulations "mirrored in relevant respects the same analysis under the Internal Revenue Service's … rules and tax laws." Compl. ¶ 60; *see also id.* ¶ 84.



The Honorable Christopher J. Burke
May 28, 2021
Page Three

| Exhibit | SEC Filing | MTD Briefing | Complaint ¶ |
|---|---|---|---|
| 1 | GCE, Current Report (Form 8-K) (Jan. 5, 2018) | MTD, at 2, 9 n.9 | ¶¶ 177, 202, 203, 231 |
| 2 | GCE, Annual Report (Form 10-K) (February 21, 2018) | MTD, at 3, 15<br>Reply Brief, at 3 n.3 | ¶¶ 50, 56, 62, 178, 202 |
| 3 | GCE, Current Report (Form 8-K) (July 2, 2018) | MTD, at 2, 4, 13, 14 n.16<br>Reply Brief, at 2 n.2, 3 n.3 | ¶¶ 75, 76, 77, 79, 187, 193, 195, 208 |
| 4 | Asset Purchase Agreement<br>GCE, Quarterly Report (Form 10-Q) (Nov. 8, 2018), at Ex. 2.1<br>GCE, Annual Report (Form 10-K) (Feb. 20, 2019), at Ex. 2.1 | MTD, at 2, 13<br>Reply Brief, at 3 n.3 | ¶¶ 59, 75 |
| 5 | Master Services Agreement<br>GCE, Quarterly Report (Form 10-Q) (Nov. 8, 2018), at Ex. 10.8<br>GCE, Annual Report (Form 10-K) (Feb. 20, 2019), at Ex. 10.13 | MTD, at 2, 13 | ¶¶ 57, 58, 59, 77, 78, 99, 116, 143, 154, 155, 168, 169, 233 |
| 6 | GCE, Annual Report (Form 10-K) (Feb. 20, 2019) | Reply Brief, at 5 n.6 | ¶¶ 78, 193, 194, 213, 214, 215, 222, 233 |
| 7 | GCE, Current Report (Form 8-K) (Nov. 7, 2019) | MTD, at 2-3 | ¶¶ 160, 165, 188, 236 |
| 8 | GCE, Annual Report (Form 10-K) (Feb. 19, 2020) | MTD, at 1, 17 n.20<br>Reply Brief, at 5 n.6 | ¶¶ 172, 174 |
| 9 | GCE, Annual Report (Form 10-K) (Feb. 17, 2021) | Reply Brief, at 5 n.6 | N/A |
| 10 | Complaint, *Grand Canyon University v. Cardona, et al.*, No. 2:21-cv-177-SRB (D. Ariz.) | N/A | N/A |
| 11 | Answer, *Grand Canyon University v. Cardona, et al.*, No. 2:21-cv-177-SRB (D. Ariz.) | N/A | N/A |