**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 20-639-MN-CJB |

**<u>LEAD PLAINTIFFS' MOTION TO TAKE JUDICIAL NOTICE OF FACTS
REVEALED SUBSEQUENT TO MOTION TO DISMISS IN RELATED LITIGATION</u>**

# TABLE OF CONTENTS

**Page**

I.    Background ...................................................................................................................... 1

II.   Legal Standard ................................................................................................................ 2

III.  Argument ........................................................................................................................ 4

      A.    The Court May Judicially Notice GCU's Within-Class Period Statement
            About the Dissimilarity of Other Conversions ......................................................... 4

      B.    The Court May Judicially Notice GCU's Class Period Statements
            Regarding the GCU/GCE Conversion and the Nature of the DOE's
            Review ...................................................................................................................... 7

IV.   Conclusion ...................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alleg. Co. Emps' Ret. Sys. v. Energy Transfer LP*,
  532 F. Supp. 3d 189 (E.D. Pa. 2021) ....................................................................................6

*In re American Apparel, Inc. Shareholder Litig.*,
  855 F. Supp. 2d 1043 (C.D. Cal. 2012) ................................................................................3

*Carruthers v. Flaum*,
  388 F. Supp. 2d 360 (S.D.N.Y. 2005)................................................................................3, 8

*Dyer v. Maryland State Board of Education*,
  187 F. Supp. 3d 599 (D. Md. 2016) ......................................................................................3

*In re Egalet Corp. Sec. Litig.*,
  340 F. Supp. 3d 479 (E.D. Pa. 2018) ....................................................................................3

*Grand Canyon University v. Rosenfelt*,
  2:21-cv-00177-SRB (D. Ariz. Dec. 1, 2022), D.I. 96...................................................... passim

*In re Merck Co., Inc., Secs., Deriv. Litig.*,
  2006 WL 8460903 (D.N.J. Jan. 20, 2006) ............................................................................3

*Novak v. Kasaks*,
  216 F.3d 300 (2d Cir. 2000)..................................................................................................6

*Oklahoma Firefighters Pension and Ret. Sys. v. Lexmark Int'l, Inc.*,
  367 F. Supp. 3d 16 (S.D.N.Y. 2019)......................................................................................6

*Pac. Shores Subdivision Cal. Water Dist. v. United States Army Corps of Engr's*,
  448 F. Supp. 2d 1 (D.D.C.2006).............................................................................................2

*SEB Inv. Mgmt AB v. Endo Int'l, PLC*,
  351 F. Supp. 3d 874 (E.D. Pa. 2018) ....................................................................................6

*Southmark Prime Plus, L.P. v. Falzone*,
  776 F. Supp. 888 (D. Del. 1991)........................................................................................2, 3

*Spear v. Fenkell*,
  2016 WL 5661720 (E.D. Pa. Sept. 30, 2016) .......................................................................3

*State of Delaware Dept. of Natural Resources and Env. Control v. United States Army Corp of Engineers*,
  722 F. Supp. 2d 535 (D. Del. 2010).......................................................................................2

*Sturgeon v. Pharmerica Corp.*,
    438 F. Supp. 3d 246 (E.D. Pa. 2020) ......................................................................................3

*In re Synchronoss Sec. Litig.*,
    705 F. Supp. 2d 367 (D.N.J. 2010) ..............................................................................2, 3, 8

*Thompson v. U.S. Dep't of Labor*,
    885 F.2d 551 (9th Cir. 1989) ..................................................................................................2

On December 1, 2022, after briefing on Defendants' Motion to Dismiss (D.I. 61, the "Motion") in this Action closed and this Court held oral argument on the Motion, the United States District Court for the District of Arizona issued a decision in *Grand Canyon University v. Rosenfelt*, 2:21-cv-00177-SRB ("*Rosenfelt*") (attached as Exhibit A) granting summary judgment to the United States Department of Education (the "DOE") on Grand Canyon University's ("GCU") claims that the DOE had wrongfully denied Grand Canyon University's application for non-profit status.

