## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 1:20-cv-00639-MN-CJB |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION <u>TO TAKE JUDICIAL NOTICE</u>

Ronald N. Brown, III (DE Bar No. 4831)
Peter H. Kyle (DE Bar No. 5918)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
ronald.brown@dlapiper.com
peter.kyle@dlapiper.com

John L. Latham (*pro hac vice*)
Cara M. Peterman (*pro hac vice*)
Timothy J. Fitzmaurice (*pro hac vice*)
Evan N. Glustrom (*pro hac vice*)
**ALSTON & BIRD**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
john.latham@alston.com
cara.peterman@alston.com
tim.fitzmaurice@alston.com
evan.glustrom@alston.com

*Counsel for Defendants*

Dated: January 12, 2023

# TABLE OF CONTENTS

Introduction..................................................................................................................... 1

Background ...................................................................................................................... 2

Argument ........................................................................................................................ 4

I.      The Judicial Notice Motion Should Be Denied Because it Was Improperly Filed
        and is Untimely. .................................................................................................... 4

II.     The Judicial Notice Motion Should Be Denied Because the Court Cannot Judicially
        Notice the Contents of the *Rosenfelt* Order. ....................................................... 5

III.    If the Judicial Notice Motion is Granted, No Statements By the University Cited in
        the *Rosenfelt* Order Impact Falsity or Scienter in this Case. ............................ 7

Conclusion ..................................................................................................................... 10

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Bishop v. JPMorgan Chase & Co.*,
No. 13-1-RGA-MPT, 2013 U.S. Dist. LEXIS 87258 (D. Del. June 21, 2013) ....................4, 5

*Blix, Inc. v. Apple, Inc.*,
No. 19-1869-LPS, 2020 U.S. Dist. LEXIS 224543 (D. Del. Nov. 30, 2020)...........................8

*Dyer v. Md. State Bd. of Educ.*,
187 F. Supp. 3d 599 (D. Md. 2016), *aff'd*, 685 F. App'x 261 (4th Cir. 2017) .........................6

*In re Am. Apparel, Inc. Shareholder Litig.*,
855 F. Supp. 2d 1043 (C.D. Cal. 2012) ...................................................................................7

*In re Egalet Corp. Sec. Litig.*,
340 F. Supp. 3d 479 (E.D. Pa. 2018), *aff'd. sub nom. Spizzirri v. Zyla Life
Scis.*, 802 F. App'x 738 (3d Cir. 2020)....................................................................................6

*In re Horsehead Holding Corp. Secs. Litig.*,
No. 16-292-LPS-CJB, 2018 U.S. Dist. LEXIS 171704 (D. Del. Oct. 4, 2018)................5, 6, 7

*In re Merck Co., Inc., Sec., Deriv. Litig.*,
Nos. 05-1151 (SRC), 05-2367 (SRC), 2006 U.S. Dist. LEXIS 2345 (D.N.J.
Jan. 20, 2006)...........................................................................................................................7

*In re Synchronoss Sec. Litig.*,
705 F. Supp. 2d 367 (D.N.J. 2010) ..........................................................................................7

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
Civil Action No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912 (D. Del.
Dec. 3, 2015)............................................................................................................................5

*S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*,
181 F.3d 410 (3d Cir. 1999).....................................................................................................5

*Spear v. Fenkell*,
No. 13-2391, 2016 U.S. Dist. LEXIS 135374 (E.D. Pa. Sept. 30, 2016) .................................6

*Sturgeon v. PharMeric Corp.*,
438 F. Supp. 3d 246 (E.D. Pa. 2020) .......................................................................................6

*Sunoco Partners Mktg. Terminals L.P. v. Powder Springs Logistics*, *LLC*,
Civil Action No. 17-1390-LPS-CJB, 2019 U.S. Dist. LEXIS 136738 (D. Del.
Aug. 7, 2019) ...........................................................................................................................4

ii

**RULES**

D. Del. LR 7.1.2(b) ........................................................................................................................4

Rule 12(b)(6)................................................................................................................................5

**STATUTES**

Administrative Procedure Act, 5 U.S.C. § 555 (2006) ..................................................................2

Freedom of Information Act, 5 U.S.C. § 552 (2016)....................................................................1

## CITATION CONVENTIONS

"Defendants":  Defendants Grand Canyon Education, Inc., Brian E. Mueller and Daniel E. Bachus

"DOE":  United States Department of Education

"GCE":  Defendant Grand Canyon Education, Inc.

