**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 1:20-cv-00639-MN-CJB |

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants Grand Canyon Education, Inc. ("GCE"), Brian E. Mueller ("Mueller"), and Daniel E. Bachus ("Bachus," and together with GCE and Mueller, the "Defendants"), by their undersigned counsel, hereby file their Answer to Plaintiffs' Second Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "SAC").[1]

1. Defendants deny the allegations in Paragraph 1, except Defendants admit that Mueller and Bachus are the Chief Executive Officer and Chief Financial Officer, respectively, of GCE, which is a publicly traded educational support services company. Defendants further refer to the documents and statements referenced in Paragraph 1 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 1 that are inconsistent therewith.

2. Defendants deny the allegations in the second sentence of Paragraph 2 because Defendants lack knowledge or information sufficient to admit or deny those allegations. Defendants also deny the remainder of the allegations in Paragraph 2, except Defendants refer to GCE's stock price and the documents and statements referenced in Paragraph 2 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 2 that are inconsistent therewith.

---

[1] Defendants deny that the headings in the SAC constitute allegations of fact that require a response, and, to the extent a response is required, they are denied.

3.      Defendants deny the allegations in Paragraph 3, except Defendants refer to the documents and statements referenced in Paragraph 3 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 3 that are inconsistent therewith.

4.      Defendants admit that the SAC alleges the putative Class Period begins on January 5, 2018, and Defendants refer to the documents and statements referenced in Paragraph 4 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 4 that are inconsistent therewith.

5.      Defendants deny the allegation in Paragraph 5 that "the DOE had made it clear that it would exercise independent scrutiny of such applications."  Defendants deny the remaining allegations in Paragraph 5 because they lack knowledge or information sufficient to admit or deny those allegations.

6.      Defendants state that the allegations in Paragraph 6 do not accurately or completely describe purported conversations between Defendants and certain U.S. Department of Education ("DOE") staff, and those allegations are denied on that basis.  Defendants also deny the remainder of the allegations in Paragraph 6, except Defendants admit that during 2015-2016 Grand Canyon University ("GCU") made an application to The Higher Learning Commission (the "HLC") to convert GCU into a nonprofit entity, which the HLC did not approve.  Defendants further refer to the documents and statements referenced in Paragraph 6 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 6 that are inconsistent therewith.

7.      Defendants deny the allegations in the first and second sentences of Paragraph 7 because they lack knowledge or information sufficient to admit or deny those allegations. Defendants also deny the remainder of the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8, except Defendants refer to the documents and statements referenced in Paragraph 8 as well as the terms of GCE's sale of GCU to a nonprofit entity (the "Transaction") and the transaction between Purdue University and Kaplan University (the "Purdue-Kaplan Transaction") for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 8 that are inconsistent therewith.

9. Defendants deny the allegations in Paragraph 9, except Defendants refer to the documents and statements referenced in Paragraph 9 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 9 that are inconsistent therewith.

10. Defendants state that the allegations in Paragraph 10 do not accurately or completely describe conversations and communications between Bachus and Karen Solinski ("Solinski"), and those allegations are denied on that basis. Defendants further deny the allegations in Paragraph 10 regarding Solinski's roles and responsibilities at HLC because Defendants lack knowledge or information sufficient to admit or deny those allegations, except Defendants admit Solinski was formerly HLC's Executive Vice President for Legal and Governmental Affairs. Defendants also deny the remaining allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11, except Defendants refer to the documents and statements referenced in Paragraph 11 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 11 that are inconsistent therewith.

12. Defendants deny the allegations in Paragraph 12, except Defendants admit the Transaction closed on July 1, 2018, before the DOE issued a decision on GCU's voluntary request for pre-acquisition review. Defendants further refer to the documents and statements referenced in Paragraph 12 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 12 that are inconsistent therewith.

13.    Defendants deny the allegations in Paragraph 13, except Defendants admit GCU received a request for information from the DOE in May 2018.  Defendants further refer to the documents and statements referenced in Paragraph 13 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 13 that are inconsistent therewith.

14.    Defendants deny the allegations in Paragraph 14, except Defendants refer to the documents and statements referenced in Paragraph 14 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 14 that are inconsistent therewith.

15.    Defendants deny the allegations in the second sentence of Paragraph 15 because they do not have access to the voicemail message purportedly quoted in Paragraph 15, and, as such, Defendants lack knowledge or information sufficient to admit or deny those allegations. Defendants also deny the remaining allegations in Paragraph 15, except Defendants refer to the documents and statements referenced in Paragraph 15 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 15 that are inconsistent therewith.

16.    Defendants deny the allegations in Paragraph 16.

17.    Defendants deny the allegations in Paragraph 17, except Defendants refer to their documents and statements referenced in Paragraph 17 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 17 that are inconsistent therewith.

18.    Defendants deny the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19, except Defendants refer to GCE's stock price and the documents and statements referenced in Paragraph 19 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 19 that are inconsistent therewith.

20.    Defendants deny the allegations in Paragraph 20, except Defendants refer to GCE's stock price and the January 28, 2020 Citron Research report referenced in Paragraph 20 for a complete and accurate reflection of its content.

21.    Defendants state that the allegations in the first sentence of Paragraph 21 purport to state legal conclusions or legal arguments as to which no response is required.  To the extent a response is required, Defendants refer to the federal securities laws for a complete and accurate reflection of their contents and Defendants deny any allegations in the first sentence of Paragraph 21 that are inconsistent therewith.  Defendants deny the remaining allegations in Paragraph 21, except Defendants refer to the documents and statements referenced in Paragraph 21 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 21 that are inconsistent therewith.

22.    Defendants deny the allegations in Paragraph 22.

23.    Defendants deny the allegations in Paragraph 23.

24.    Defendants admit that this Court has subject matter jurisdiction over the claims alleged in the SAC.

25.    Defendants admit that venue is proper in this Court.

26.    Defendants deny the allegations in Paragraph 26 because they lack knowledge or information sufficient to admit or deny those allegations.

27.    Defendants deny the allegations in Paragraph 27 because they lack knowledge or information sufficient to admit or deny those allegations.

28.     Defendants deny the allegations in Paragraph 28, except Defendants admit that GCE is a publicly traded educational support services corporation organized under the laws of the State of Delaware, GCE trades on the NASDAQ under the stock symbol "LOPE," GCE completed its initial public offering in November 2008, and until July 1, 2018, GCE owned GCU.

29.     Defendants deny the allegations in Paragraph 29, except Defendants admit Mueller is GCE's CEO, he has held that position since 2008, he became Chairman of GCE's Board of Directors in January 2017, he became President of Grand Canyon University in 2012, and he was previously employed by Apollo.  Defendants further state that Mueller's compensation is disclosed in public documents, Defendants refer to those documents for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 29 that are inconsistent therewith.

30.     Defendants deny the allegations in Paragraph 30, except Defendants admit that Bachus is currently Grand Canyon's CFO, he has held that position since 2008, and was previously employed by Apollo and Deloitte.  Defendants further state that Bachus's compensation is disclosed in public documents, Defendants refer to those documents for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 30 that are inconsistent therewith.

31.     Defendants state that the allegations in Paragraph 31 purport to state legal conclusions or legal arguments as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 31, except Defendants admit the SAC refers to Mueller and Bachus as the "Individual Defendants" and the SAC refers to GCE, Mueller, and Bachus as the "Defendants."

32.     Defendants deny the allegations in Paragraph 32, except Defendants admit Significant Education, LLC ("Significant") acquired Grand Canyon College in January 2004 when it was on the verge of bankruptcy and Grand Canyon College later became the first for-profit Christian college in the United States.

