## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 20-639-MN-CJB |

### CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, discovery in this matter is expected to include the production of documents and information that are commercially sensitive, proprietary, confidential, and/or constitute protected trade secrets;

WHEREAS, Lead Plaintiffs Fire and Police Pension Association of Colorado, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association Trust (collectively, "Lead Plaintiffs") and Defendants Grand Canyon Education, Inc. ("GCE"), Brian E. Mueller ("Mueller"), and Daniel E. Bachus ("Bachus") (collectively, "Defendants") have agreed to maintain the confidentiality of such material;

WHEREAS, the parties have a legitimate interest in maintaining the confidentiality of such information and in prohibiting the disclosure and/or use of such information outside of the context of this litigation;

WHEREAS, this Confidentiality Agreement and Protective Order (hereinafter "the Order") is intended to establish a procedure to maintain the confidentiality of such records and information;

WHEREAS, the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense; and

WHEREAS, factors the Court may consider in determining whether good cause exists include: (1) whether disclosure will violate privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the

information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public[1];

      **NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the parties through their counsel, that confidential information exchanged in discovery shall be disclosed only in the manner set forth in this Order:

## 1. <u>PURPOSE</u>

This Order governs the use and handling of documents and other information produced or otherwise supplied in this litigation by each defendant and each plaintiff and any other individual or entity, including non-parties.

## 2. <u>DEFINITIONS</u>

2.1 <u>Confidential</u>: A designation that can be applied to documents and information furnished by a Party or non-party in conjunction with this litigation which contain or are derived from non-public information, including, trade secrets or other confidential non-public research and analysis; non-public financially-sensitive information; non-public commercially-sensitive information; information implicating the privacy interests of a Party or third party; and other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and other applicable law.

2.2. <u>Counsel (Without Qualifier)</u>: Outside Counsel and In-House Counsel.

---

[1] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994).

2.3.     Declaration of Compliance: A Declaration of Compliance with this Order, and acknowledgement and agreement to be bound by it, in the form set forth in Exhibit A attached hereto.

2.4.     Designating Party: A Party or non-party who designates Discovery Material as "Confidential" (or its equivalent).

2.5.     Discovery Material: All documents or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, or tangible things), that is produced in this action, created for the purpose of disclosures or responses to discovery in this action, deposition testimony in this action, deposition exhibits in this action, or discovery responses in this action.

2.6.     Expert: A person who is not a current employee of a Party and has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action, including without limitation a professional jury or trial consultant retained in connection with this action, and including without limitation such expert's professional staff.

2.7.     In-House Counsel: Attorneys who are employees of a Party who are involved in the prosecution or defense of this litigation, and their paralegals, secretarial, and clerical assistants.

2.8.     Legend: The designation affixed to or appearing on Protected Materials (*i.e.*, "CONFIDENTIAL" or its equivalent).

2.9.     Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in connection with this action, together with the legal counsel and clerical or other support staff who are employed by such attorneys.

2.10.    Party: Any party to this action, including all of its officers, directors, and employees.

2.11.   <u>Producing Party</u>: A Party or non-party that produces Discovery Material in this action.

2.12.   <u>Protected Material</u>: Any Discovery Material that is designated as "Confidential," as well as all copies, excerpts, summaries or compilations thereof. The Party receiving Protected Material shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

2.13.   <u>Receiving Party</u>: A Party or non-party that receives Discovery Material from a Producing Party directly or indirectly through a disclosure or discovery in this action.

2.14.   <u>Vendors</u>: Persons or entities other than Outside Counsel that provide litigation support services (*e.g.*, deposition stenography; photocopying; videotaping; translating; preparing exhibits or demonstrations; data management, including organizing, storing, or retrieving data in any form or medium; etc.), together with their employees and subcontractors.

## 3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Discovery Material, but also any information copied or extracted from Discovery Material, as well as all copies, excerpts, summaries, or compilations thereof, including without limitation testimony or presentations and submissions by Parties or Counsel to the Court, as well as other settings.

## 4.   <u>DURATION</u>

All obligations and duties arising under this Order and under any Declaration of Compliance executed pursuant to this Order shall survive the termination of this action unless the Designating Party agrees otherwise in writing.

5. **DESIGNATING PROTECTED MATERIAL**

5.1. <u>Manner and Timing</u>. Except as otherwise provided in this Order, Discovery Material that qualifies for protection under this Order must be clearly designated as Protected Material before it is disclosed or produced. Designation as Protected Material requires the following:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), including image files and extracted text produced with electronically stored information, the Producing Party must affix the Legend (*i.e.*, "CONFIDENTIAL") on each page that contains Confidential information. In the case of Discovery Material that is produced in native form, the Producing Party shall designate the Discovery Material as Protected Material by (i) placing the word "CONFIDENTIAL" on a TIFF placeholder image bearing the production number of the document, (ii) including the word "CONFIDENTIAL" in the file name, or (iii) including the word "CONFIDENTIAL" in a metadata field of a database load file.

