UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 20-639-MN-CJB |

## PLAINTIFFS' NOTICE OF NON-PARTY SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rules 34(c) and 45 of the Federal Rule of Civil Procedure, Lead Plaintiffs Fire and Police Pension Association of Colorado, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association Trust (collectively, "Lead Plaintiffs"), in the above-captioned action, by and through its undersigned attorneys, will cause the attached subpoena to be served on the following non-party for the production of documents that are in its possession, custody, or control, as described in the Subpoena and Schedule (served herewith) on or before the date, at the time, and at the location specified in the subpoena.

| **Non-Party** | **Service Address** |
|---|---|
| Custodian of Records Nixon Peabody LLP | 55 West 46th Street New York NY 10036 |

Dated: December 6, 2023　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**BERNSTEIN LITOWITZ**
　　　　　　　　　　　　　　　　　　　　　　**BERGER & GROSSMANN LLP**
　　　　　　　　　　　　　　　　　　　　　　*/s/ Gregory V. Varallo*
　　　　　　　　　　　　　　　　　　　　　　Gregory V. Varallo (Bar No. 2242)
　　　　　　　　　　　　　　　　　　　　　　500 Delaware Avenue, Suite 901
　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　　　Telephone: (302) 364-3601

　　　　　　　　　　　　　　　　　　　　　　and

<div style="margin-left: 40%;">

Katherine M. Sinderson (*pro hac vice*)
Robert Kravetz (*pro hac vice*)
Michael M. Mathai (*pro hac vice*)
Hannah G. Ross
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Lead Plaintiffs*
*and the* Lead *Counsel for the Class*

**BARRACK, RODOS & BACINE**
Jeffrey W. Golan (*pro hac vice*)
Robert A. Hoffman
Chad A. Carder (*pro hac vice*)
Jordan R. Laporta
3300 Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600

*Counsel for Lead Plaintiffs*
and *Lead Counsel for the Class*

**VANOVERBEKE, MICHAUD**
  **& TIMMONY, P.C.**
Aaron L. Castle (*pro hac vice*)
79 Alfred Street
Detroit, MI 48201
Telephone: (313) 578-1200

*Additional Counsel for Lead Plaintiffs Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Association Trust*

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2023, I caused the foregoing to be served by electronic means (pursuant to the recipients' advance written consent) upon counsel, at the following addresses:

| | |
|---|---|
| Peter H. Kyle<br>peter.kyle@dlapiper.com<br>Ronald N. Brown, III<br>ronald.brown@dlapiper.com<br>**DLA Piper LLP**<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801<br>Tel: 302-468-5700 | Cara M. Peterman<br>cara.peterman@alston.com<br>John L. Latham<br>john.latham@alston.com<br>Timothy J. Fitzmaurice<br>tim.fitzmaurice@alston.com<br>**Alston & Bird LLP**<br>One Atlantic Center<br>1201 West Peachtree Street, Suite 4900<br>Atlanta, GA 30309<br>Tel: 404-881-7700 |
| *Attorneys for the GCE and Individual Defendants* | |

<div style="text-align:right">

*/s/ Gregory V. Varallo*
Gregory V. Varallo
Greg.Varallo@blbglaw.com

</div>

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| In re Grand Canyon Education, Inc. Securities Litig. ) <br> *Plaintiff* ) <br> v. ) <br> ) <br> ) <br> *Defendant* ) | Civil Action No. 20-639-MN-CJB |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Custodian of Records, Nixon Peabody LLP
55 West 46th Street, New York NY 10036

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Bernstein Litowitz Berger & Grossmann LLP <br> 1251 Avenue of the Americas <br> New York, NY 10020 | Date and Time: <br> 01/05/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/06/2023

*CLERK OF COURT*

OR

_____    /s/ Gregory V. Varallo
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lead Plaintiffs, who issues or requests this subpoena, are:

Gregory V. Varallo, 500 Delaware Ave. (Suite 901), Wilmington, DE 19801, Greg.Varallo@blbglaw.com, 302-364-3601

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-639-MN-CJB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                                           _____
                                                               *Server's signature*

                                                               _____
                                                               *Printed name and title*

                                                               _____
                                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
### Nixon Peabody LLP

**I.  DEFINITIONS**

Unless otherwise stated, the terms set forth below are defined as follows:

1. "Nixon Peabody" refers to Nixon Peabody LLP, together with each subsidiary, joint venture or associate, division or affiliate, predecessor, successor, officer, director, employee, agent, attorney, or representative, any person or entity that acted or purported to act on behalf of any of the foregoing, and all other entities, directly or indirectly, owned, operated, or controlled by Nixon Peabody LLP.

2. "2014 Conversion Proposal" means the proposed restructuring explored by Defendants in 2014 whereby GCE would spin off its educational assets—New GCU—as a purportedly separate, non-profit institution, as referred to in the SAC at ¶¶ 40-41 and GCE's October 29, 2014 Press Release, accessible at: https://investors.gce.com/node/6806/pdf.

3. "2015 IRS Application" means the application for recognition of New GCU as a tax-exempt organization, dated October 8, 2015.

4. "2015-2016 Change of Control Application" means GCE's application, ultimately unsuccessful, in 2015-2016 to its regional accreditation body, HLC, for a Change of Control, Structure or Organization, as referred to in the SAC at ¶¶ 42-45 and GCE's Form 8-K filed with the SEC on January 5, 2018, accessible at https://investors.gce.com/static-files/5e563efe-36ff-43b1-91ac-c4e1103c2acb.

5. "2017 Change of Control Application" means GCE's renewed 2017 application to its regional accreditation body, HLC, for a Change of Control, Structure or Organization, as referred to in the SAC at ¶¶ 73-76 and GCE's Form 8-K filed with the SEC on January 5, 2018, accessible at https://investors.gce.com/static-files/5e563efe-36ff-43b1-91ac-c4e1103c2acb.

6. "2018 IRS Application" means the request that the IRS re-affirm New GCU's tax-exempt status, dated July 17, 2018. (accessible at https://investors.gce.com/sec-filings/sec-filing/8-k/0001193125-18-210688).

7. "Change of Control Application" means a Change of Control, Structure or Organization application to the HLC.

8. "Communication" means any exchange of information by any means of transmission, including all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, calendars, invitations, interviews, telephone conversations, voicemails, letters, notes, telegrams, facsimiles, electronic mail, memoranda, Documents, writings, text messages, instant messages, or other forms of communications, including both oral and written communications.

9. "Concerning" means constituting, reflecting, referring to, describing, evidencing, demonstrating, showing, involving, regarding, referencing, incorporating, effecting, or otherwise pertaining to or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of this Request.

10. "Defendants" refers collectively to GCE and the Individual Defendants.

11. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes Communications as well as "writings" and "recordings" (as defined by Rule 1001 of the Federal Rules of Evidence). Documents that are identical but are in the possession of more than one person or entity are separate Documents within the meaning of this term. A draft or non-identical copy or translation is a separate Document within the meaning of this term.

12. "DOE" means the United States Department of Education.

13. "DOE Change in Ownership Application" means the application to the DOE for "Review of the Change in Ownership and Conversion to Nonprofit Status of Grand Canyon University," referred to in the DOE Letter at page 1, including the associated application to the DOE for pre-acquisition review, dated January 18, 2018, as referred to in the SAC at ¶ 107.

14. "GCE" means Grand Canyon Education, Inc. and each of its officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives, agents, attorneys, accountants, advisors, assigns, and any other entities or individuals acting or purporting to act on their behalf or at their direction, in their capacities as such.

15. "HLC" means The Higher Learning Commission and each of its officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives, agents, attorneys, accountants, advisors, assigns, and any other entities or individuals acting or purporting to act on their behalf or at their direction, in their capacities as such.