The *Rosenfelt* summary judgment decision revealed certain statements GCU made to the DOE during the Class Period, as well as in its summary judgment briefing, that are directly relevant to the Motion and may be judicially noticed by this Court in connection with the Motion. First, as set forth herein, the Court may take judicial notice of the statements because the fact they were made is relevant in assessing whether Defendants acted with scienter in making the false and misleading statements alleged in this case. Second, the Court may also take judicial notice of the statements because they are inconsistent with arguments made by Defendants in connection with their Motion.

## I.    Background

On January 21, 2022, Lead Plaintiffs filed a Second Amended Consolidated Complaint (D.I. 60, the "Complaint") alleging violations of the Securities Exchange Act of 1934. Defendants filed their Motion and Brief in Support of the Motion ("Defs' Br.") on March 15, 2022. Lead Plaintiffs filed a responsive brief on May 6, 2022 (D.I. 67, the "Response"). Defendants filed a reply brief on June 3, 2022 (D.I. 68, the "Reply"). The Court held an oral argument on the Motion on October 25, 2022 (D.I. 70).

The Complaint referenced court records from *Rosenfelt* that were public at the time of its filing. *See* ¶¶263, 342.[1] *Rosenfelt* is a lawsuit filed by GCU challenging the DOE's determination that GCU is not a nonprofit institution under Title IV of the Higher Education Act, 20 U.S.C. § 1002(b). Following litigation as to the scope of the administrative record,[2] the parties filed cross-motions for summary judgment. In its opinion dated December 1, 2022, the district court granted the DOE's motion for summary judgment, finding that the DOE "lawfully decided that GCU is not a nonprofit under Title IV." *Id.* at 35; *see also id.* at 13-33.[3]

## II.    Legal Standard

"Pursuant to Rule 201(b)(2), the Court can take judicial notice of the contents of court records from another jurisdiction." *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991).

Judicial notice extends to materials in an administrative record. *In re Synchronoss Sec. Litig.,* 705 F. Supp. 2d 367, 390 & n.34 (D.N.J. 2010) (a court "may take judicial notice of records

---

[1] "¶" designates citations to paragraphs in the Complaint.

[2] Because GCU brought its action under the Administrative Procedures Act, the district court was required to consider the administrative record "before the agency" at the time of the decision at issue. *See, e.g., Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 556 (9th Cir. 1989) ("The 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position.") (emphasis and quotation omitted); *see also State of Delaware Dept. of Natural Resources and Env. Control v. United States Army Corp of Engineers*, 722 F. Supp. 2d 535, 541 (D. Del. 2010) (stating "the record 'before the agency' includes all documents and materials 'directly or indirectly' considered by agency decision-makers") (*quoting Pac. Shores Subdivision Cal. Water Dist. v. United States Army Corps of Engr's,* 448 F. Supp. 2d 1, 4 (D.D.C.2006)). Thus, the documents considered by the Arizona district court to resolve the summary judgment motions are part of the DOE's administrative record. *See, e.g.,* Order Regarding Administrative Record, *Grand Canyon University v. Rosenfelt*, 2:21-cv-00177-SRB (D. Ariz. Mar. 3, 2022), D.I. 55.

[3] The district court also rejected GCU's challenge that the DOE placed an unconstitutional prior restraint on GCU's ability to represent itself as a nonprofit entity, in violation of the First Amendment. *Id.* at 33-35.

and reports of administrative bodies"); *In re American Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012) (taking judicial notice of agency records obtained via a FOIA request); *In re Merck Co., Inc., Secs., Deriv. Litig.*, 2006 WL 8460903, at *3 (D.N.J. Jan. 20, 2006) ("[S]upporting documentation to administrative agencies have been judicially noticed," collecting cases).