"GCU" or the "University":  Non-Party Grand Canyon University

"IRS":  Internal Revenue Service

"Judicial Notice Motion" or "Judicial Notice Mot.":  Lead Plaintiffs' Motion to Take Judicial Notice of Facts Revealed Subsequent to Motion to Dismiss in Related Litigation, filed December 22, 2022 (DCKT #76)

"Mueller":  Defendant Brian E. Mueller, GCE's Chief Executive Officer and Chairman of the Board and President of GCU

"Plaintiffs":  Fire and Police Pension Association of Colorado, Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association Trust

"*Rosenfelt* Order" or the "Order":  Order granting Defendants' Cross-Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment in *Grand Canyon University v. Cardona, et al.*, No. CV-21-00177-PHX-SRB (D. Ariz.) (DCKT #76-1)[1]

"SAC" or "Second Amended Complaint":  Plaintiffs' Second Amended Consolidated Complaint for Violations of the Federal Securities Laws, filed January 21, 2022 (DCKT #60)

"Transaction": GCE's 2018 sale of the University to an independent nonprofit entity and the simultaneous execution of a Master Services Agreement ("MSA") between GCE and GCU

---

[1] The Judicial Notice Motion refers to this lawsuit as the *Rosenfelt* case, and it was originally captioned *Grand Canyon University v. Rosenfelt, et al.* when Phil Rosenfelt served as acting Secretary of the DOE.  The caption was changed to *Grand Canyon University v. Cardona, et al.*, when Miguel Cardona was confirmed as Secretary of the DOE.  For consistency in this briefing and to avoid confusion, Defendants will refer to the lawsuit as the *Rosenfelt* case.

**INTRODUCTION**

After (i) Plaintiffs allegedly reviewed "thousands of pages of documents produced by the DOE in response to" their FOIA request and filed three sequential complaints purportedly based thereon;[2] (ii) this Court granted Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint; and (iii) briefing and argument on the Second Amended Complaint has closed, Plaintiffs now make one final attempt to salvage their otherwise deficient claims and ask the Court to accept as true excerpted statements cherry-picked from a court order that remains subject to potential appeal, in litigation to which Defendants are not parties. Plaintiffs' belated and improper request should be denied.

First, Plaintiffs neither sought nor received this Court's permission to file the untimely Judicial Notice Motion in violation of the Court's Local Rules, and it is therefore improperly before the Court. Moreover, because neither the *Rosenfelt* Order nor the statements excerpted therein were referenced in or integral to the SAC, the Court may at most take judicial notice of the *existence* of the Order. The Court cannot and should not, however, judicially notice the Order's *contents*, as Plaintiffs request. Plaintiffs' argument that the Court should consider GCU's statements as interpreted by the *Rosenfelt* court either because they amount to party admissions or because they are part of an administrative record must fail, as GCU is not a party to this action and the administrative record at issue in *Rosenfelt* is not before the Court.

Even if the Court grants the Judicial Notice Motion, however, Plaintiffs' falsity and scienter arguments are meritless. Accepting those arguments would require this Court to assume the truth of the statements in the *Rosenfelt* Order, which Plaintiffs concede this Court cannot do. And in any event, Plaintiffs are mistaken that the *Rosenfelt* Order supports their scienter and falsity claims.

---

[2] SAC at p. 1.