33.     Defendants deny the allegations in Paragraph 33, except Defendants admit Significant changed its name to GCE on or around May 9, 2008, GCE filed a Form S-1 Registration Statement with the SEC on or around May 13, 2018, GCE completed its initial public offering in November 2008, and Mueller and Bachus joined GCE effective July 1, 2008.

34.     The allegations in Paragraph 34 purport to describe the history of the for-profit education industry, and Defendants deny that the allegations in Paragraph 34 provide a complete and accurate statement of that history.

35.     Defendants deny the allegations in Paragraph 35, except Defendants refer to the documents and statements referenced in Paragraph 35 for a complete and accurate reflection of their contents.

36.     Defendants deny the allegations in Paragraph 36, except Defendants refer to the documents and statements referenced in Paragraph 36 for a complete and accurate reflection of their contents.

37.     Defendants deny the allegations in Paragraph 37 because they lack knowledge or information sufficient to admit or deny those allegations.

38.     Defendants deny the allegations in Paragraph 38 because they lack knowledge or information sufficient to admit or deny those allegations.

39.     Defendants deny the allegations in Paragraph 39 as to GCE and Defendants deny the allegations in Paragraph 39 as to other "for-profit educational companies" because they lack knowledge or information sufficient to admit or deny those allegations.

40.     Defendants deny the allegations in Paragraph 40, except Defendants admit that during 2015-2016 GCU made an application to the HLC to convert GCU into a nonprofit entity, which the HLC did not approve, and the Transaction closed on July 1, 2018.  Defendants further refer to the documents and statements referenced in Paragraph 40 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 40 that are inconsistent therewith.

41.     Defendants refer to the documents and statements referenced in Paragraph 41 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 41 that are inconsistent therewith.

42.     Defendants deny the allegations in Paragraph 42, except Defendants admit that during 2015-2016 GCU made an application to the HLC to convert GCU into a nonprofit entity. Defendants further refer to the documents and statements referenced in Paragraph 42 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 42 that are inconsistent therewith.

43.     Defendants deny the allegations in Paragraph 43 because they lack knowledge or information sufficient to admit or deny those allegations, except Defendants admit Solinski chaired the HLC's Fact-Finding Evaluation Team.

44.     Defendants deny the allegations in Paragraph 44 because Defendants lack knowledge or information sufficient to admit or deny those allegations, except Defendants admit that during 2015-2016 GCU made an application to the HLC to convert GCU into a nonprofit

entity and, in connection with that application, HLC staff conducted a site visit that included meetings with GCE and GCU personnel.

45.    Defendants refer to the HLC Staff Summary Report and Fact-Finding Visit Report referenced in Paragraph 45 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 45 that are inconsistent therewith.  Defendants further state that the HLC Staff Summary Report and Fact-Finding Visit Report concluded that "GCU appears to meet most of HLC's Change of Control Factors" and GCU "is extremely well positioned to conduct this transaction successfully."

46.    Defendants deny the allegations in the first sentence of Paragraph 46, which purport to describe Solinski's knowledge of certain alleged facts, because they lack knowledge or information regarding Solinski's knowledge of those alleged facts sufficient to admit or deny the allegations in Paragraph 46.  Defendants refer to the document referenced in Paragraph 46 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 46 that are inconsistent therewith.

47.    Defendants admit during 2015-2016 GCU made an application to the HLC to convert GCU into a nonprofit entity, which HLC denied, and Defendants refer to the HLC Board's decision for a complete and accurate reflection of its contents.

48.    Defendants state that the allegations in Paragraph 48 do not accurately or completely describe a meeting between Defendants and certain HLC representatives, and the allegations in Paragraph 48 purporting to describe that meeting are denied on that basis. Defendants also deny the remaining allegations in Paragraph 48, except Defendants admit that they disagreed with the HLC's decision referenced in Paragraph 48.

49.     Defendants deny the allegations in the first two sentences of Paragraph 49 because they lack knowledge or information sufficient to admit or deny those allegations.  Defendants refer to the purported communications referenced in the third and fourth sentences of Paragraph 49 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 49 that are inconsistent therewith.

50.     Defendants deny the allegations in Paragraph 50, which purport to describe Solinski's knowledge of certain alleged facts, because they lack knowledge or information regarding Solinski's knowledge of those alleged facts sufficient to admit or deny those allegations.

51.     Defendants deny the allegations in the first sentence of Paragraph 51 because they lack knowledge or information sufficient to admit or deny those allegations, except Defendants admit Frola signed the DOE's November 6, 2019 letter.  Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants state that the allegations in Paragraph 52 do not accurately or completely describe a meeting between Mueller and HLC representatives, and the allegations in Paragraph 52 purporting to describe that meeting are denied on that basis.

53.     Defendants admit the allegations in Paragraph 53, except Defendants lack knowledge or information sufficient to admit or deny whether President Trump was "himself the former owner of a failed for-profit institution."

54.     Defendants state that the allegations in Paragraph 54 purport to describe the "regulatory environment" for the for-profit education industry during the Trump Administration, and Defendants deny that the allegations in Paragraph 54 set forth a complete and accurate statement of that "regulatory environment."  Defendants further deny the allegations in the second

sentence of Paragraph 54 because they lack knowledge or information sufficient to admit or deny those allegations.

55. Defendants deny the allegations in Paragraph 55 because they lack knowledge or information sufficient to admit or deny those allegations.

56. Defendants deny the allegations in Paragraph 56 because they lack knowledge or information sufficient to admit or deny those allegations.

57. Defendants deny the allegations in Paragraph 57 because they lack knowledge or information sufficient to admit or deny those allegations.

58. Defendants deny the allegations in Paragraph 58 because they lack knowledge or information sufficient to admit or deny those allegations.

59. Defendants deny the allegations in Paragraph 59 because they lack knowledge or information sufficient to admit or deny those allegations.

60. Defendants deny the allegations in Paragraph 60 because they lack knowledge or information sufficient to admit or deny those allegations.

61. Defendants deny the allegations in Paragraph 61 because they lack knowledge or information sufficient to admit or deny those allegations.

62. Defendants deny the allegations in Paragraph 62 because they lack knowledge or information sufficient to admit or deny those allegations. Defendants further refer to the statements and governmental actions referenced in Paragraph 62 for a complete and accurate reflection of their contents.

63. Defendants deny the allegations in Paragraph 63 because they lack knowledge or information sufficient to admit or deny those allegations.

64.     Defendants deny the allegations in Paragraph 64 because they lack knowledge or information sufficient to admit or deny those allegations.

65.     Defendants deny the allegations in Paragraph 65 because they lack knowledge or information sufficient to admit or deny those allegations.

66.     Defendants deny the allegations in Paragraph 66 because they lack knowledge or information sufficient to admit or deny those allegations, except Defendants refer to the documents and statements referenced in Paragraph 66 for a complete and accurate reflection of their contents.

67.     Defendants deny the allegations in Paragraph 67 because they lack knowledge or information sufficient to admit or deny those allegations, except Defendants refer to the documents and statements referenced in Paragraph 67 for a complete and accurate reflection of their contents.

68.     Defendants deny the allegations in Paragraph 68 because they lack knowledge or information sufficient to admit or deny those allegations.

69.     Defendants deny the allegations in Paragraph 69 because they lack knowledge or information sufficient to admit or deny those allegations.

70.     Defendants deny the allegations in Paragraph 70 because they lack knowledge or information sufficient to admit or deny those allegations.