(b) For testimony given in deposition, all such testimony shall initially be treated as Protected Material for a period of thirty (30) days after receipt of the final transcript. Designation of such testimony or exhibits as Protected Material must be made either: (i) by statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice to counsel for the deponent and counsel of record in this action within thirty (30) days after receipt of the final transcript. Only those portions of the testimony that are designated as Protected Material by one of the means set forth in the preceding sentence shall remain covered by the provisions of this Order. Protected Material that is marked as an exhibit during a deposition shall be treated as Protected Material at all times.

(c)     For testimony given in other pretrial or trial proceedings before the Court, the Party or non-party desiring to protect any material that is Confidential shall be responsible for seeking sealing of such information in accordance with the Court's procedures.

(d)     For information produced in some form other than documentary evidence, the Producing Party must affix the Legend in a prominent place on the exterior of the item, or the container or containers in which the item is stored. If only portions of the item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions with the Legend, and shall otherwise notify the Receiving Party in writing of the portions of the item warranting protection.

5.2.    <u>Inadvertent Failure to Designate</u>. Subject to the provisions of section 9.2 below, any Discovery Material produced by a Party or non-party that should have been designated as Protected Material but is inadvertently produced without being designated as Protected Material may subsequently be designated as Protected Material. In the event a Producing Party inadvertently produces Discovery Material that should have been, but was not, designated confidential, the Producing Party may designate such Discovery Material confidential by notifying the receiving party in writing within thirty (30) days after discovering the inadvertent production, and re-producing the Discovery Material with the appropriate Legend for Protected Material. Upon receipt of the substituted Discovery Material, each Receiving Party must return or destroy all copies of the undesignated Discovery Material and confirm, in a letter or e-mail to Outside Counsel for the Producing Party, that it has done so.

## 6.    <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS.</u>

6.1.    If a Receiving Party reasonably believes in good faith that a Producing Party has inadvertently produced privileged documents, the Receiving Party will notify the Producing Party,

and the party claiming privilege if not the same as the Producing Party, of such inadvertent production within ten (10) business days of the Receiving Party's discovery of such production. Inadvertent production of Discovery Material by any Party or non-party, that a Party or non-party later claims should have been withheld on grounds of any applicable privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection in this case or in any other federal or state proceeding. A Party or non-party may request the return of Discovery Material ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production, within ten (10) business days of discovery of the inadvertent production.

6.2     The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

(a)     Once a Notice of Recall of an Inadvertently Produced Privileged Document is issued by the Producing Party, or the party claiming privilege if not the same as the Producing Party, the Producing Party, or the party claiming privilege if not the same as the Producing Party, shall provide to the Receiving Party the privilege log pertaining to the inadvertently produced documents, including the information required by Federal Rule of Civil Procedure 26(b)(5)(A), at the latest within ten (10) business days of the Notice of Recall.

(b)     Upon receipt of the Notice of Recall, the Receiving Party must promptly return, sequester and not review, or destroy the Inadvertently Produced Privileged Document and any copies it has; must not use or disclose the information for which privilege is claimed until the claim of privilege or protection is resolved, including any notes, writings, documents, or communications (or portions thereof) summarizing, reflecting, discussing, or otherwise disclosing the substance of

7

the information for which privilege is claimed; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may notify the Disclosing Party in writing whether it objects to the designation of the material as privileged or protected.

(c)     Within five (5) business days of the Notice of Recall, the Receiving Party must certify in writing that it has returned, sequestered and will not review, or destroyed the Inadvertently Produced Privileged Document and any copies it has; will not use not use or disclose the information for which privilege is claimed until the claim of privilege or protection is resolved, including any notes, writings, documents, or communications (or portions thereof) summarizing, reflecting, discussing, or otherwise disclosing the substance of the information for which privilege is claimed; and taken reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified.

(d)     Within ten (10) business days of receipt of the privilege log for a recalled document, the Receiving Party may request a meet and confer to discuss the appropriateness of the privilege claim.

6.3     If the Receiving Party requests a meet and confer to discuss the assertion of privilege, the Parties shall meet promptly, no later than five (5) business days after the Receiving Party's request for a meet and confer. If, after compliance with the foregoing steps (a) through (c) and after meeting and conferring with the Producing Party, the Receiving Party concludes that it disputes the validity of the claim of privilege, it shall promptly notify the Producing Party, and the party claiming privilege if not the same as the Producing Party, in writing. The Receiving Party may contact the Court regarding the dispute, including to request that the Court conduct an *in camera* review of the recalled document(s). The Parties will follow the Court's procedures in the Scheduling Order for resolution of discovery disputes, unless otherwise ordered by the Court.