16. "Identify." When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

17. "Include" or "including" means including without limitation.

18. "Individual Defendants" refers to Brian Mueller ("Mueller") and Daniel Bachus.

19. "IRS" means the United States Internal Revenue Service.

20. "New GCU" refers to the university formed through The Conversion and each of

its officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors (including Gazelle University and Grand Canyon University), successors, representatives, agents, attorneys, accountants, advisors, assigns, and any other entities or individuals acting or purporting to act on their behalf or at their direction, in their capacities as such.

21. "Person" means any natural person or any legal entity, including any business or governmental entity or association.

22. "Personnel" means any officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives, agents, attorneys, accountants, advisors, assigns, and any other entities or individuals acting or purporting to act on behalf or at the direction of the relevant company or governmental entity.

23. "Requests" means these Requests for Productions.

24. "SEC" means the United States Securities and Exchange Commission.

25. "The Conversion" refers to the transaction identified in the Form 8-K filed by GCE with the SEC on July 2, 2018 (accessible at https://investors.gce.com/sec-filings/sec-filing/8-k/0001193125-18-210688).

26. "You" or "Your" refers to Nixon Peabody LLP.

**II.    INSTRUCTIONS**

1. "All," "any," and "each" shall each be construed as encompassing any and all.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. Any term stated in the singular includes the plural and vice versa.

4. The use of any tense of any word includes all other tenses.

5. You are required to produce all non-privileged documents in your possession,

custody, or control, including information in the possession, custody, or control of any of your attorneys, directors, officers, agents, employees, representatives, associates, divisions, affiliates, partnerships, parents or subsidiaries, and persons under their control.

6. Each document requested shall be produced in its entirety, including, without limitation, attachments, enclosures, cover letters, memoranda, and appendices. If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

7. Each document is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

8. Unless otherwise stated in a specific Request, these Requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during the Relevant Time Period.

9. If you object to part of a Request, you must specifically state the basis of your objections in accordance with Rule 45, and produce all documents called for by the portion of the Request to which you do not object. In further accordance with Rule 45, each objection must state whether any responsive materials are being withheld on the basis of that objection.

10. If there are no documents responsive to any particular Request, the response shall state so in writing.

11. With respect to any category of documents, if the production of which you contend is in some way "burdensome" or "oppressive," please state the specific reason for that objection.

12. Each Request herein shall be construed independently. No Request shall be construed by reference to any other Request for the purpose of limiting the scope of the document

production responsive to such Request.

13. Pursuant to Rule 45(e)(1)(A), you shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated Requests of the demand.

14. These Requests shall be deemed continuing requests so as to require supplemental responses if you obtain or discover additional documents between the time of initial production and the time of the trial. Such supplemental documents must be produced promptly upon discovery. Plaintiffs specifically reserve the right to seek supplementary responses and the additional supplementary production of documents before trial.

15. A copy of the Protective Order entered in this Action is attached as Exhibit 2.

## III.    RELEVANT PERIOD

Unless otherwise stated, these Requests seek copies of all responsive Documents that were created or used during the time period from January 1, 2014 through July 31, 2020 inclusive (the "Relevant Period"), and include all Documents and information Concerning the Relevant Period, even though prepared, created, used, or published outside the Relevant Period. If a Document prepared before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well. If any Document is undated and the date of its preparation cannot be determined, the Document must be produced if otherwise responsive to this Request.

## IV.    REQUESTS FOR PRODUCTION

1. All Documents and Communications concerning GCE and/or New GCU, including any proposal to convert Grand Canyon University into a non-profit, the 2014 Conversion Proposal, any Change of Control Application, any IRS Application, The Conversion, or the DOE Change in Ownership Application.

- 7 -

2. All Documents and Communications concerning any actual or potential change in Grand Canyon University's ownership, control, structure, organization, or non-profit status, including in connection with any Change of Control Application or the DOE Change in Ownership Application.