A court may also take judicial notice of public records and materials in other proceedings that "contradict" a party's assertions in the action. *In re Synchronoss*, 705 F. Supp. 2d at 390 & n.35 ("[T]he court may take judicial notice of public records and of [admissions in pleadings]); *Southmark Prime*, 776 F. Supp. at 892 ("A party cannot change a characterization of facts in a case in order to later gain an advantage."); *Carruthers v. Flaum*, 388 F. Supp. 2d 360, 365, 370 (S.D.N.Y. 2005) (taking judicial notice of pleadings in another action that contradicted the plaintiff's claims).

Here, in ruling on Defendants' Motion, the Court may take judicial notice of GCU's statements reflected in the *Rosenfelt* summary judgment decision because the fact that GCU made the statements is itself relevant to falsity and scienter. *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257-58 (E.D. Pa. 2020) ("Publicly available records from other judicial proceedings may be judicially noticed in the context of a motion to dismiss" to show availability of information at the time, "not whether the contents of those documents are true"); *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018) (taking judicial notice of agency documents in connection with falsity element because such documents "indicate what was in the public realm at the time, not whether the contents of those documents are true"); *Spear v. Fenkell*, 2016 WL 5661720, at *21 (E.D. Pa. Sept. 30, 2016) (taking judicial notice of a position taken by the defendant in another litigation); *Dyer v. Maryland State Board of Education*, 187 F. Supp. 3d 599,

3

608 (D. Md. 2016) (Courts may take judicial notice of "administrative documents," such as employee grievance records and EEOC filings and records).

## III.   Argument

### A.   The Court May Judicially Notice GCU's Within-Class Period Statement About the Dissimilarity of Other Conversions

The Complaint alleges that Defendants misrepresented that the GCU-GCE relationship was highly similar to previous DOE-approved transactions, including the conversion involving Purdue University and Kaplan, Inc. ¶21(b) (Defendants stated that the GCU conversion was "almost identical to many others in the industry," "very similar to the Purdue and Kaplan proposal," and "almost an identical replica" of what "hundreds of universities are doing"); *see also* ¶¶8, 10, 74, 99-106, 182-200, 246, 296-309, 320-21, 327, 334.  Defendants repeatedly drew these comparisons in order to support their claims that the DOE was likely to approve the transaction, and analysts credited Defendants' comparisons.  *See, e.g.*, ¶102 (analysts from BMO Capital Markets stated that the GCU-GCE services agreement was "expected to be comparable to other shared services agreements in this sector," while analysts from Piper Jaffray noted that the proposed structure was "very similar" to the Purdue-Kaplan deal).  The Complaint alleges that these statements were false and misleading because there were multiple key undisclosed differences between these transactions (*see, e.g.,* ¶¶182-200), which ultimately served as a basis for DOE disapproval.  The Complaint further alleges that Defendant Bachus was directly told before the Class Period that Defendants' comparisons were inaccurate.  ¶¶10, 74.

In *Rosenfelt*, the district court explained that GCU had similarly sought to rely on such comparisons with other transactions to support its application to the DOE.  Ex. A at 8.  However, when the DOE explicitly asked GCU to detail the non-public similarities between the GCU-GCE

4

transaction and other purportedly similar transactions, GCU withdrew its claims, saying that such comparisons were, in fact, *"not relevant." Id.*

Specifically, "[d]uring the review period," the DOE requested that GCU "identify any service providers . . . that are affiliates, owners, or former owners of the institution (including related persons and entities), and indicate whether any of the servicing agreements were entered into in conjunction with a change in ownership transaction [resulting in nonprofit conversion]." *Id.* (citing AR-J-0156–57).[4]  Quoting a Class Period letter from GCU to the DOE, the *Rosenfelt* court explained that "GCU did not identify any such service agreements for the DOE, instead contending that *'GCU believes that comparisons to the Kaplan transaction or any other example are not relevant . . . . [r]ather, it believes that the Transaction stands on its own.'" Id.* (citing AR-J-0086) (ellipses in original, emphasis added); *see also id.* at 22 (the *Rosenfelt* court stated that "the DOE asked GCU to review its proffered list of other schools' service agreements," but that GCU responded that the sale of GCU "stands on its own." (citing AR-J-0086)).  Likewise, the district court stated that "the DOE gave GCU an opportunity to explain why other schools' service agreements were relevant to the DOE's analysis during the review period," but that "GCU declined to draw a parallel." *Id.* at 21-22.