1

Neither GCU nor any of the Defendants in this action ever stated that the Transaction "differed meaningfully from other conversions," as Plaintiffs now allege, nor does GCU's post-closing response to the DOE's inquiry stand for that proposition. Similarly, GCU's unremarkable acknowledgement of the DOE's position that it would make an independent determination of the University's ability to participate in Title IV as a non-profit does not support Plaintiffs' scienter theory. As Defendants have established (and as this Court agreed), if the IRS determined GCU was a non-profit, Defendants reasonably might have thought the DOE would – *using the same standards as the IRS* – also independently conclude that GCU was a non-profit. Even in light of Plaintiffs' novel allegations, Defendants' competing inference remains more compelling than Plaintiffs' inference of fraudulent intent.

In all, the Judicial Notice Motion should be denied, but even if it is granted, taking judicial notice of statements from the *Rosenfelt* Order has no bearing on the requisite elements of falsity or scienter in this case.

## BACKGROUND

Following the DOE's denial of GCU's request to participate in Title IV as a non-profit university, GCU sued the agency under the Administrative Procedure Act. Complaint, *Grand Canyon Univ. v. Rosenfelt*, No. 2:21-cv-00177-SRB, (D. Ariz. Feb. 2, 2021), ECF No. #1. None of the named Defendants in the present action are parties to that litigation. (*Id.*) On December 1, 2022, the *Rosenfelt* court granted the DOE's cross-motion for summary judgment. Order, *Grand Canyon Univ. v. Rosenfelt*, No. 2:21-cv-00177-SRB (D. Ariz. Dec. 1, 2022), ECF No. #96.

Plaintiffs now ask this Court to take judicial notice of the following statements in the *Rosenfelt* Order:

> During the review period, the DOE requested that GCU "identify any service providers . . . that are affiliates, owners, or former owners of the institution (including related persons and entities), and indicate whether any of the servicing agreements were entered into in conjunction with a change in ownership transaction [resulting in nonprofit conversion]." (*Id.* ¶ 35 (citing AR-J-0156–57).) GCU did not identify any such service agreements for the DOE, instead contending that "GCU believes that comparisons to the Kaplan transaction or any other example are not relevant . . . [r]ather, it believes that the Transaction stands on its own." (*Id.* (citing AR-J-0086).) Though the HEA and § 600.2

(Judicial Notice Mot. Ex. A (*Rosenfelt* Order) at 8:7-14; Judicial Notice Mot. at 5 (requesting judicial notice).)

> Confirming the consistency of the DOE's process, the DOE gave GCU an opportunity to explain why other schools' service agreements were relevant to the DOE's analysis during the review period. (X-MSJ Reply at 7.) GCU declined to draw a parallel.

(Judicial Notice Mot. Ex. A (*Rosenfelt* Order) at 21:19-21; Judicial Notice Mot. at 5 (requesting judicial notice).)  Plaintiffs argue that these statements demonstrate that Defendants knew the Transaction "differed meaningfully from other conversions," and that, as such, Defendants did not "legitimately believe their comparisons" of the Transaction to other higher education shared services agreements were "accurate."  (Judicial Notice Mot. at 5-6.)

Plaintiffs further request that the Court take judicial notice of the following statement in the *Rosenfelt* Order:

> The record reflects that all parties understood that Defendants would independently review GCU's nonprofit status. As above explained, the DOE's authority to administer the HEA is distinct from the IRS's grant of § 501(c)(3) tax-exempt status. (*Supra* at Section II(A)(1)(a).) GCU accepted this conclusion throughout the change-in-control application and following review period, during which GCU repeatedly acknowledged that the DOE's review is discrete. (X-MSJ at 24; AR-J-0077–78 (letter to DOE stating, *inter alia*, "[GCU] recognize[s] the Department's position that it must make an independent determination as to [GCU's nonprofit status]."), 0081.) GCU also acknowledges that Defendants have previously taken other measures to ensure that institutions are not converting to nonprofit status in bad faith. (*See* MSJ Reply at 8–9 (explaining that the DOE can "ensure [an] institution had not converted to evade for-profit rules.").)[15] The relevant law and record