71.     Defendants deny the allegations in Paragraph 71 because they lack knowledge or information sufficient to admit or deny those allegations.

72.     Defendants deny the allegations in Paragraph 72 because they lack knowledge or information sufficient to admit or deny those allegations.

73.     Defendants deny the allegations in Paragraph 73, except Defendants admit that in 2017 the Company planned to submit a renewed application to the HLC regarding the Transaction.

74.     Defendants state that the allegations in Paragraph 74 do not accurately or completely describe conversations and communications between Bachus and Solinski, and the allegations in Paragraph 74 purporting to describe those conversations and communications are denied on that basis.  Defendants further deny the allegations regarding Solinski's role with and knowledge of the HLC's review of the Purdue-Kaplan Transaction because they lack knowledge or information sufficient to admit or deny those allegations.  Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75 because they lack knowledge or information sufficient to admit or deny those allegations.

76.     Defendants deny the allegations in Paragraph 76 because they lack knowledge or information sufficient to admit or deny those allegations.

77.     Defendants deny the allegations in Paragraph 77 because they lack knowledge or information sufficient to admit or deny those allegations.

78.     Defendants state that the allegations in Paragraph 78 do not accurately or completely describe conversations between Bachus and Solinski, and the allegations in Paragraph 78 purporting to describe those conversations are denied on that basis.  Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants refer to the documents and statements referenced in Paragraph 79 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 79 that are inconsistent therewith.

80.     Defendants refer to the documents GCE and GCU provided to the HLC and DOE for a complete and accurate reflection of their contents, and Defendants deny any allegation in Paragraph 80 that is inconsistent therewith.

81.     Defendants deny the allegations in Paragraph 81 regarding "Solinski's experience" because they lack knowledge or information sufficient to admit or deny those allegations. Defendants also deny the remainder of the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82 because they lack knowledge or information sufficient to admit or deny those allegations.

83.     Defendants deny the allegations in Paragraph 83 because they lack knowledge or information sufficient to admit or deny those allegations, except Defendants admit Mueller was appointed Chairman of the GCE Board of Directors in January 2017.  Defendants further refer to the terms of the Transaction and the application GCU made to the HLC in 2015-2016 to convert GCU into a nonprofit entity for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 83 that are inconsistent therewith.

84.     Defendants deny the allegations in Paragraph 84 because they lack knowledge or information sufficient to admit or deny those allegations.

85.     Defendants refer to the HLC policies referenced in Paragraph 85 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 85 that are inconsistent therewith.

86.     Defendants deny the allegations in Paragraph 86, except Defendants admit GCU voluntarily filed a request for pre-acquisition review with the DOE on or around January 18, 2018. Defendants refer to the DOE guidelines and the HLC policies referenced in Paragraph 86 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 86 that are inconsistent therewith.

87.     Defendants deny the allegations in Paragraph 87 because they lack knowledge or information sufficient to admit or deny those allegations, except Defendants refer to the memorandum referenced in Paragraph 87 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 87 that are inconsistent therewith.

88.     Defendants deny the allegations in Paragraph 88, except Defendants admit DOE did not issue a decision on GCU's voluntary request for pre-acquisition review before the HLC's February 22, 2018 meeting.

89.     Defendants deny the allegations in Paragraph 89 regarding what Gellman-Danley or Rucker allegedly told Solinski because Defendants lack knowledge or information sufficient to admit or deny those allegations.  Defendants deny the remaining allegations in Paragraph 89, except Defendants admit the HLC approved the Transaction during its February 22, 2018 meeting and the DOE did not issue a decision on GCU's voluntary request for pre-acquisition review before the HLC's February 22, 2018 meeting.

90.     Defendants deny the allegations in Paragraph 90 because they lack knowledge or information sufficient to admit or deny those allegations.  Defendants further refer to the documents referenced in Paragraph 90 for a complete and accurate reflection of their contents.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in the first sentence of Paragraph 92.  Defendants deny the remaining allegations in Paragraph 92 because they do not have access to the voicemail message purportedly quoted in Paragraph 92 and, as such, Defendants lack knowledge or information sufficient to admit or deny those allegations.

93.    Defendants deny the allegations in the first sentence of Paragraph 93.  Defendants deny the allegations in the second sentence of Paragraph 93 because they lack knowledge or information sufficient to admit or deny those allegations.

94.    Defendants deny the allegations in Paragraph 94, except Defendants admit HLC approved the Transaction during its February 22, 2018 meeting and the DOE did not issue a decision on GCU's voluntary request for pre-acquisition review before the HLC's February 22, 2018 meeting.

95.    Defendants deny the allegations in Paragraph 95.

96.    Defendants refer to the documents and statements referenced in Paragraph 96 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 96 that are inconsistent therewith.

97.    Defendants deny the allegations in the first sentence of Paragraph 97 because they lack knowledge or information sufficient to admit or deny those allegations.  Defendants deny the remaining allegations in Paragraph 97, except Defendants refer to the documents and statements referenced in Paragraph 97 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 97 that are inconsistent therewith.

98.    Defendants deny the allegations in Paragraph 98 because they lack knowledge or information sufficient to admit or deny those allegations.

99.    Defendants deny the allegations in Paragraph 99 because they lack knowledge or information sufficient to admit or deny those allegations, except Defendants refer to the terms of the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 99 that are inconsistent therewith.

100.    Defendants refer to the documents and statements referenced in Paragraph 100 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 100 that are inconsistent therewith.

101.    Defendants refer to the documents and statements referenced in Paragraph 101 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 101 that are inconsistent therewith.

102.    Defendants deny the allegations in Paragraph 102 because they lack knowledge or information sufficient to admit or deny those allegations.

103.    Defendants refer to the documents and statements referenced in Paragraph 103 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 103 that are inconsistent therewith.

104.    Defendants refer to the documents and statements referenced in Paragraph 104 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 104 that are inconsistent therewith.

105.    Defendants refer to the documents and statements referenced in Paragraph 105 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 105 that are inconsistent therewith.

106.    Defendants deny the allegations in the first sentence of Paragraph 106.  Defendants state that the remaining allegations in Paragraph 106 do not accurately or completely describe conversations and communications between Bachus and Solinski, and the allegations in Paragraph 106 purporting to describe those conversations and communications are denied on that basis.

107. Defendants deny the allegations in Paragraph 107, except Defendants admit that on or around January 18, 2018, GCU voluntarily filed a request for pre-acquisition review with the DOE, following the closing of the Transaction, GCU participated in federal student loan programs under Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070, *et seq.* ("Title IV") on a provisional, month-to-month basis during the DOE's review of the Transaction, and, following the closing of the Transaction, GCU publicly described itself as a non-profit.

108. Defendants refer to the HLC's and DOE's guidelines, policies, and regulations pertaining to the review of the Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 108 that are inconsistent therewith.

109. Defendants refer to the HLC's and DOE's policies, guidelines, and regulations for change in control transactions as well as the IRS's policies, guidelines, and regulations for approval of tax-exempt status for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 109 that are inconsistent therewith. Defendants deny the allegations in the second sentence of Paragraph 109 because they lack knowledge or information sufficient to admit or deny those allegations.

110. Defendants refer to the documents and statements referenced in Paragraph 110 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 110 that are inconsistent therewith.

111. Defendants deny the allegations in Paragraph 111 because they lack knowledge or information sufficient to admit or deny those allegations.

112. Defendants deny the allegations in Paragraph 112, except Defendants refer to the documents and statements referenced in Paragraph 112 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 112 that are inconsistent therewith.