6.4     Unless the Receiving Party's motion above is successful or the privilege claim is withdrawn, the Receiving Party may make no use of a recalled document or the privileged information contained in the recalled document, including any work product referring to the information contained in any recalled document. If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol and the Protective Order. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

## 7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1.    <u>Right to Challenge</u>. A Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens or significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

7.2.    <u>Protection Pending Challenge</u>. In the event a Receiving Party challenges any designation of information as Confidential, such information shall be deemed covered by this Order until the challenge is resolved pursuant to the terms of this Order.

7.3.    <u>Meet and Confer</u>. A Receiving Party that elects to initiate a challenge to a Designating Party's designation of information as Confidential under this Order must do so in

writing to the Designating Party. Following written notice to a Designating Party of a challenge, the Parties shall meet-and-confer within ten (10) business days to attempt an informal resolution of the dispute. If attempts at an informal resolution prove unsuccessful, the challenging Party may submit the issue to the Court, in accordance with section 7.4, below

7.4     <u>Judicial Resolution</u>.   If a Receiving Party has notified a Designating Party in writing that it has elected to initiate a challenge to a Designating Party's designation of information as Confidential under this Order, and the parties have failed to informally resolve the challenge, the Receiving Party shall raise the dispute with the Court in accordance with the Court's discovery dispute procedures. In any such dispute, the Designating Party shall have the burden to establish that the information has been appropriately designated as Confidential.

## 8.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1.     <u>Basic Principles</u>. Except as otherwise provided in this Order, a Receiving Party may only use Protected Material that is disclosed or produced by another Party or by a non-party in connection with, and as necessary to, the preparation and trial of this action, any related appellate proceedings, or efforts to mediate or settle this action, and not for any other purposes, including without limitation any other litigation or any business, competitive, or governmental purpose or function, except as required by statute or regulation. Protected Material may be disclosed only to those persons and under the conditions set forth in this Order. When this action has concluded, a Receiving Party must comply with the provisions of section 12 below.

8.2.     <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a)     The Court and its personnel, or any appellate court having jurisdiction of any appeal in this litigation, under seal or for *in camera* review as provided in section 6.3 above;

(b)     Court reporters and videographers, and their respective staffs, who record depositions or other testimony in this litigation;

(c)     Any mediator who is engaged to assist the Parties in settlement negotiations, provided that, before any disclosure is made, she/he must execute the Declaration of Compliance;

(d)     The Parties' In-House and Outside Counsel participating in the prosecution and defense of the litigation and their legal, clerical, or support staff, including temporary or contract staff;

(e)     The Parties to the litigation and the current and/or former directors, officers, employees, and designated agents of the Parties who are assisting counsel in the prosecution or defense of the litigation;

(f)     Contractors of the Parties, including third-party consultants and independent Experts, as well as employees of any such Expert or consultant, retained by the Parties to work on the litigation;

(g)     Any individual expressly identified in the particular Protected Material as having authored, received, or previously had access to the Protected Material;

(h)     Witnesses, noticed or subpoenaed deponents, and their counsel during the course of or, to the extent necessary, in preparation for depositions or testimony;

(i)     Vendors and contractors to whom it is necessary to disclose Protected Material for the purpose of assisting Counsel in this litigation;

(j)     Insurers of the parties and counsel to such insurers as necessary for the prosecution or defense of this lawsuit;

(k)      The author, addressee, or recipient of any Protected Material; and

(l)      Any other person upon the written agreement of the Designating Party that designated the Discovery Material as "Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to Court order.

8.3.      <u>Use by Designating Party</u>. Nothing in this Order affects or restricts the manner in which Protected Material is or may be used by the Designating Party. Such use shall not waive the protections of this Order and shall not entitle other Parties or non-parties to use or disclose such information in violation of this Order, except that if the Designating Party uses such materials in a manner that is inconsistent with its treatment as Protected Material (such as disseminating or filing the information publicly), then any Receiving Party wishing to challenge the continued treatment of the information as Protected Material in this action may do so pursuant to section 6, above.

8.4.      <u>Limitations on Use of Protected Material</u>. Nothing in this Order shall prevent the disclosure or use of Protected Material in a manner otherwise consistent with this Order where:

(a)      The Designating Party withdraws, in writing or on the record of this action, its designation that such information is Protected Material;

(b)      The Designating Party consents, in writing or on the record of this action, to a conditional disclosure or use of Protected Material that differs from the terms of this Order;

(c)      The Court orders Protected Material released from the restrictions of this Order; or

(d)      A Party legally obtains information that has been designated Protected Material from a source other than the Designating Party, and such information is obtained without limitations on its disclosure, such as a confidentiality agreement or other limitation, similar to those contained in this Order.