In other words, when asked to provide factual support for their comparison to prior approved transactions, Defendants backtracked and claimed—contrary to their statements to investors—that such comparisons are "*not relevant*." This admission supports that Defendants had access to material information—*i.e.*, that the GCU/GCE transaction differed meaningfully from other conversions—that they were required to disclose to investors when touting the similarity of

---

[4] "AR" refers to the Administrative Record. AR-J-0156-0157 is attached as Exhibit B. The remaining underlying exhibits in the Arizona Action have been filed in a fully redacted form (AR-J-0077-78, 81, and 86) or under seal (AR-E-0007 and 98).

the GCU/GCE conversion so as not to make those disclosures otherwise misleading. *See, e.g.,* ¶183 (alleging that repeated comparisons to other transactions suggested to the market that the transaction was a "safe" one that would be approved); *Alleg. Co. Emps' Ret. Sys. v. Energy Transfer LP*, 532 F. Supp. 3d 189, 222 (E.D. Pa. 2021) (citing cases). It also supports that Defendants did not disclose "***all of the facts*** that allegedly made those comparisons [to Purdue/Kaplan and other conversions] false and misleading," as they argue in their briefing. Defs' Br. at 18.

Likewise, Defendants' statements to the DOE that other conversions were "not relevant"—made contemporaneously with their public statements touting the GCU conversion as comparable to other conversion transactions—undermines any inference that Defendants legitimately believed their comparisons to be accurate. Thus, Defendants' statements to the DOE as reflected in the *Rosenfelt* summary judgment decision are relevant to this Court's assessment of whether Defendants had access to information contradicting their public statements and thus made false or misleading statements with scienter. *See Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000) (stating "securities fraud claims typically have sufficed to state a claim based on recklessness when they have specifically alleged defendants' knowledge of facts or access to information contradicting their public statements"); *Oklahoma Firefighters Pension and Ret. Sys. v. Lexmark Int'l, Inc.*, 367 F. Supp. 3d 16, 17, (S.D.N.Y. 2019) (scienter may be established through evidence that a defendant received information contradicting public statements); *SEB Inv. Mgmt AB v. Endo Int'l, PLC*, 351 F. Supp. 3d 874, 906 (E.D. Pa. 2018) (cogent inference that "the defendants recklessly disregarded the facts they knew contradicted their public statements").

**B.** **The Court May Judicially Notice GCU's Class Period Statements Regarding the GCU/GCE Conversion and the Nature of the DOE's Review**

Further, Defendants' non-fraudulent inference of scienter rests on the supposed "critical" non-profit determination made by the IRS, which Defendants have repeatedly suggested is dispositive and rebuts any other scienter inferences. *See, e.g.*, Defs' Br. at 9. But the *Rosenfelt* decision reveals that, during the Class Period, Defendants recognized that the DOE's review was wholly independent of the IRS's analysis and that the DOE had previously rejected an application for nonprofit status by a § 501(c)(3) tax-exempt institution.

Specifically, Grand Canyon conceded during its Class Period interactions with the DOE its awareness that the DOE "would independently review GCU's nonprofit status." Ex. A at 21. Quoting the administrative record, the *Rosenfelt* court explained that "the DOE's authority to administer the HEA is distinct from the IRS's grant of § 501(c)(3) tax-exempt status" and that "GCU accepted this conclusion throughout the change-in-control application and following review period, during which GCU repeatedly acknowledged that the DOE's review is discrete." *Id.* at 24. Citing to AR-J-0077–78, the *Rosenfelt* court noted GCU's recognition of the Department's position that "it must make an independent determination as to [GCU's nonprofit status]." *Id.* And further citing Grand Canyon's summary judgment reply brief in *Rosenfelt*, the court stated that "GCU also acknowledges that [the DOE had] previously taken other measures to ensure that institutions are not converting to nonprofit status in bad faith." *Id.* (quoting Grand Canyon's MSJ Reply at 8–9 (explaining that the DOE can "ensure [an] institution had not converted to evade for-profit rules")).