(Judicial Notice Mot. Ex. A (*Rosenfelt* Order) at 21:4-14; Judicial Notice Mot. at 7 (requesting judicial notice).)  Plaintiffs argue that this statement demonstrates that Defendants "knew that the DOE's nonprofit determination was not a foregone conclusion in light of the IRS's determination of tax-exempt status."  (*Id.* at 7-8 (emphasis original).)  The Judicial Notice Motion argues those alleged facts "undermine keystone arguments for dismissal made by Defendants in this Action." (*Id.* at 8.)

## ARGUMENT

**I.      The Judicial Notice Motion Should Be Denied Because it Was Improperly Filed and is Untimely.**

Under this Court's Local Rules, "[e]xcept for the citation of subsequent authorities, no papers shall be filed absent Court approval" following the filing of Defendants' Motion to Dismiss (DCKT #61).  D. Del. LR 7.1.2(b).  Here, Plaintiffs did not seek or receive this Court's approval to file the Judicial Notice Motion.  Further, because the Judicial Notice Motion "continue[s] to advance" Plaintiffs' "argument that defendants' motion [to dismiss] should be denied," it "operates as a sur-reply brief for which [Plaintiffs] neither requested nor obtained prior court approval to file." *Bishop v. JPMorgan Chase & Co.*,  No. 13-1-RGA-MPT, 2013 U.S. Dist. LEXIS 87258, at *21-22 (D. Del. June 21, 2013).  What is more, the motion seeks to add entirely new facts into this case that were not alleged in the SAC – the third complaint that Plaintiffs have filed in this action – in an improper attempt to further amend the complaint. [3]  *See Sunoco Partners Mktg. Terminals*

---

[3] At the time they filed their SAC, Plaintiffs quoted directly from the same document that they now seek to enter as Exhibit B to the Judicial Notice Motion.  *Compare* SAC ¶ 337 (alleging that "On September 10, 2018, the DOE again propounded requests for information to the Company, including requesting a 'narrative' explaining how the structure of the Conversion 'warrants recognizing the institution's conversion to nonprofit status for purposes of … Title IV …'"), *with* Judicial Notice Mot. Ex. B (the September 10, 2018 DOE letter directly quoted in – but not attached to – the SAC).  To the extent the September 10, 2018 DOE letter was in Plaintiffs' possession at the time they filed the SAC, there is no justifiable explanation for their extraordinary delay in attempting to introduce it as an exhibit before the Court.

*L.P. v. Powder Springs Logistics*, *LLC*, Civil Action No. 17-1390-LPS-CJB, 2019 U.S. Dist. LEXIS 136738, at *13 n.4 (D. Del. Aug. 7, 2019) (declining to consider additional facts provided in Rule 12(b)(6) briefing that were not clearly referenced in the complaint or attachments thereto); *see also Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, Civil Action No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912, at *15 n.6 (D. Del. Dec. 3, 2015) (same). Accordingly, the Judicial Notice Motion was improperly filed, and, for this reason alone, it should be denied. *Bishop,* 2013 U.S. Dist. LEXIS 87258, at *21-22 (denying motion for judicial notice filed after motion to dismiss briefing because the moving party "neither requested nor obtained prior court approval to file" the motion).

## II. The Judicial Notice Motion Should Be Denied Because the Court Cannot Judicially Notice the Contents of the *Rosenfelt* Order.

Plaintiffs claim that they are asking the Court to take notice of "certain statements GCU made to the DOE during the Class Period." (Judicial Notice Mot. at 1.) As the Judicial Notice Motion acknowledges, however, the documents in which those statements were made were "filed in a fully redacted form . . . or under seal" in *Rosenfelt*. (Judicial Notice Mot. at 5 n.5.) This Court cannot, therefore, take judicial notice of the actual documents in which those statements were made. Instead, the Judicial Notice Motion asks this Court to take judicial notice of the *Rosenfelt* Order's *description* of heavily-edited excerpts from GCU's statements. Plaintiffs studiously avoid describing their Judicial Notice Motion in this way because it dooms their request.