113. Defendants refer to the documents and statements referenced in Paragraph 113 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 113 that are inconsistent therewith.

114. Defendants deny the allegations in Paragraph 114 because they lack knowledge or information sufficient to admit or deny those allegations.

115. Defendants deny the allegations in Paragraph 115 because they lack knowledge or information sufficient to admit or deny those allegations.

116. Defendants deny the allegations in Paragraph 116 because they lack knowledge or information sufficient to admit or deny those allegations.

117. Defendants deny the allegations in Paragraph 117 because they lack knowledge or information sufficient to admit or deny those allegations.

118. Defendants state that the allegations in Paragraph 118 do not accurately or completely describe a purported conversation between Defendants and Michael Frola ("Frola"), and those allegations are denied on that basis. Defendants deny the remaining allegations in Paragraph 118 and Defendants deny the allegations in Paragraph 118 regarding Frola's position at the DOE because Defendants lack knowledge or information sufficient to admit or deny those allegations.

119. Defendants deny the allegations in Paragraph 119, except Defendants admit that GCU received a request for information from the DOE dated May 17, 2018.

120.    Defendants refer to the DOE's request for information referenced in Paragraph 120 for a complete and accurate reflection of its contents and Defendants deny any allegation in Paragraph 120 that is inconsistent therewith.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123, except Defendants refer to the documents and statements referenced in Paragraph 123 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 123 that are inconsistent therewith.

124.    Defendants deny the allegations in the first sentence of Paragraph 124.  Defendants deny the remaining allegations in Paragraph 124 because they lack knowledge or information sufficient to admit or deny those allegations.

125.    Defendants deny the allegations in the first two sentences of Paragraph 125, except Defendants admit that GCU received a request for information from the DOE dated May 17, 2018, and the Transaction closed on July 1, 2018, before the DOE issued a decision on GCU's voluntary request for pre-acquisition review.  Defendants deny the allegations in the third sentence of Paragraph 125 because they lack knowledge or information sufficient to admit or deny those allegations.

126.    Defendants deny the allegations in Paragraph 126 because they lack knowledge or information sufficient to admit or deny those allegations.

127.    Defendants deny the allegations in Paragraph 127 because they lack knowledge or information sufficient to admit or deny those allegations.

128.    Defendants deny the allegations in Paragraph 128 because they lack knowledge or information sufficient to admit or deny those allegations.

129.    Defendants deny the allegations in Paragraph 129, except Defendants refer to the documents and statements referenced in Paragraph 129 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 129 that are inconsistent therewith.

130.    Defendants deny the allegations in Paragraph 130, except Defendants admit the Transaction closed on July 1, 2018.  Defendants further refer to GCE's stock price and the documents and statements referenced in Paragraph 130 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 130 that are inconsistent therewith.

131.    Defendants refer to the documents and statements referenced in Paragraph 131 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 131 that are inconsistent therewith.

132.    Defendants refer to the documents and statements referenced in Paragraph 132 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 132 that are inconsistent therewith.

133.    Defendants deny the allegations in Paragraph 133, except Defendants admit the Master Services Agreement between GCE and GCU (the "MSA") was filed as an exhibit to GCE's Form 10-K for 2018.  Defendants further refer to the publicly filed copy of MSA for a complete and accurate reflection of its contents and Defendants deny any allegation in Paragraph 133 that is inconsistent therewith.

134.   Defendants deny the allegations in Paragraph 134, except Defendants refer to the documents and statements referenced in Paragraph 134 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 134 that are inconsistent therewith.

135.   Defendants deny the allegations in Paragraph 135, except Defendants refer to the documents and statements referenced in Paragraph 135 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 135 that are inconsistent therewith.

136.   Defendants deny the allegations in Paragraph 136.

137.   Defendants deny the allegations in Paragraph 137, except Defendants refer to the documents and statements referenced in Paragraph 137 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 137 that are inconsistent therewith.

138.   Defendants refer to the documents and statements referenced in Paragraph 138 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 138 that are inconsistent therewith.

139.   Defendants deny the allegations in Paragraph 139 because they lack knowledge or information sufficient to admit or deny those allegations.

140.   Defendants deny the allegations in Paragraph 140, except Defendants admit that GCU received requests for information from the DOE dated May 17, 2018, July 3, 2018, and September 10, 2018, and GCU provided documents and information to the DOE in response to those requests.  Defendants refer to those documents for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 140 that are inconsistent therewith.

141.    Defendants deny the allegations in Paragraph 141 regarding "public and political pressures" because they lack knowledge or information sufficient to admit or deny those allegations.  Defendants also deny the remaining allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142 because they lack knowledge or information sufficient to admit or deny those allegations.

143.    Defendants deny the allegations in the first sentence of Paragraph 143.  Defendants deny the remaining allegations in Paragraph 143 because they lack knowledge or information sufficient to admit or deny those allegations.

144.    Defendants deny the allegations in Paragraph 144 because they lack knowledge or information sufficient to admit or deny those allegations.

145.    Defendants deny the allegations in Paragraph 145, except Defendants admit the IRS approved Gazelle University, the nonprofit entity that acquired GCU in the Transaction, as a tax-exempt (*i.e.*, non-profit) entity in 2015 and the IRS re-affirmed Gazelle University's tax-exempt (*i.e.*, non-profit) status in 2018.

146.    Defendants deny the allegations in Paragraph 146 because they lack knowledge or information sufficient to admit or deny those allegations.

147.    Defendants deny the allegations in Paragraph 147 because they lack knowledge or information sufficient to admit or deny those allegations.

148.    Defendants deny the allegations in Paragraph 148 because they lack knowledge or information sufficient to admit or deny those allegations.

149.    Defendants deny the allegations in Paragraph 149 because they lack knowledge or information sufficient to admit or deny those allegations.

150. Defendants deny the allegations in Paragraph 150 because they lack knowledge or information sufficient to admit or deny those allegations.

151. Defendants deny the allegations in Paragraph 151 because they lack knowledge or information sufficient to admit or deny those allegations.

152. Defendants deny the allegations in Paragraph 152 because they lack knowledge or information sufficient to admit or deny those allegations.

153. Defendants deny the allegations in the first two sentences of Paragraph 153, and Defendants further deny the remaining allegations in Paragraph 153 because they lack knowledge or information sufficient to admit or deny those allegations.

154. Defendants deny the allegations in the first sentence of Paragraph 154. Defendants refer to the documents and statements referenced in the third sentence of Paragraph 154 for a complete and accurate reflection of their contents, and Defendants deny any allegations in Paragraph 154 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 154 because they lack knowledge or information sufficient to admit or deny those allegations.

155. Defendants deny the allegations in Paragraph 155 because they lack knowledge or information sufficient to admit or deny those allegations.

156. Defendants deny the allegations in Paragraph 156 because they lack knowledge or information sufficient to admit or deny those allegations.

157. Defendants deny the allegations in Paragraph 157, except Defendants admit that certain GCU marketing materials after the Transaction used the phrase "Private. Christian. Affordable. Nonprofit."

158.    Defendants refer to the article and statements referenced in Paragraph 158 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 158 that are inconsistent therewith.

159.    Defendants deny the allegations in Paragraph 159 because they lack knowledge or information sufficient to admit or deny those allegations.

160.    Defendants deny the allegations in Paragraph 160 because they lack knowledge or information sufficient to admit or deny those allegations.

161.    Defendants deny the allegations in Paragraph 161 because they lack knowledge or information sufficient to admit or deny those allegations.