8.5.    <u>Use at Hearing or Trial</u>. Nothing herein shall restrict or limit the use of Protected Material at any hearing or trial. Prior to any hearing or trial at which the use of Protected Material is anticipated, the Parties shall meet and confer regarding the use of such Protected Material and present any such proposal to the Court. If the Parties cannot agree, the Parties shall promptly request the Court to rule on such procedures.

## 9.    **PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION**

9.1.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

9.2.    Specifically, in the event a Receiving Party is served with a subpoena or order issued in other litigation that would compel the production or disclosure of any Protected Material, the Receiving Party must notify the Designating Party, in writing (including by email, if possible) promptly. Such notification must include a copy of the subpoena or court order. To the extent a Receiving Party is subsequently informed by a subpoena's requesting party that its scope includes Protected Material—which scope was not reasonably clear on the face of the subpoena— such notification shall take place promptly thereafter. The Receiving Party also must promptly inform in writing (including by email, if possible) the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to such person. The Designating

Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Producing Party and, if different, the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material (and, if the Protected Material was filed with the Court by the Receiving Party, move the Court to have the Protected Material filed under seal); (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Declaration of Compliance.

**11.    FILING PROTECTED MATERIAL**

Any document that is filed with the Court that reveals or discloses any Protected Material, unless the Parties otherwise agree in writing or the Court otherwise orders, shall be filed under seal, in accordance with the procedures set forth in Local Rule 5.1.3, the Revised Administrative Procedures Governing Filing and Service by Electronic Means, and the procedures for Filing Sealed Civil Documents in CM/ECF, available on the Court's website.

**12.    FINAL DISPOSITION**

Unless otherwise ordered by the Court or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must take commercially reasonable efforts to either return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) the Protected Material that was returned, destroyed, or retained in compliance with federal recordkeeping requirements in a manner which ensures the confidentiality of the information, and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 4, above.

## 13.    <u>MISCELLANEOUS</u>

13.1.    <u>Additional Parties</u>. Any Party named, served and appearing in this action after the date this Order is entered shall be bound by its terms, effective once the Order has been served upon such Party, unless the Court orders otherwise on good cause shown. Any Party who causes another Party to be added to this action after the entry of this Order shall serve that new Party with a copy of this Order and any subsequent amendments to it at the time it serves its pleading and summons.

13.2.    <u>Further Amendment</u>. Except as otherwise provided in this Order, its terms may be amended only by written stipulation of the Parties or by order of the Court, on noticed motion, for good cause shown.

**IT IS SO STIPULATED.**

DATED:    May 15, 2023

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Gregory V. Varallo*
Gregory V. Varallo (Bar No. 2242)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3601
greg.varallo@blbglaw.com

Hannah G. Ross
Katherine M. Sinderson (*pro hac vice*)
Robert F. Kravetz (*pro hac vice*)
Michael M. Mathai (*pro hac vice*)
Benjamin W. Horowitz (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
katiem@blbglaw.com
robert.kravetz@blbglaw.com
michael.mathai@blbglaw.com
benjamin.horowitz@blbglaw.com

*Counsel for Lead Plaintiffs
and Lead Counsel for the Class*

**BARRACK, RODOS & BACINE**
Jeffrey W. Golan (*pro hac vice*)
Robert A. Hoffman
Chad A. Carder (*pro hac vice*)
Jordan R. Laporta
3300 Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
jgolan@barrack.com
rhoffman@barrack.com
ccarder@barrack.com
jlaporta@barrack.com

**DLA PIPER LLP (US)**

*/s/ Ronald N. Brown, III*
Ronald N. Brown, III (Bar No. 4831)
Peter H. Kyle (Bar No. 5918)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
ronald.brown@us.dlapiper.com
peter.kyle@us.dlapiper.com

*Counsel for Defendants*

**ALSTON & BIRD LLP**
John L. Latham (*pro hac vice*)
Cara M. Peterman (*pro hac vice*)
Timothy J. Fitzmaurice (*pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
john.latham@alston.com
cara.peterman@alston.com
tim.fitzmaurice@alston.com

*Counsel for Defendants*

*Counsel for Lead Plaintiffs
and Lead Counsel for the Class*

**VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.**
Aaron L. Castle (*pro hac vice*)
79 Alfred Street
Detroit, MI 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
acastle@vmtlaw.com

*Additional Counsel for Lead Plaintiffs
Oakland County Employees' Retirement
System and Oakland County Voluntary
Employees' Beneficiary Association Trust*

<u>**ORDER**</u>

Based on the foregoing stipulation of the Parties, and good cause having been shown

therefore,

**IT IS SO ORDERED.**

Dated: _____, 2023

                                      _____

                                      _____
Christopher J. Burke
United States Magistrate Judge