The statements cited in the *Rosenfelt* summary judgment opinion indicate that GCU <u>acknowledged</u> to the DOE during the review process that the DOE "must make an independent determination" regarding nonprofit status and <u>knew</u> that the DOE's nonprofit determination was

7

not a foregone conclusion in light of the IRS's determination of tax-exempt status. Ex. A at 21 (quoting AR-J-0077–78). These facts—acknowledged by Grand Canyon in its case against the DOE—undermine keystone arguments for dismissal Defendants made in this Action. *See, e.g.,* Defs' Br. at 9 (arguing that "since the IRS and every other regulator that had assessed the University's nonprofit status confirmed that status, there is no plausible basis to conclude that the Individual Defendants knew or should have known that the DOE's requests presaged its ultimate denial of the University's request for non-profit status. (R&R at 44.)"). While Lead Plaintiffs' theory is that Defendants knew about undisclosed heightened risks—not the certainty of ultimate disapproval—Defendants' Class Period admission undermines their reliance on the IRS approval to support a competing inference of a lack of scienter. As shown above, these facts may be appropriately considered, along with all the other arguments presented by Lead Plaintiffs, in rejecting Defendants' arguments that the complaint fails to adequately plead scienter. *See, supra, In re Synchronoss,* 705 F. Supp. 2d at 390 & n.34, and *Carruthers*, 388 F. Supp. 2d at 365 n.4.

## IV.    Conclusion

For the foregoing reasons, Lead Plaintiffs request that the Court grant the Motion and take judicial notice of the statements within the Administrative Record and Defendants' briefing in the *Rosenfelt* summary judgment opinion referenced herein.

DATED:    December 22, 2022

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Hannah G. Ross
Katherine M. Sinderson (*pro hac vice*)
Robert F. Kravetz (*pro hac vice*)
Michael M. Mathai (*pro hac vice*)
Benjamin W. Horowitz (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
katiem@blbglaw.com
robert.kravetz@blbglaw.com
michael.mathai@blbglaw.com
benjamin.horowitz@blbglaw.com

*Counsel for Lead Plaintiffs*
*and the Lead Counsel for the Class*


**BARRACK, RODOS & BACINE**
Jeffrey W. Golan (*pro hac vice*)
Robert A. Hoffman
Chad A. Carder (*pro hac vice*)
3300 Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
jgolan@barrack.com
rhoffman@barrack.com
ccarder@barrack.com

*Counsel for Lead Plaintiffs*
*and Lead Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
/s/ Gregory V. Varallo
Gregory V. Varallo (Bar No. 2242)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3601
greg.varallo@blbglaw.com

*Counsel for Lead Plaintiffs*
*and the Lead Counsel for the Class*


**VANOVERBEKE, MICHAUD**
  **& TIMMONY, P.C.**
Aaron L. Castle (*pro hac vice*)
79 Alfred Street
Detroit, MI 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
acastle@vmtlaw.com

*Additional Counsel for Lead Plaintiffs*
*Oakland County Employees' Retirement*
*System and Oakland County Voluntary*
*Employees' Beneficiary Association Trust*

**Rule 7.1.1 Certification**

Pursuant to Local Rule 7.1.1, the parties met and conferred telephonically regarding the subject of the motion, during which Lead Plaintiffs' counsel summarized the scope of the motion and Defendants reserved their rights with respect to the motion.

Dated: December 22, 2022

*/s/ Robert F. Kravetz*
Robert F. Kravetz