As this Court has explained, where, as here, a party requests judicial notice of another court's opinion "the court may notice only the existence of the document…" *In re Horsehead Holding Corp. Secs. Litig.*, No. 16-292-LPS-CJB, 2018 U.S. Dist. LEXIS 171704, at *27 (D. Del. Oct. 4, 2018), *R. & R. adopted*, 2019 U.S. Dist. LEXIS 52717 (D. Del. Mar. 28, 2019); *see also S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)

5

("[O]n a motion to dismiss, [a district court] may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion[.]").  The Court may judicially notice "the full contents" of another court's opinion *only if* "a plaintiff's complaint explicitly relies upon" that opinion or it is "integral to the complaint."  *Horsehead*, U.S. Dist. LEXIS 171704, at *28.[4]  Here, of course, the *Rosenfelt* Order was neither relied upon in nor integral to the Complaint because it did not exist when the Complaint was filed. (Judicial Notice Mot. at 2.)  This Court cannot, therefore, take judicial notice of the "contents" of the *Rosenfelt* Order, as Plaintiffs request.[5]  (*Id.*)  Accordingly, the Judicial Notice Motion should be denied.

Plaintiffs seek to bolster their request on the grounds that (a) the statements set forth in the *Rosenfelt* Order allegedly reflect a party admission and (b) the statements are derived from an administrative record.  Plaintiffs' attempt to distinguish their request must fail.  There are no overlapping parties between the present action and *Rosenfelt*, and all of the statements at issue in the Judicial Notice Motion were allegedly made by GCU (or its counsel) after the Transaction closed.  Therefore, even accepting Plaintiffs' unsupported assertion that a different standard for judicial notice applies to party admissions, any such standard is not relevant here.  (Judicial Notice

---

[4] The cases cited in the Judicial Notice Motion do not hold otherwise.  (Judicial Notice Mot. at 3-4.)  All but one of the cases cited therein did not discuss requests for judicial notice of court opinions.  *See Spear v. Fenkell*, No. 13-2391, 2016 U.S. Dist. LEXIS 135374, at *78 n.23 (E.D. Pa. Sept. 30, 2016) (noting request for judicial notice of proposed findings of fact filed in another lawsuit); *Sturgeon v. PharMeric Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (noting request for judicial notice of pleadings from other lawsuits); *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 496-97 (E.D. Pa. 2018) (noting request for judicial notice of information on FDA website), *aff'd. sub nom. Spizzirri v. Zyla Life Scis.*, 802 F. App'x 738 (3d Cir. 2020).  The remaining case is from outside the Third Circuit, and it does not conflict with *Horsehead*.  *See Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016) (taking judicial notice of certain orders of regulatory bodies), *aff'd*, 685 F. App'x 261 (4th Cir. 2017).

[5] Plaintiffs' present request is distinguishable from the request for judicial notice set forth in Defendants' pending Motion to Dismiss, where the documents at issue in Defendants' request were incorporated by reference in the SAC.  (DCKT. # 62 at 12 n.14.); *see, e.g., Horsehead*, 2018 U.S. Dist. LEXIS 171704, at *27.