162.    Defendants deny the allegations in the first sentence of Paragraph 162.  Defendants deny the allegations in the second sentence of Paragraph 162 because they lack knowledge or information sufficient to admit or deny those allegations.

163.    Defendants deny the allegations in Paragraph 163, except Defendants refer to the documents and statements referenced in Paragraph 163 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 163 that are inconsistent therewith.

164.    Defendants deny the allegations in Paragraph 164, except Defendants refer to the documents and statements referenced in Paragraph 164 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 164 that are inconsistent therewith.

165.    Defendants deny the allegations in the first clause of the first sentence and the final sentence of Paragraph 165, except Defendants refer to the documents and statements referenced in Paragraph 165 for a complete and accurate reflection of their contents and Defendants deny any

allegations in Paragraph 165 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 165 because they lack knowledge or information sufficient to admit or deny those allegations.

166. Defendants deny the allegations in Paragraph 166 regarding "market expectations" for or the "market's faith" in GCE because they lack knowledge or information sufficient to admit or deny those allegations. Defendants also deny the remaining allegations in Paragraph 166, except Defendants refer to GCE's publicly reported financial results for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 166 that are inconsistent therewith.

167. Defendants deny the allegations in Paragraph 167, except Defendants refer to GCE's publicly reported financial results for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 167 that are inconsistent therewith.

168. Defendants deny the allegations in Paragraph 168 because they lack knowledge or information sufficient to admit or deny those allegations.

169. Defendants deny the allegations in Paragraph 169 because they lack knowledge or information sufficient to admit or deny those allegations.

170. Defendants refer to the documents and statements referenced in Paragraph 170 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 170 that are inconsistent therewith.

171. Defendants deny the allegations in Paragraph 171 because they lack knowledge or information sufficient to admit or deny those allegations.

172. Defendants deny the allegations in Paragraph 172.

173.    Defendants deny the allegations in Paragraph 173, except Defendants admit GCU received requests for information from the DOE regarding the Transaction, GCU provided the documents referenced in Paragraph 173 to the DOE during the DOE's review of the Transaction, and the DOE approved the Transaction but determined GCU would continue to be treated as a for-profit institution under Title IV after the Transaction.  Defendants further refer to the documents and statements referenced in Paragraph 173 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 173 inconsistent therewith.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175, except Defendants admit GCE did not publicly disclose the reports prepared by Barclays and Deloitte referenced in Paragraph 175 and Defendants admit the MSA was publicly filed in redacted form as an exhibit to GCE's Form 10-K for 2018.  Defendants further state that they refer to the documents referenced in Paragraph 175 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 175 that are inconsistent therewith.

176.    Defendants deny the allegations in Paragraph 176, except Defendants refer to the documents and statements referenced in Paragraph 176 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 176 that are inconsistent therewith.

177.    Defendants deny the allegations in Paragraph 177, except Defendants refer to the documents and statements referenced in Paragraph 177 for a complete and accurate reflection of their contents.

178.    Defendants deny the allegations in the first sentence of Paragraph 178, except Defendants admit certain GCE employees who held roles at GCU before the Transaction remained employed by GCE and continued to provide services to GCU pursuant to the MSA after the Transaction.

179.    Defendants deny the allegations in Paragraph 179, except Defendants refer to the documents and statements referenced in Paragraph 179 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 179 that are inconsistent therewith.

180.    Defendants deny the allegations in Paragraph 180 because they lack knowledge or information sufficient to admit or deny those allegations.

181.    Defendants deny the allegations in the first sentence of Paragraph 181.  Defendants also deny the remaining allegations in Paragraph 181 because they lack knowledge or information sufficient to admit or deny those allegations.

182.    Defendants deny the allegations in Paragraph 182, except Defendants admit the DOE approved the Transaction but determined GCU would continue to be treated as a for-profit institution under Title IV after the Transaction.  Defendants further refer to the documents and statements referenced in Paragraph 182 as well as the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 182 that are inconsistent therewith.

183.    Defendants deny the allegations in the first sentence of Paragraph 183, except Defendants refer to the documents and statements referenced in Paragraph 183 as well as the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of

their contents and Defendants deny any allegations in Paragraph 183 that are inconsistent therewith.

184.   Defendants refer to the terms of the Purdue-Kaplan Transaction referenced in Paragraph 184 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 184 that are inconsistent therewith.

185.   Defendants refer to the documents and statements referenced in Paragraph 185 as well as the terms of the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 185 that are inconsistent therewith.

186.   Defendants deny the allegations in Paragraph 186.

187.   Defendants deny the allegations in Paragraph 187, except Defendants refer to the documents and statements referenced in Paragraph 187 as well as the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 187 that are inconsistent therewith.

188.   Defendants deny the allegations in Paragraph 188, except Defendants refer to the documents and statements referenced in Paragraph 188 as well as the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 188 that are inconsistent therewith.

189.   Defendants deny the allegations in Paragraph 189, except Defendants refer to the documents and statements referenced in Paragraph 189 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 189 that are inconsistent therewith.

190.     Defendants deny the allegations in Paragraph 190, except Defendants refer to the documents and statements referenced in Paragraph 190 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 190 that are inconsistent therewith.

191.     Defendants deny the allegations in Paragraph 191, except Defendants refer to the documents and statements referenced in Paragraph 191 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 191 that are inconsistent therewith.

192.     Defendants deny the allegations in Paragraph 192.

193.     Defendants deny the allegations in Paragraph 193, except Defendants refer to the documents and statements referenced in Paragraph 193 as well as the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 193 that are inconsistent therewith.

194.     Defendants deny the allegations in Paragraph 194, except Defendants refer to the documents and statements referenced in Paragraph 194 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 194 that are inconsistent therewith.

195.     Defendants deny the allegations in Paragraph 195, except Defendants refer to the documents and statements referenced in Paragraph 195 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 195 that are inconsistent therewith.

196.    Defendants deny the allegations in Paragraph 196, except Defendants refer to the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 196 that are inconsistent therewith.

197.    Defendants deny the allegations in Paragraph 197, except Defendants refer to the documents and statements referenced in Paragraph 197 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 197 that are inconsistent therewith.

198.    Defendants deny the allegations in Paragraph 198.

199.    Defendants deny the allegations in Paragraph 199, except Defendants refer to the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 199 that are inconsistent therewith.

200.    Defendants state that the allegations in Paragraph 200 do not accurately or completely describe conversations and communications between Bachus and Solinski, and the allegations in Paragraph 200 purporting to describe those conversations and communications are denied on that basis.  Defendants deny the remaining allegations in Paragraph 200, except Defendants refer to the documents and statements referenced in Paragraph 200 as well as the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 200 that are inconsistent therewith.

201.     Defendants refer to the documents and statements referenced in Paragraph 201 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 201 that are inconsistent therewith.

202.     Defendants deny the allegations in Paragraph 202, except Defendants admit the Deloitte report referenced in Paragraph 202 was provided to the DOE.  Defendants further refer to the documents and statements referenced in Paragraph 202 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 202 that are inconsistent therewith.

203.     Defendants deny the allegations in Paragraph 203, except Defendants refer to the documents and statements referenced in Paragraph 203 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 203 that are inconsistent therewith.

204.     Defendants deny the allegations in Paragraph 204, except Defendants refer to the documents and statements referenced in Paragraph 204 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 204 that are inconsistent therewith.