6

Mot. at 2-3.)[6]  Moreover, the Judicial Notice Motion requests that this Court take judicial notice of select excerpts of GCU's alleged statements that were reflected in the *Rosenfelt* Order, not the administrative record itself.  *See, e.g.,* Judicial Notice Mot. at 1 ("The *Rosenfelt* [Order] revealed certain statements GCU made to the DOE . . . [that] may be judicially noticed by this court"); *see also id*. at 3 ("Here, in ruling on Defendants' Motion, the Court may take judicial notice of GCU's statements reflected in the *Rosenfelt* [Order] . . .").  The cases cited in the Judicial Notice Motion are, therefore, inapposite.  *See In re Synchronoss Sec. Litig*., 705 F. Supp. 2d 367, 390 n.34 (D.N.J. 2010) (a court "may take judicial notice of records and reports of administrative bodies"); *In re Am. Apparel, Inc. Shareholder Litig*., 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012) (taking judicial notice of agency records); *In re Merck Co., Inc., Sec., Deriv. Litig*., Nos. 05-1151 (SRC), 05-2367 (SRC), 2006 U.S. Dist. LEXIS 2345, at *12 (D.N.J. Jan. 20, 2006) (taking judicial notice of supporting documents in administrative record).

**III.   If the Judicial Notice Motion is Granted, No Statements By the University Cited in the *Rosenfelt* Order Impact Falsity or Scienter in this Case.**

Even if the Judicial Notice Motion is granted and this Court takes judicial notice of the statements set forth above, those statements have no bearing on falsity or scienter for at least three reasons.

*First*, if this Court judicially notices GCU's alleged statements as reflected in the *Rosenfelt* Order, it "could do no more than notice that certain statements were made; it could not at this stage accept the truth of the statements."  *Blix, Inc. v. Apple, Inc.*, No. 19-1869-LPS, 2020 U.S. Dist. LEXIS 224543, at *17 n.2 (D. Del. Nov. 30, 2020); *see also Horsehead*, 2018 U.S. Dist. LEXIS 171704, at *27  ("[T]he court may notice only the existence of the document, not the truth of the

---

[6] The motion is wrong for the additional and independent reason that there is no conflict between GCU's alleged statements as summarized in the *Rosenfelt* Order and the Defendants' alleged misstatements in this action, as discussed *infra* at 8-9.

7

facts recited therein (e.g., the existence of a judicial opinion, not the truth of the facts cited in that opinion).")  The Judicial Notice Motion's falsity and scienter arguments, however, ask this Court to draw conclusions about Defendants' access to information, beliefs, and knowledge, based on statements in the *Rosenfelt* Order.  (*See* Judicial Notice Mot. at 5-8 (arguing that statements from the *Rosenfelt* Order establish that Defendants "had access to material information" they were required to disclose, "did not legitimately believe" their public statements, and "knew that the DOE's nonprofit determination was not a foregone conclusion in light of the IRS's determination of tax-exempt status").)  To the extent such conclusions were supportable (they are not), they could be drawn *only* by assuming the truth of statements excerpted in the *Rosenfelt* Order, which this Court cannot do.  Accordingly, the Judicial Notice Motion's falsity and scienter arguments fail.

*Second*, each of the Judicial Notice Motion's falsity and scienter arguments improperly attribute to Defendants statements that were made by GCU or its counsel after the Transaction closed.   (Judicial Notice Mot. at 5-8; *see supra* at 7.)  GCU, of course, is not a Defendant in this case, and its post-Transaction statements as summarized in the *Rosenfelt* Order cannot be attributed to the Defendants.[7]  For this additional reason, there is no merit to the Judicial Notice Motion's falsity and scienter arguments.

*Third*, and finally, the Judicial Notice Motion's falsity and scienter arguments are simply wrong.  Plaintiffs first cite to GCU's alleged October 2018 statement to the DOE, excerpted in part in the *Rosenfelt* Order, that the "Transaction stands on its own" and that comparisons to other transactions were "not relevant" to the DOE's determination of whether the University could participate in Title IV as a non-profit.  (Judicial Notice Mot. at 5.)  Plaintiffs assert that these

---

[7] Defendant GCE formerly owned GCU, but the statements by GCU for which Plaintiffs seek judicial notice were made long after the university separated from GCE on July 2, 2018. Likewise, while Defendant Mueller serves as GCU's President, the Judicial Notice Motion does not argue that he authorized or made the referenced statements on behalf of GCU.