205.     Defendants deny the allegations in Paragraph 205.

206.     Defendants deny the allegations in Paragraph 206.

207.     Defendants deny the allegations in the first sentence of Paragraph 207.  Defendants deny the remaining allegations in Paragraph 207 because they lack knowledge or information sufficient to admit or deny those allegations.

208.    Defendants deny the allegations in the first sentence of Paragraph 208. Defendants deny the remaining allegations in Paragraph 208 because they lack knowledge or information sufficient to admit or deny those allegations.

209.    Defendants deny the allegations in Paragraph 209 because they lack knowledge or information sufficient to admit or deny those allegations.

210.    Defendants deny the allegations in Paragraph 210 because they lack knowledge or information sufficient to admit or deny those allegations.

211.    Defendants deny the allegations in Paragraph 211 because they lack knowledge or information sufficient to admit or deny those allegations.

212.    Defendants deny the allegations in Paragraph 212 because they lack knowledge or information sufficient to admit or deny those allegations.

213.    Defendants deny the allegations in Paragraph 213, except Defendants refer to GCE's publicly reported financial results for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 213 that are inconsistent therewith.

214.    Defendants deny the allegations in Paragraph 214, except Defendants refer to GCE's publicly reported financial results for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 214 that are inconsistent therewith.

215.    Defendants refer to ASC 810 for its a complete and accurate reflection of contents and Defendants deny any allegations in Paragraph 215 that are inconsistent therewith.

216.    Defendants refer to ASC 810 for its a complete and accurate reflection of contents and Defendants deny any allegations in the first sentence of Paragraph 216 that are inconsistent therewith. Defendants deny the remaining allegations in Paragraph 216 because they lack knowledge or information sufficient to admit or deny those allegations.

217.    Defendants refer to ASC 810 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 217 that are inconsistent therewith.

218.    Defendants refer to GCE's publicly reported financial results for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 218 that are inconsistent therewith.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants deny the allegations in Paragraph 220, except Defendants refer to the documents and statements referenced in Paragraph 220 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 220 that are inconsistent therewith.

221.    Defendants refer to ASC 810 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 221 that are inconsistent therewith.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants deny the allegations in Paragraph 223, except Defendants refer to ASC 810 and the documents and statements referenced in Paragraph 223 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 223 that are inconsistent therewith.

224.    Defendants deny the allegations in Paragraph 224.

225.    Defendants deny the allegations in Paragraph 225, except Defendants refer to ASC 810 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 225 that are inconsistent therewith.

226.   Defendants deny the allegations in Paragraph 226, except Defendants refer to the documents and statements referenced in Paragraph 226 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 226 that are inconsistent therewith.

227.   Defendants deny the allegations in Paragraph 227, except Defendants refer to ASC 810 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 227 that are inconsistent therewith.

228.   Defendants deny the allegations in Paragraph 228.

229.   Defendants deny the allegations in Paragraph 229, except Defendants refer to the documents and statements referenced in Paragraph 229 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 229 that are inconsistent therewith.

230.   Defendants deny the allegations in Paragraph 230, except Defendants refer to the documents and statements referenced in Paragraph 230 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 230 that are inconsistent therewith.

231.   Defendants deny the allegations in Paragraph 231.

232.   Defendants deny the allegations in Paragraph 232, except Defendants refer to ASC 850 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 232 that are inconsistent therewith.

233.    Defendants deny the allegations in Paragraph 233, except Defendants refer to the documents and statements referenced in Paragraph 233 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 233 that are inconsistent therewith.

234.    Defendants deny the allegations in Paragraph 234, except Defendants refer to ASC 850 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 234 that are inconsistent therewith.

235.    Defendants deny the allegations in Paragraph 235, except Defendants refer to the documents and statements referenced in Paragraph 235 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 235 that are inconsistent therewith.

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237, except Defendants refer to the documents and statements referenced in Paragraph 237 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 237 that are inconsistent therewith.

238.    Defendants deny the allegations in Paragraph 238, except Defendants refer to the documents and statements referenced in Paragraph 238 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 238 that are inconsistent therewith.

239. Defendants deny the allegations in Paragraph 239, except Defendants refer to GCE's stock price as well as the documents and statements referenced in Paragraph 239 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 239 that are inconsistent therewith.

240. Defendants deny the allegations in Paragraph 240 because they lack knowledge or information sufficient to admit or deny those allegations.

241. Defendants deny the allegations in Paragraph 241.

242. Defendants refer to the DOE regulation referenced in Paragraph 242 for a complete and accurate reflection of its contents and Defendants deny any allegations in Paragraph 242 that are inconsistent therewith.

243. Defendants deny the allegations in Paragraph 243, except Defendants refer to the documents and statements referenced in Paragraph 243 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 243 that are inconsistent therewith.

244. Defendants deny the allegations in Paragraph 244.

245. Defendants deny the allegations in Paragraph 245.

246. Defendants deny the allegations in Paragraph 246.

247. Defendants deny the allegations in Paragraph 247, except Defendants refer to the documents and statements referenced in Paragraph 247 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 247 that are inconsistent therewith.

248.    Defendants deny the allegations in Paragraph 248, except Defendants refer to the documents and statements referenced in Paragraph 248 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 248 that are inconsistent therewith.

249.    Defendants deny the allegations in Paragraph 249, except Defendants admit the DOE's letter decision approving the Transaction and determining GCU would be treated as a for-profit institution under Title IV after the Transaction was made publicly available on November 12, 2019.  Defendants further refer to the documents and statements referenced in Paragraph 249 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 249 that are inconsistent therewith.

250.    Defendants deny the allegations in Paragraph 250, except Defendants refer to the January 28, 2020 Citron report referenced in Paragraph 250 (the "Citron Report") for a complete and accurate reflection of its contents.

251.    Defendants deny the allegations in Paragraph 251, except Defendants refer to the Citron Report for a complete and accurate reflection of its contents.

252.    Defendants deny the allegations in Paragraph 252, except Defendants refer to the Citron Report for a complete and accurate reflection of its contents.

253.    Defendants deny the allegations in Paragraph 253, except Defendants refer to the Citron Report for a complete and accurate reflection of its contents.

254.    Defendants deny the allegations in Paragraph 254.

255.    Defendants deny the allegations in Paragraph 255.

256.    Defendants deny the allegations in Paragraph 256, except Defendants refer to GCE's stock price for a complete and accurate reflection of its contents.

257.    Defendants deny the allegations in Paragraph 257, except Defendants refer to the documents and statements referenced in Paragraph 257 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 257 that are inconsistent therewith.

258.    Defendants deny the allegations in Paragraph 258, except Defendants refer to the documents and statements referenced in Paragraph 258 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 258 that are inconsistent therewith.

259.    Defendants deny the allegations in Paragraph 259, except Defendants refer to the documents and statements referenced in Paragraph 259 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 259 that are inconsistent therewith.

260.    Defendants deny the allegations in Paragraph 260 because they lack knowledge or information sufficient to admit or deny those allegations.

261.    Defendants deny the allegations in Paragraph 261 because they lack knowledge or information sufficient to admit or deny those allegations.

262.    Defendants deny the allegations in Paragraph 262, except Defendants refer to the documents and statements referenced in Paragraph 262 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 262 that are inconsistent therewith.

263.    Defendants deny the allegations in Paragraph 263, except Defendants refer to the documents and statements referenced in Paragraph 263 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 263 that are inconsistent therewith.

264.    Defendants deny the allegations in Paragraph 264.

265.    Defendants deny the allegations in Paragraph 265.

266.    Defendants refer to the documents and statements referenced in Paragraph 266 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 266 that are inconsistent therewith.