statements stand for the proposition that GCU believed the Transaction "differed meaningfully" from other shared services agreements (*id.*), and that it was therefore false and misleading for Defendant Mueller to state that the Transaction "structure is similar to that at hundreds of non-profit universities in the country that outsource services to third-party providers." (SAC ¶ 101.) Plaintiffs' baseless conclusion that Defendants believed the Transaction "differed meaningfully" from other servicing agreements, however, does follow from the generalized statements in the *Rosenfelt* Order, nor does it have any bearing on Plaintiffs' claims of falsity or scienter here.[8]

Plaintiffs next point to excerpted statements in the *Rosenfelt* Order indicating that, in October 2018, GCU acknowledged the DOE's position that the agency would make an independent determination of the University's ability to participate in Title IV as a non-profit institution. (Judicial Notice Mot. at 7; *id.* Ex. A at 21.) The excerpt of GCU's statement does not, however, conflict with Defendants' scienter arguments set forth in their pending Motion to Dismiss. (*Id.* at 7-8.) Defendants have established that a competing inference of non-fraudulent intent is more compelling than an inference of scienter because, *inter alia*, (a) the IRS had qualified GCU as a tax-exempt organization and (b) *even according to the DOE*, the agency's "definition of a nonprofit institution mirrors the statutory language for tax exempt organizations found in [the tax code]." (DCKT #62 at 9 (quoting SAC Ex. A, at 10).) Indeed, as this Court noted, "if one large federal regulator (using certain standards) concluded that new GCU qualified as a non-profit, it seems reasonable that Defendants might have thought that another large federal regulator (using

---

[8] Notably, in the SAC Plaintiffs allege that Defendant Mueller's statements were false and misleading solely because: (1) the terms of the Purdue-Kaplan agreement were purportedly more favorable to the university, and (2) Purdue and Kaplan allegedly had no "overlapping executives or management as a result of their transaction." (SAC ¶¶ 187-188.) GCU did not speak to either of those alleged distinctions in the excerpted statements from the *Rosenfelt* Order. Moreover, as Defendants established in their Motion to Dismiss, all of the material facts that allegedly made Defendant Mueller's statements false or misleading were publicly disclosed, including the services that GCE would provide to the University and the fees it would receive in return. (*See* DCKT #62 at 18.)

9

the same standards) could come to the same conclusion." (DCKT #50 at 44-45.)  Defendants have never argued that "the DOE's nonprofit determination was a foregone conclusion in light of the IRS's determination of tax-exempt status," as Plaintiffs now assert.  (Judicial Notice Mot. at 7-8.) Accordingly, there is no inconsistency between Defendants' scienter arguments and GCU's prior statements.

In all, even if they were properly subject to judicial notice (they are not), none of the statements excerpted in the *Rosenfelt* Order that Plaintiffs ask the Court to judicially notice substantively support Plaintiffs' claims or undermine Defendants' arguments set forth in their pending Motion to Dismiss.

## CONCLUSION

The Judicial Notice Motion should be denied for the reasons set forth above, but even if it is granted, taking judicial notice of certain statements in the *Rosenfelt* Order has no bearing on falsity or scienter in this case.

Respectfully submitted this 12th day of January, 2023.

**OF COUNSEL:**

John L. Latham (*pro hac vice*)
Cara M. Peterman (*pro hac vice*)
Timothy J. Fitzmaurice (*pro hac vice*)
Evan N. Glustrom (*pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
john.latham@alston.com
cara.peterman@alston.com
tim.fitzmaurice@alston.com
evan.glustrom@alston.com

**DLA PIPER LLP (US)**

 /s/   *Ronald N. Brown*
Ronald N. Brown, III (DE Bar No. 4831)
Peter H. Kyle (DE Bar No. 5918)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
ronald.brown@dlapiper.com
peter.kyle@dlapiper.com

*Counsel for Defendants*