267.    Defendants refer to the documents and statements referenced in Paragraph 267 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 267 that are inconsistent therewith.

268.    Defendants refer to the documents and statements referenced in Paragraph 268 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 268 that are inconsistent therewith.

269.    Defendants refer to the documents and statements referenced in Paragraph 269 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 269 that are inconsistent therewith.

270.    Defendants refer to the documents and statements referenced in Paragraph 270 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 270 that are inconsistent therewith.

271.    Defendants refer to the documents and statements referenced in Paragraph 271 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 271 that are inconsistent therewith.

272.    Defendants refer to the documents and statements referenced in Paragraph 272 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 272 that are inconsistent therewith.

273.    Defendants deny the allegations in Paragraph 273.

274.    Defendants deny the allegations in Paragraph 274.

275.    Defendants deny the allegations in Paragraph 275.

276.    Defendants deny the allegations in Paragraph 276.

277.    Defendants deny the allegations in Paragraph 277.

278.    Defendants deny the allegations in Paragraph 278.

279.    Defendants refer to the documents and statements referenced in Paragraph 279 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 279 that are inconsistent therewith.

280.    Defendants refer to the documents and statements referenced in Paragraph 280 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 280 that are inconsistent therewith.

281.    Defendants refer to the documents and statements referenced in Paragraph 281 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 281 that are inconsistent therewith.

282.    Defendants refer to the documents and statements referenced in Paragraph 282 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 282 that are inconsistent therewith.

283.    Defendants deny the allegations in Paragraph 283.

284.    Defendants deny the allegations in Paragraph 284.

285.    Defendants refer to the documents and statements referenced in Paragraph 285 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 285 that are inconsistent therewith.

286.    Defendants refer to the documents and statements referenced in Paragraph 286 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 286 that are inconsistent therewith.

287.    Defendants refer to the documents and statements referenced in Paragraph 287 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 287 that are inconsistent therewith.

288.    Defendants refer to the documents and statements referenced in Paragraph 288 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 288 that are inconsistent therewith.

289.    Defendants refer to the documents and statements referenced in Paragraph 289 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 289 that are inconsistent therewith.

290.    Defendants refer to the documents and statements referenced in Paragraph 290 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 290 that are inconsistent therewith.

291.    Defendants refer to the documents and statements referenced in Paragraph 291 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 291 that are inconsistent therewith.

292.    Defendants refer to the documents and statements referenced in Paragraph 292 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 292 that are inconsistent therewith.

293.    Defendants deny the allegations in Paragraph 293.

294.    Defendants deny the allegations in Paragraph 294.

295.    Defendants deny the allegations in Paragraph 295.

296.    Defendants deny the allegations in Paragraph 296.

297.    Defendants refer to the documents and statements referenced in Paragraph 297 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 297 that are inconsistent therewith.

298.    Defendants refer to the documents and statements referenced in Paragraph 298 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 298 that are inconsistent therewith.

299.    Defendants refer to the documents and statements referenced in Paragraph 299 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 299 that are inconsistent therewith.

300.    Defendants refer to the documents and statements referenced in Paragraph 300 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 300 that are inconsistent therewith.

301.    Defendants refer to the documents and statements referenced in Paragraph 301 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 301 that are inconsistent therewith.

302.    Defendants refer to the documents and statements referenced in Paragraph 302 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 302 that are inconsistent therewith.

303.    Defendants refer to the documents and statements referenced in Paragraph 303 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 303 that are inconsistent therewith.

304.    Defendants refer to the documents and statements referenced in Paragraph 304 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 304 that are inconsistent therewith.

305.    Defendants deny the allegations in Paragraph 305.

306.    Defendants deny the allegations in Paragraph 306.

307.    Defendants deny the allegations in Paragraph 307.

308.    Defendants deny the allegations in Paragraph 308.

309.    Defendants deny the allegations in Paragraph 309, except Defendants refer to the terms of the Transaction and the Purdue-Kaplan Transaction for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 309 that are inconsistent therewith.

310.    Defendants deny the allegations in Paragraph 310.

311.    Defendants refer to the documents and statements referenced in Paragraph 311 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 311 that are inconsistent therewith.

312.    Defendants refer to the documents and statements referenced in Paragraph 312 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 312 that are inconsistent therewith.

313.    Defendants refer to the documents and statements referenced in Paragraph 313 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 313 that are inconsistent therewith.

314.    Defendants refer to the documents and statements referenced in Paragraph 314 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 314 that are inconsistent therewith.

315.    Defendants refer to the documents and statements referenced in Paragraph 315 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 315 that are inconsistent therewith.

316.    Defendants deny the allegations in Paragraph 316.

317.    Defendants deny the allegations in Paragraph 317.

318.    Defendants deny the allegations in Paragraph 318.

319.    Defendants deny the allegations in Paragraph 319.

320.    Defendants deny the allegations in Paragraph 320.

321.    Defendants deny the allegations in Paragraph 321.

322.    Defendants deny the allegations in Paragraph 322, except Defendants refer to the documents and statements referenced in Paragraph 322 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 322 that are inconsistent therewith.

323.    Defendants deny the allegations in Paragraph 323, except Defendants refer to the documents and statements referenced in Paragraph 323 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 323 that are inconsistent therewith.

324.    Defendants deny the allegations in Paragraph 324, except Defendants refer to the documents and statements referenced in Paragraph 324 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 324 that are inconsistent therewith.

325.    Defendants deny the allegations in Paragraph 325.

326.    Defendants deny the allegations in Paragraph 326.

327.    Defendants state that the allegations in Paragraph 327 do not accurately or completely describe conversations and communications between Bachus and Solinski, and the allegations in Paragraph 327 purporting to describe those conversations and communications are denied on that basis.  Defendants also deny the remaining allegations in Paragraph 327.

328.    Defendants deny the allegations in Paragraph 328, except Defendants refer to the documents and statements referenced in Paragraph 328 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 328 that are inconsistent therewith.

329.    Defendants deny the allegations in Paragraph 329, except Defendants refer to the documents and statements referenced in Paragraph 329 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 329 that are inconsistent therewith.

330.    Defendants deny the allegations in Paragraph 330, except Defendants refer to the documents and statements referenced in Paragraph 330 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 330 that are inconsistent therewith.

331.    Defendants deny the allegations in Paragraph 331.

332.    Defendants deny the allegations in Paragraph 332, except Defendants refer to the documents and statements referenced in Paragraph 332 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 332 that are inconsistent therewith.

333.    Defendants state that the allegations in Paragraph 333 do not accurately or completely describe conversations and communications between Defendants and certain third parties, and the allegations in Paragraph 333 purporting to describe those conversations and communications are denied on that basis.  Defendants also deny the remaining allegations in Paragraph 333.

334.    Defendants state that the allegations in Paragraph 334 do not accurately or completely describe purported conversations and communications between Defendants and certain third parties, and the allegations in Paragraph 334 purporting to describe those conversations and communications are denied on that basis.  Defendants also deny the remaining allegations in Paragraph 334.

335.    Defendants deny the allegations in Paragraph 335, except Defendants refer to the documents and statements referenced in Paragraph 335 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 335 that are inconsistent therewith.

336.    Defendants deny the allegations in Paragraph 336, except Defendants refer to the documents and statements referenced in Paragraph 336 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 336 that are inconsistent therewith.

337.    Defendants deny the allegations in Paragraph 337, except Defendants refer to the documents and statements referenced in Paragraph 337 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 337 that are inconsistent therewith.

338.    The allegations in the second sentence of Paragraph 338 purport to describe Solinski's knowledge of certain alleged facts, and Defendants deny those allegations because they lack knowledge or information sufficient to admit or deny Solinski's knowledge of those alleged facts.  Defendants also deny the remaining allegations in Paragraph 338, except Defendants refer to the documents and statements referenced in Paragraph 338 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 338 that are inconsistent therewith.

339.    Defendants deny the allegations in Paragraph 339.

340.    Defendants deny the allegations in Paragraph 340, except Defendants admit that the Transaction closed on July 1, 2018, before the DOE issued a decision on GCU's voluntary request for pre-acquisition review.

341.    Defendants deny the allegations in Paragraph 341.

342.    Defendants deny the allegations in Paragraph 342, except Defendants refer to the documents and statements referenced in Paragraph 342 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 342 that are inconsistent therewith.

343.    Defendants deny the allegations in the second, third, fourth, and fifth sentences of Paragraph 343 because they lack knowledge or information sufficient to admit or deny those allegations.  Defendants also deny the remaining allegations in Paragraph 343.

344.    Defendants deny the allegations in the first sentence of Paragraph 344, except Defendants refer to the documents and statements referenced in Paragraph 344 for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 344 that are inconsistent therewith.

345.    Defendants deny the allegations in Paragraph 345.

346.    Defendants deny the allegations in Paragraph 346, except Defendants refer to the documents and statements referenced in Paragraph 346 for a complete and accurate reflection of their contents.

347.    Defendants deny the allegations in Paragraph 347, except Defendants refer to the documents and statements referenced in Paragraph 347 for a complete and accurate reflection of their contents.

348.    Defendants deny the allegations in Paragraph 348.

349.    Defendants deny the allegations in Paragraph 349.

350.    Defendants deny the allegations in Paragraph 350.

351.    Defendants deny the allegations in Paragraph 351, except Defendants refer to GCE's stock price and the S&P 500 Index price for a complete and accurate reflection of their contents and Defendants deny any allegations in Paragraph 351 that are inconsistent therewith.

352.    Defendants deny the allegations in Paragraph 352.

353.    Defendants state that the allegations in Paragraph 353 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 353.

354.    Defendants state that the allegations in Paragraph 354 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 354.

355.    Defendants state that the allegations in Paragraph 355 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 355.

356.    Defendants state that the allegations in Paragraph 356 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 356.

357.    Defendants state that the allegations in Paragraph 357 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 357.

358.    Defendants state that the allegations in Paragraph 358 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 358.

359.    Defendants state that the allegations in Paragraph 359 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 359.

360.    Defendants state that the allegations in Paragraph 360 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 360.

361.    Defendants state that the allegations in Paragraph 361 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 361.

362.    Defendants state that the allegations in Paragraph 362 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 362.

363.    Defendants state that the allegations in Paragraph 363 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 363.

## COUNT I

364.    In response to Paragraph 364, Defendants repeat, re-allege, and incorporate their responses to each and every allegation contained above as if fully set forth herein.

365.    Defendants deny the allegations in Paragraph 365.

366.    Defendants deny the allegations in Paragraph 366.

367.    Defendants deny the allegations in Paragraph 367.

368.    Defendants deny the allegations in Paragraph 368.

369.    Defendants deny the allegations in Paragraph 369.

370. Defendants deny the allegations in Paragraph 370.

371. Defendants deny the allegations in Paragraph 371.

372. Defendants deny the allegations in Paragraph 372.

## COUNT II

373. In response to Paragraph 373, Defendants repeat, re-allege, and incorporate their responses to each and every allegation contained above as if fully set forth herein.

374. Defendants state that the allegations in Paragraph 374 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 374.

375. Defendants state that the allegations in Paragraph 375 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 375.

376. Defendants state that the allegations in Paragraph 376 purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 376.

377. Defendants deny the allegations in Paragraph 377.

378. Defendants deny the allegations in Paragraph 378.

## PRAYER FOR RELIEF

Paragraphs A-D under the heading "Prayer for Relief" purport to state legal conclusions or legal arguments as to which no response is required. To the extent a response is required Defendants deny that Plaintiffs are entitled to the relief set forth therein.

## JURY TRIAL DEMAND

379. Defendants request a trial by jury on all issues so triable.

Defendants deny any allegations not specifically admitted above, and Defendants reserve their right to amend or supplement their Answer.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, without assuming any burden of proof or persuasion that would otherwise remain with Plaintiffs.

### FIRST DEFENSE

Plaintiffs' purported claims are barred in whole or in part because the SAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in whole or in part because Defendants acted in good faith and did not directly or indirectly control or induce any acts constituting a violation of the securities laws.

### THIRD DEFENSE

Plaintiffs' purported claims are barred in whole or in part because Defendants did not make any false or misleading statements of material fact and did not omit any material facts that were necessary in order to make the alleged statements not false or misleading.

### FOURTH DEFENSE

Plaintiffs' purported claims are barred in whole or in part because any alleged misrepresentations were not material as a matter of law.

### FIFTH DEFENSE

Plaintiffs' purported claims are barred in whole or in part because Plaintiffs and the purported class members did not actually, justifiably, reasonably, or otherwise rely on the alleged

misstatements or on any disclosures allegedly rendered materially false or misleading as a result of any alleged omission.

## SIXTH DEFENSE

Plaintiffs' purported claims are barred in whole or in part because Defendants did not act with the requisite scienter.

## SEVENTH DEFENSE

Plaintiffs' purported claims are barred in whole or in part because any loss allegedly incurred by Plaintiffs and the purported class members was not directly or proximately caused by the alleged misstatements and/or omissions alleged in the SAC or any other alleged violations of law.

## EIGHTH DEFENSE

Plaintiffs' purported claims are barred in whole or in part because the alleged damages, if any, are speculative and the determination and allocation of any alleged damages is impossible.

## NINTH DEFENSE

Plaintiffs' purported claims are barred in whole or in part to the extent the documents or statements at issue are subject to the Private Securities Litigation Reform Act Safe Harbor, 15 U.S.C. §§ 78u-5, *et seq.*, or bespeaks caution doctrines.

## TENTH DEFENSE

Plaintiffs' purported claims are barred in whole or in part because Defendants relied in good faith on professionals, experts, and other third parties.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred in whole or in part by the doctrines of assumption of the risk, estoppel, laches, waiver, ratification, and/or acquiescence.

Additional facts that are currently unknown to Defendants may be revealed through the course of discovery and further investigation that will support additional defenses. Defendants reserve the right to assert such defenses in the future.

**WHEREFORE**, having fully answered the allegations in the SAC, Defendants respectfully request that this Court grant the following relief:

1.      Deny all claims asserted by Plaintiffs against Defendants in the SAC; and

2.      Grant Defendants such other and further relief the Court may deem just and proper.

Respectfully submitted this 11th of April, 2023.

*/s/ Ronald N. Brown, III*
Ronald N. Brown, III (DE Bar No. 4831)
Peter H. Kyle (DE Bar No. 5918)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
ronald.brown@dlapiper.com
peter.kyle@dlapiper.com

John L. Latham (*pro hac vice*)
Cara M. Peterman (*pro hac vice*)
Timothy J. Fitzmaurice (*pro hac vice*)
Evan N. Glustrom (*pro hac vice*)
**ALSTON & BIRD**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
john.latham@alston.com
cara.peterman@alston.com
tim.fitzmaurice@alston.com
evan.glustrom@alston.com

*Counsel for Defendants*