# Exhibit 9

**PUBLIC VERSION Filed January 12, 2024**



3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

P: 215.963.0600
F: 215.963.0838

# Firm Biography

# Table of Contents

| | |
|---|---|
| Introduction | **1** |
| Acclaim for Barrack, Rodos & Bacine | **2** |
| Significant Cases – Securities Laws | **5** |
| Significant Cases – Derivative and Fiduciary Duty Cases | **7** |
| Significant Cases – Antitrust | **9** |
| Trial Experience | **10** |
| Shareholder Advocacy | **12** |
| Significant Recoveries in Securities Litigation | **15** |
| Significant Recoveries and Corporate Governance Achieved in Other Securities Litigation | **22** |
| Significant Recoveries in Antitrust Litigation | **26** |
| Significant Recoveries in Consumer Cases | **27** |
| Significant Legal Authority | **29** |
| Attorney Resumes | **32** |
| Professional Staff Resumes | **48** |
| Representative Client List | **50** |

FIRM BIOGRAPHY

# Introduction

Barrack, Rodos & Bacine is a nationally recognized law firm known for its prosecution of complex class action litigation, including securities class actions on behalf of institutional investors, derivative and breach of fiduciary duty actions by corporate shareholders, antitrust class actions on behalf of victims of price-fixing conspiracies and other federal and state law matters on behalf of consumers. Since 1976, the Firm has had significant leadership positions in complex litigation, having been appointed by courts as lead counsel in numerous class actions throughout the United States, including those brought pursuant to the provisions of the Private Securities Litigation Reform Act ("PSLRA").

# Acclaim for Barrack, Rodos & Bacine

### *Courts throughout the United States have praised the work done by the Firm on behalf of injured investors and victims of price-fixing.*

In *In re Apollo Group Inc. Securities Litigation,* Master File No. CV-04-2147 PHX-JAT (U.S. District Court for the District of Arizona), Barrack, Rodos & Bacine, as the sole lead counsel for the class, secured a jury verdict for the full amount per share requested.  Judge Teilborg commented that trial counsel *"brought to this courtroom just extraordinary talent and preparation.... The technical preparation, the preparation for your examination and cross-examination of witnesses has been evident in every single instance. The preparation for evidentiary objections and responses to those objections have been thorough and foresighted. The arguments that have been made in every instance have been well-prepared and well-presented throughout the case. \*\*\* Likewise, for the professionalism and the civility that you -- and the integrity that you have all demonstrated and exuded throughout the handling of this case, it has just, I think, been very, very refreshing and rewarding to see that. \*\*\* [W]hat I have seen has just been truly exemplary."*

BR&B ultimately secured payment of $145 million from the *Apollo* defendants – the largest post-verdict judgment and recovery achieved in a shareholder class action for violations of the federal securities laws since passage of the PSLRA. In approving the $145 million resolution on April 20, 2012 (*see* 2012 WL 1378677), Judge Teilborg noted BR&B's "*high degree of competence"* in litigating the case, and further stated: "[S]ince the enactment of the Private Securities Litigation Securities Reform Act ("PSLRA"), securities class actions rarely proceed to trial.  Because Plaintiffs faced the burden of proving multiple factors relating to securities fraud, there was great risk that this case would not result in a favorable verdict after trial.  Further, after the jury verdict, this Court granted judgment as a matter of law in favor of Defendants and Class Counsel pursued a risky and successful appeal to the Ninth Circuit Court of Appeals.  Thereafter, Class Counsel successfully opposed a petition for certiorari to the United States Supreme Court.  *Based on this procedural history and the seven years of diligence in representing the Class, Class Counsel achieved an exceptional result for the Class.  Such a result is unique in such securities cases and could not have been achieved without Class Counsel's willingness to pursue this risky case throughout trial and beyond.* … [A]s discussed above, *Plaintiffs' Lead Counsel achieved exceptional results for the Class and pursued the litigation despite great risk.*"

In *In re WorldCom, Inc. Securities Litigation*, No. 02 Civ. 3288 (DLC) (U.S. District Court for the Southern District of New York), Barrack, Rodos & Bacine was co-lead counsel for the Class and achieved settlements in excess of $6.19 billion.  After a partial settlement with one group of defendants for $2.575 billion, the Court stated that *"the settlement amount ... is*

*so large that it is of historic proportions."*  The Court found that *"Lead Counsel has performed its work at every juncture with integrity and competence.  It has worked as hard as a litigation of this importance demands, which for some of the attorneys, including the senior attorneys from Lead Counsel on whose shoulders the principal responsibility for this litigation rests, has meant an onerous work schedule for over two years."*  The Court further found that *"the quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation.  Lead Counsel has been energetic and creative.  Its skill has matched that of able and well-funded defense counsel.  It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes.  Its negotiations with the Citigroup Defendants have resulted in a settlement of historic proportions.  It has cooperated with other counsel in ways that redound to the benefit of the class and those investors who have opted out of the class.  The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance."*  The Court also found that *"In sum, the quality of representation that Lead Counsel has provided to the class has been superb".*

In approving final settlements totaling $3.5 billion with certain defendants, in an opinion and order dated September 20, 2005, the Court stated *"The impressive extent and superior quality of Lead Counsel's efforts as of May 2004 were described in detail in the Opinion approving the Citigroup Settlement. …  At the conclusion of this litigation, more than ever, it remains true that 'the quality of representation that Lead Counsel has provided to the class has been superb.' … At trial against Andersen, the quality of Lead Counsel's representation remained first-rate. ... The size of the recovery achieved for the class – which has been praised even by several objectors – could not have been achieved without the unwavering commitment of Lead Counsel to this litigation."*  The Court also found that *"Despite the existence of these risks, Lead Counsel obtained remarkable settlements for the Class while facing formidable opposing counsel from some of the best defense firms in the country;"* and *"If the Lead Plaintiff had been represented by less tenacious and competent counsel, it is by no means clear that it would have achieved the success it did here on behalf of the Class."*  As the Court further stated: *"It is only the size of the Citigroup and Underwriters' Settlements that make this recovery so historic, and it is likely that less able plaintiffs' counsel would have achieved far less."*

In *In re Cendant Corporation Litigation*, No. 98-CV-1664 (WHW) (U.S. District Court for the District of New Jersey), Barrack, Rodos & Bacine was co-lead counsel for the Class and achieved settlements with defendants of **$3.3 billion**, more than three times larger than the next highest recovery ever achieved in a securities law class action suit by that time.  The *Cendant* settlement included what was, at the time, the largest amount by far ever paid in a securities class action by an issuing company and what was, and remains, the largest amount ever paid in a securities class action by an auditor.  The *Cendant* settlement further included extensive corporate governance reforms, and a contingency recovery of one-half the net recovery that

Cendant and certain of its affiliated individuals sought in proceedings against CUC's former auditor – a contingency that resulted in the Class receiving another **$132 million** in 2008.  The *Cendant* court stated that *"we have all been favored with counsel of the highest competence and integrity and fortunately savvy in the ways of the law and the market."*  The Court found that the *"standing, experience and expertise of counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposed counsel were and are high in this action."*   The Court further found that the result of lead counsel's efforts were *"excellent settlements of uncommon amount engineered by highly skilled counsel with reasonable cost to the class."*  And on April 11, 2005, the Third Circuit noted (404 F.3d 173, 209 (3d Cir. 2005)) that**:  "*Lead Counsel's handling of the case was thorough, expert, and extraordinarily successful.... Lead Counsel's efforts ...led to the plaintiff class's gigantic recovery."*

In *In re Automotive Refinishing Paint Antitrust Litigation,* 2:10-md-01426-RBS (U.S. District Court for the Eastern District of Pennsylvania), Barrack, Rodos & Bacine, co-lead counsel for a Class of direct purchasers of automotive refinishing paint, achieved settlements with five defendants in excess of $100 million.  After reaching a settlement with the last two defendants remaining in the litigation, the Court stated, *"I want to commend counsel on both sides of this litigation.  I think that the representation on both sides of this litigation is as good as I've ever seen in my entire professional career.  Counsel worked together in this case.  They frankly made the job of this Court very easy and I commend all of you for what you've done in this litigation."*

In *Payne v. Micro Warehouse, Inc.*, No. 3:96CV1920(DJS) (U.S. District Court for the District of Connecticut), where Barrack, Rodos & Bacine was co-lead counsel for the shareholder class, the Court noted *"the exceptional results achieved by plaintiffs' counsel,"* who *"were required to develop and litigate this complex case solely through their own efforts,"* and concluded that *"the benefit conveyed to the class plaintiffs amply supports the conclusion that the plaintiffs' counsels' work was exceptional."*

Our clients have also praised our efforts on their behalf.  One public pension fund client has made the following comments about the Firm:

➢ "BR&B has performed superbly in its representation of [our fund].  BR&B keeps [us] informed of every step in the litigation and is very responsive to [our] needs and requests for information."

➢ "BR&B is highly responsive to [our fund].  Telephone calls are returned quickly by a return call or email.  Any response by BR&B that requires a written document also is provided to [us] in a timely manner."

➢ "BR&B has a very good understanding of unique problems faced by public sector institutional clients. … BR&B is good about screening cases it might recommend to [us]."

FIRM BIOGRAPHY                                                                                                    4

➢ "BR&B is also not afraid to take a case to trial, and has done so to a successful conclusion."

# Significant Cases – Securities Laws

Among the many securities law cases where the Firm has been appointed lead counsel are the following:

*In re Vroom, Inc. Securities Litigation,* Civil Action No. 1:21-cv-03296-PGG, before the Honorable Paul G. Gardephe in the United States District Court for the Southern District of New York;

*In re Grand Canyon Education, Inc. Securities Litigation,* Civil Action No. 1:20-cv-00639-MN-CJB, before the Honorable Maryellen Noreika in the United States District Court for the District of Delaware;

*Allegheny County Employees' Retirement System v. Energy Transfer LP, et al.,* Case No. 2:20-cv-00200-GAM, before the Honorable Gerald A. McHugh in the Eastern District of Pennsylvania;

*Max Morris Harari v. PriceSmart, Inc., et al.,* Civil Action No. 19-CV-958 JLS (LL), before the Honorable Janis L. Sammartino in the Southern District of California;

*In re Dentsply Sirona, Inc. Securities Litigation,* Civil Action No. 1:18-cv7253-NG-PK, before the Honorable Nina Gershon in the Eastern District of New York;

*In re WageWorks, Inc. Securities Litigation*, Case No. 4:18-cv-01523-JSW, before the Honorable Jeffrey S. White in the Northern District of California;

*Patricia A. Shenk, et al. v. Mallinckrodt plc, et al.*, Civil Action No. 17-cv-00145 (DLF), before the Honorable Dabney L. Friedrich in the District of Columbia;

*In re Roadrunner Transportation Systems, Inc. Securities Litigation,* No. 2:17-cv-144-PP, before the Honorable Pamela Pepper in the Eastern District of Wisconsin;

*In re DFC Global Corp. Securities Litigation*, Civ. A. No. 2:13-cv-06731-BMS, before the Honorable Berle M. Schiller in the Eastern District of Pennsylvania;

*Pennsylvania Public School Employees' Retirement System v. Bank of America Corp., et al.,* Civil Action No. 1:11-cv-733-WHP, before the Honorable William H. Pauley, III, in the Southern District of New York;

*In re OmniVision Technologies, Inc. Securities Litigation,* Case No. 5:11-cv-05235, before the Honorable Ronald M. Whyte in the Northern District of California;

**BARRACK RODOS & BACINE**
ATTORNEYS AT LAW

*Louisiana Municipal Police Employees Retirement System v. Green Mountain Coffee Roasters et al.,* Case No. 11-cv-00289, before the Honorable William K. Sessions, III, in the District of Vermont;

*In re American International Group Inc. 2008 Securities Litigation,* Master File No. 08-CV-4772-LTS, before the Honorable Laura Taylor Swain in the Southern District of New York;

*In re McKesson HBOC, Inc. Securities Litigation,* No. C-99-20743-RMW, before the Honorable Ronald M. Whyte in the Northern District of California;

*In re WorldCom, Inc. Securities Litigation,* Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote in the Southern District of New York;

*In re Cendant Corporation Litigation,* Master File No. 98-1664 (WHW), before the Honorable William H. Walls in the District of New Jersey;

*In re Apollo Group, Inc. Securities Litigation,* Master File No. CV 04-2147-PHX-JAT, before the Honorable James A. Teilborg in the District of Arizona;

*In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation,* Master File No. 07-cv-9633 (LBS)(AJP)(DFE), before the Honorable Jed S. Rakoff in the Southern District of New York;

*Waldrep v. ValueClick, Inc., et al.,* Case No. 07-05411 DDP (AJWx), before the Honorable Dean D. Pregerson in the Central District of California;

*In re The Mills Corporation Securities Litigation,* Civil Action No. 1:06-77, before the Honorable Liam O'Grady in the Eastern District of Virginia;

*In re R & G Financial Corp. Securities Litigation,* No. 05 cv 4186, before the Honorable John E. Sprizzo in the Southern District of New York;

*In re Bridgestone Securities Litigation,* Master File No. 3:01-0017, before the Honorable Robert L. Echols in the Middle District of Tennessee;

*In re DaimlerChrysler AG Securities Litigation,* No. 00-0993, before the Honorable Joseph J. Farnan, Jr. in the District of Delaware;

*In re Schering-Plough Securities Litigation,* Master File No. 01-CV-0829 (KSH/RJH), before the Honorable Katherine Hayden in the District of New Jersey;

*Rubin v. MF Global, Ltd., et al.,* Case No. 1:08cv2233-VM, before the Honorable Victor Marrero in the Southern District of New York;

*In re Michael Baker Inc. Securities Litigation,* Civil Action No. 2:08-cv-00370-JFC, before the Honorable Joy Flowers Conti in the Western District of Pennsylvania;

FIRM BIOGRAPHY                                                                                                    6

*In re PainCare Holdings, Inc. Securities Litigation*, Case No. 6:06-cv-362-Orl-28DAB, before the Honorable John Antoon, II in the Middle District of Florida;

*In re Sunbeam Securities Litigation*, No. 98-8258-CIV-MIDDLEBROOKS, before the Honorable Donald M. Middlebrooks in the Southern District of Florida;

*In re Applied Micro Circuits Corp. Securities Litigation*, No. 01-CV-0649-K (AJB), before the Honorable Judith N. Keep in the Southern District of California;

*Jason Stanley, et al. v. Safeskin Corporation, et al.*, Lead Case No. 99cv0454-BTM (LSP), before the Honorable Barry Ted Moskowitz in the Southern District of California;

*In re Hi/Fn, Inc. Securities Litigation*, Master File No. C-99-4531-SI, before the Honorable Susan Illston in the Northern District of California;

*In re Theragenics Corp. Securities Litigation*, No. 1:99-CV-0141 (TWT), before the Honorable Thomas W. Thrash in the Northern District of Georgia, Atlanta Division;

*Bell, et al. v. Fore Systems, Inc., et al.*, Civil Action No. 97-1265, before the Honorable Robert J. Cindrich in the Western District of Pennsylvania;

*In re Envoy Corp. Securities Litigation*, Civil Action No. 3-98-00760, before the Honorable John T. Nixon in the Middle District of Tennessee, Nashville Division;

*In re Paradyne Networks, Inc. Securities Litigation*, Case No. 8:00-CV-2057-T-17E, before the Honorable Elizabeth A. Kovachevich in the Middle District of Florida, Tampa Division;

*Smith v. Harmonic, Inc., et al.*, No. C-00-2287 PJH, before the Honorable Phyllis J. Hamilton in the Northern District of California; and

*Smith, et al. v. Electronics For Imaging, Inc., et al.*, No. C-97-4739-CAL, before the Honorable Charles A. Legge in the Northern District of California.

## Significant Cases – Derivative and Fiduciary Duty Cases

Among the many derivative and fiduciary duty cases where the Firm has been appointed lead counsel are the following:

*In re MSG Networks, Inc. Stockholder Class Action Litig.,* Consolidated C.A. 2021-0575-KSJM, before the Honorable Kathaleen St. J. McCormick in the Delaware Court of Chancery;

*Government Employees' Retirement System of the Virgin Islands v. Michael D. Huggins, et al. (Synthes)*, Civil Action No. 11-01993, before the Honorable Robert J. Shenkin in the Court of Common Pleas in Chester County, Pennsylvania;

*In re Pepsi Bottling Group Shareholder Litigation,* C.A. No. 4526-VCS, before the Honorable Leo E. Strine, Jr. in the Delaware Court of Chancery;

*In re Barnes & Noble Stockholder Derivative Litigation,* C.A. No. 4813-CS, before the Honorable Leo E. Strine, Jr. in the Delaware Court of Chancery;

*In re Cheniere Energy, Inc. Stockholders Litigation*, Consolidated C.A. No. 9710-VCL, before the Honorable J. Travis Laster in the Delaware Chancery Court;

*In re Allion Healthcare Inc. Shareholders Litigation*, Cons. C.A. No. 5022-CC, before Chancellor William B. Chandler III in the Delaware Chancery Court;

*Herbert Resnik v. Patricia A. Woertz, et al. (Archer-Daniels-Midland Company),* Civil Action No. 1:10-cv-00527-GMS, before the Honorable Gregory M. Sleet, Chief Judge of the District of Delaware;

*Ruby Resnick v. Spencer Abraham, et al. (Occidental Petroleum Corp.)*, Case No. 10-cv-00390, before the Honorable Robert F. Kelly (sitting by designation) in the District of Delaware;

*Dennis Rice v. Lafarge North America, Inc., et al.*, Civil No. 268974-V, before the Honorable Michael D. Mason in the Circuit Court for Montgomery County, Maryland;

*In re Nationwide Financial Services Litigation*, Civil Action No. 2:08cv00249, before the Honorable Michael H. Watson in the Southern District of Ohio;

*In re Chiron Shareholder Deal Litigation*, Case No. RG05-230567, before the Honorable Robert B. Freedman in the California Superior Court for Alameda County;

*In re AOL Time Warner Shareholder Derivative Litigation*, Master File No. 02-CV-6302 (SWK), before the Honorable Shirley Wohl Kram in the Southern District of New York;

*In re Apple Computer, Inc.*, *Derivative Litigation*, Lead Case No. 1:06CV066692, before the Honorable Joseph H. Huber in the Superior Court of the State of California, County of Santa Clara;

*In re Computer Sciences Corporation Derivative Litigation*, Lead Case No.: 06-CV-5288 MRP (Ex), before the Honorable Mariana R. Pfaelzer in the Central District of California;

*In re Monster Worldwide, Inc. Stock Option Derivative Litigation*, Civil Action No. 1:06cv04622 (NRB-DCF), before the Honorable Naomi R. Buchwald in the Southern District of New York;

*In re Quest Software, Inc. Derivative Litigation*, Lead Case No. 06-cv-751 Doc(Rnbx), before the Honorable David O. Carter in the Central District of California, Southern Division;

*Bader v. Ainslie (Lehman Brothers Holdings, Inc.)*, Civil Action No. 06cv5884, before the Honorable William H. Pauley, III in the Southern District of New York;

*Insulators and Asbestos Workers Local 14 Pension Fund v. Buckley, et al. (3M Corporation)*, Case No. 1:07-cv-00416-GMS, pending before the Honorable Gregory M. Sleet in District of Delaware;

*Hill v. Berdon* (*Barnes & Noble, Inc.)*, Index No. 06602889, before the Honorable Richard B. Lowe, III, in the Supreme Court of New York County New York; and

*The Edward Goodman Life Income Trust v. Huang (NVIDIA Corp.)*, Case No. 3:06cv06110-MHP (N.D. Cal.), before the Honorable Saundra Brown Armstrong in the Northern District of California.

# Significant Cases – Antitrust

The Firm has also been appointed lead counsel or to the leadership group in many antitrust law class action cases, including:

*In re Fasteners Antitrust Litigation*, MDL Docket No. 1912, the Honorable R. Barclay Surrick in the Eastern District of Pennsylvania;

*In re Lithium Ion Batteries Antitrust Litigation, MDL Docket No. 2420,* the Honorable Yvonne Gonzalez Rogers in the Northern District of California;

*In re Publication Paper Antitrust Litigation*, Docket No. 3:04 MD 1631 (SRU), before the Honorable Stefan R. Underhill in the District of Connecticut;

*In re Automotive Paint Refinishing Antitrust Litigation*, MDL No. 1426, before the Honorable R. Barclay Surrick in the Eastern District of Pennsylvania;

*In re Flat Glass Antitrust Litigation*, Master Docket Misc. No. 970550, MDL No. 1200, before the Honorable Donald E. Ziegler in the Western District of Pennsylvania;

*Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc., et al.*, No. CV-99-07796-GHK(Ctx), before the Honorable Florence Marie Cooper in the Central District of California, Western Division;

*Brookshire Brothers, Ltd., et al. v. Chiquita Brands International, Inc., et al.*, Lead Case No. 05-21962-Cooke/Brown, before the Honorable Marcia G. Cooke in the Southern District of Florida, Miami Division;

*In re Citric Acid Antitrust Litigation*, Master File No. 95-2963, before the Honorable Charles A. Legge in the Northern District of California;

*In re Graphite Electrodes Antitrust Litigation*, Master File No. 97-CV-4182 (CRW), before the Honorable Charles R. Weiner in the Eastern District of Pennsylvania;

**FIRM BIOGRAPHY**    9

**BARRACK
RODOS &
BACINE**
ATTORNEYS AT LAW

*In re Sorbates Antitrust Litigation*, Master File No. C 98-4886 MCC, before the Honorable William H. Orrick, Jr. in the Northern District of California;

*In re Sodium Gluconate Antitrust Litigation*, No. C-97-4142CW, the Honorable Claudia Wilken in the Northern District of California;

*In re: Metal Building Insulation Antitrust Litigation*, Master File No. H-96-3490, the Honorable Nancy F. Atlas in the Southern District of Texas;

*In re Carpet Antitrust Litigation*, MDL No. 1075, the Honorable Harold L. Murphy in the Northern District of Georgia, Rome Division;

*In re Citric Acid Antitrust Litigation*, Master File No. 95-2963, the Honorable Charles A. Legge in the Northern District of California;

*Capital Sign Company, Inc. v. Alliance Metals, Inc.*, et al., Civil Action No. 95-CV-6557 (LHP), the Honorable Louis H. Pollak in the Eastern District of Pennsylvania; and

*Plastic Cutlery Antitrust Litigation*, Master File No. 96-728, the Honorable Joseph L. McGlynn in the Eastern District of Pennsylvania.

# Trial Experience

The Firm approaches each case as if it will go to trial.  And while very few securities class actions go to trial, the Firm has extensive experience in nationwide class actions, has demonstrated its willingness to bring cases to trial, and has achieved stellar results at trial.

BR&B has litigated one of the few securities class actions that (a) was tried to a jury verdict, (b) resulted in a verdict in favor of the plaintiff class, and (c) was upheld in all respects on appeal.  In *In re Apollo Group, Inc. Securities Litigation* before the Honorable James A. Teilborg in the United States District Court for the District of Arizona, BR&B acted as lead counsel for lead plaintiff, the Policemen's Annuity and Benefit Fund of Chicago ("Chicago Police").  After three years of vigorous and contentious litigation, BR&B took the case to trial.  At the conclusion of the 22-day trial, the jury entered a unanimous verdict in January 2008 for the lead plaintiff and class of investors it represented in the full amount of damages sought on a per share basis.  Although the court entered a post-trial ruling in defendants' favor, the U.S. Circuit Court of Appeals for the Ninth Circuit reversed that ruling and reinstated the jury verdict.  The U.S. Supreme Court denied defendants' petition for certiorari and allowed the decision of the Ninth Circuit to stand. In August 2011, BR&B, on behalf of the lead plaintiff, entered into an agreement with the defendants to resolve a dispute over claims procedures in exchange for the payment of **$145 million** for the benefit of the class.

The *Apollo* court approved the resolution in 2012, noting that BR&B had obtained "an exceptional result for the class." The court also commented that the Firm "demonstrated a high

FIRM BIOGRAPHY                                                                                                    10

degree of competence in the eight years of litigation of this case." The court also observed that the result achieved for the class:

> [I]s unique in such securities cases and could not have been achieved without Class Counsel's willingness to pursue this risky case throughout trial and beyond. … [A]s discussed above, Plaintiffs' Lead Counsel achieved exceptional results for the Class and pursued the litigation despite great risk.

The *Apollo* case is not the Firm's only experience in taking securities class actions to trial. BR&B also conducted a trial in the landmark *WorldCom, Inc. Securities Litigation*. After obtaining more than $6 billion in settlements from various defendants, including WorldCom's financial advisor, underwriters, directors, and members of management, the Firm and co-counsel conducted a five-week trial against WorldCom's auditor, Arthur Andersen. After nearly five weeks of trial and as the parties were approaching closing arguments, Andersen agreed to settle the claims for $65 million in cash plus the maintenance of a contingent claim that was ultimately resolved in exchange for a further payment of $38 million.

In April 2018, Barrack Rodos & Bacine began a trial before Judge Juan R. Sánchez in the United States District Court for the Eastern District of Pennsylvania in *Becker v. The Bank of New York Mellon Trust Company, N.A., et al.*, a class action lawsuit brought on behalf of former bondholders of Lower Bucks Hospital. The lawsuit was brought against The Bank of New York Mellon Trust Co., N.A., and J.P. Morgan Trust Company, National Association, as indenture trustees for bonds issued on behalf of Lower Bucks Hospital. The plaintiff alleged that the defendants breached their fiduciary and contractual duties to the bondholders by failing to ensure that the bondholders' security interest in the collateral backing the bonds was perfected, resulting in a diminished recovery for the bondholders in the Lower Bucks Hospital bankruptcy, and sought $15 million in damages, plus interest, from the indenture trustees. On April 19, 2018, on the eve of closing arguments, the parties entered into an agreement in principle to settle the action for $13.5 million, to be distributed to the bondholders on a pro rata basis. The court granted final approval of the settlement in December 2018.

The Firm's other trial experience includes: *Gutierrez v. Charles J. Givens Organization, et al.*, Case No. 667169 (Superior Court of California, County of San Diego) (jury verdict in excess of $14 million for plaintiff consumer class); *Equity Asset Investment Trust, et al. v. John G. Daugman, et al.*, C.A. No. 20395 (Del. Ch.) (2003 trial involving board composition of Iridian Technologies followed by settlement); *In re Control Data Corporation Securities Litigation*, 933 F.2d 616 (8th Cir. 1991); *Gould v. Marlon*, CV-86-968-LDG (D. Nev.) (jury verdict for plaintiff class); *Herskowitz v. Nutri/System, et al.*, 857 F.2d 179 (3rd Cir. 1988); and *Betanzos v. Huntsinger*, CV-82-5383 RMT (C.D. Cal.) (jury verdict for plaintiff class).

In addition, the Firm was one of the Shareholder Plaintiffs' co-lead counsel in *In re Airgas Inc. Shareholder Litigation,* C.A. No. 5256-CC (Del. Ch.), which went to trial before former Chancellor William B. Chandler, III, of the Delaware Chancery Court. On January 27, 2011, after a trial and supplemental hearing, the Court ruled in defendants' favor, based

primarily on testimony provided by board members who had been elected from a slate proposed by the potential acquirer of Airgas but testified in favor of maintaining Airgas as an independent company. At the conclusion of the supplemental hearing, Chancellor Chandler stated the following: "Unless there's some question about that, the only thing I'll end with is to thank all of you again. *As I said the last time you were here, this is really the dream team for me. This group of litigants, the lawyers involved in this case, I can't imagine a finer group.* And I'm not just saying that. It reminds me a little bit of what I'm looking forward to in a few weeks when I'm going to watch the Packers and the Steelers. Truly legendary teams with legendary histories and great legacies. And the tough part is, just like in a sporting event, it's a zero sum game. And I wish it were [not], because I think that much of both teams. The work you've done has just been so impressive. You've been so helpful to me in getting me things that I've asked you to on a very accelerated basis. And I realize that's not equal -- not seeing your families, being away on weekends and nights. I apologize for that. *You've done a superb job. I wish your clients were here, but I think they'll get the message that they couldn't have gotten a better team of litigators assembled anywhere to do the job you've done. I congratulate you all on your effort.*"

## Shareholder Advocacy

In addition to our representation of institutional investors and public and private pension funds in securities litigation, BR&B also seeks to further the interests of institutional investors through the submission of amicus curiae briefs in important securities class action and other stockholder appeals. Below are three examples of our shareholder advocacy efforts:

➢ *Halliburton II Supreme Court Appeal:* On November 15, 2013, the United States Supreme Court granted certiorari in *Halliburton Co. v. Erica P. John Fund (Halliburton II)*, in which the Supreme Court agreed to consider the viability of the fraud-on-the-market presumption of reliance necessary to certify a class of putative securities fraud plaintiffs under Section 10(b) of the Securities Exchange Act of 1934 as well as what is needed to invoke and rebut the presumption. In the appeal, the Supreme Court was being asked to overturn the 1988 landmark decision in *Basic, Inc. v. Levinson*, which established the "fraud-on-the-market" presumption of reliance, now a cornerstone of securities fraud class actions. Under the decision in *Basic*, investors are not required to prove directly that they relied on a defendant's material misstatements. The *Basic* decision held that such reliance may be presumed where the investor shows that the security at issue traded on an efficient market. In the years since *Basic,* when seeking class certification, plaintiffs had been able to show class-wide reliance by demonstrating that the market for a particular stock was efficient and, as a result, the stock price reflected material, publicly-available material information.

BR&B, working on behalf of fourteen renowned financial economists, including Nobel Laureate Eugene Fama, submitted an amicus brief in the *Halliburton II* case. The brief filed by BR&B explained that while financial economists may disagree about whether markets perfectly process information and how quickly they do so, there is generally no disagreement about

whether market prices respond to material information for securities that trade in well-developed markets. The brief also explained that under the Efficient Capital Market Hypothesis, financial economists generally believe that stock prices respond to material information in a predicable direction and that the primary debate among economists is whether stock prices reflect fundamental value—the actual value of the company—not whether stock prices will move in response to material information. The brief demonstrated that the premise upon which the fraud-on-the-market theory rests is widely accepted by financial economists, and took the position that the Supreme Court should not overrule or significantly modify the fraud-on-the-market presumption enunciated in *Basic.*

On June 23, 2014, the United States Supreme Court issued its much-anticipated ruling in the *Halliburton II* appeal. In a victory for investors, the Court rejected the defendant's challenge to the "fraud-on-the-market" theory, which has been a lynchpin of securities fraud class action litigation for almost 30 years. BR&B's commentary about the Supreme Court's decision is accessible at: http://www.barrack.com/node/241. The amicus brief submitted by BR&B was cited by the Supreme Court in support of its decision.

➢ *Wal-Mart Shareholder Proposal Litigation:* On February 11, 2015, Barrack, Rodos & Bacine submitted an amicus brief on behalf of the Robert F. Kennedy Center for Justice and Human Rights, also known as Robert F. Kennedy Human Rights, in *Trinity Wall Street v. Wal-Mart Stores, Inc.*, a dispute arising from Wal-Mart's refusal to include a shareholder proposal in its 2014 proxy materials.

In December 2013, Trinity Wall Street, a church parish located at the corner of Broadway and Wall Street in New York City, and a shareholder of Wal-Mart Stores, Inc., submitted a shareholder proposal for inclusion in Wal-Mart's proxy materials for its 2014 annual shareholder meeting. The proposal was submitted in the wake of the unspeakable tragedy involving the mass killing at the Sandy Hook Elementary School in Newtown, Connecticut, and was intended to cover policies and standards that would be applicable to determining whether Wal-Mart should continue to sell assault-style firearms with high-capacity magazines. The proposal sought to be presented for approval by Wal-Mart's shareholders, would require Wal-Mart's board to provide specific oversight "concerning the formulation and implementation of, and the public reporting of the formulation and implementation of, policies and standards that determine whether or not the Company (i.e., Wal-Mart) should sell a product that: (1) especially endangers public safety and well-being; (2) has the substantial potential to impair the reputation of the Company; and/or (3) would reasonably be considered by many offensive to family and community values integral to the Company's promotion of its brand."

After Wal-Mart refused to include the proposal in its 2014 proxy materials, Trinity brought suit in the U.S. District Court in Delaware. On November 26, 2014, the District Court determined that Wal-Mart had wrongfully excluded the proposal from its proxy materials, and ordered the Company to include the proposal in the proxy materials for its upcoming 2015 annual shareholder meeting. The District Court ruled that the proposal did not relate to Wal-Mart's "ordinary business operations," which would have allowed the Company to exclude it, but

rather raised policy issues that are appropriate for shareholder consideration. As the District Court wrote: "The significant social policy issues on which the Proposal focuses include the social and community effects of sales of high capacity firearms at the world's largest retailer and the impact this could have on Wal-Mart's reputation, particularly if such a product sold at Wal-Mart is misused and people are injured or killed as a result."

Wal-Mart appealed the District Court's decision to the U.S. Court of Appeals for the Third Circuit. In support of Trinity's position on the appeal, BR&B submitted an amicus brief on behalf of Robert F. Kennedy Human Rights. The brief filed by BR&B took the position that upholding the District Court's decision was necessary to protect and facilitate the use of the Sustainable Investing investment philosophy as a best practice in the financial evaluation of a company and the role of shareholders. Sustainable Investing, where shareholders integrate Environmental, Social, and Governance ("ESG") factors into their financial objectives, has been gaining visibility for its utility in evaluating the long-term financial health of a company and shareholder value. The brief filed by the Firm included extensive research and findings concerning gun violence and mass killings, examples of boards of other companies having taken actions in response to social and public health imperatives, and a series of shareholder proposals that have been offered to ensure that companies are abiding by the Sustainable Investing factors in light of changing societal demands for companies to engage in socially responsible behavior. The brief concluded that the sale of products that are dangerous to public health is a serious policy and human rights issue, and that upholding the District Court's decision was necessary to protect Sustainable Investors' attempts to ensure that Wal-Mart is appropriately and effectively applying the relevant Sustainable Investing factors. Unfortunately, however, the Court of Appeals overturned the decision of the District Court, finding that the shareholder proposal related to the "ordinary business" of the company, and was therefore not an appropriate subject for a shareholder proposal.

➤ *Second Circuit Class Certification Appeals:* In the first half of 2016, the United States Court of Appeals for the Second Circuit accepted appeals from district court decisions granting class certification in a series of cases involving Goldman Sachs Group, Inc. (No. 16-250), Barclays PCL (No. 16-1912), and Petroleo Brasileiro S.A. Petrobras (No. 16-1914). One of the primary issues common to all of the appeals was the legal impact of the presumption of reliance created by the U.S. Supreme Court, in *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988), and reiterated and further explained in *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) (*Halliburton II*), for securities fraud actions stemming from a plaintiff's showing that a market for a security is efficient, *i.e.,* the fraud-on-the-market presumption. While courts were uniform in holding that a showing of market efficiency creates a presumption of reliance, questions remained as to whether the plaintiff or defendant would have the "burden of persuasion" when a defendant sought to rebut the presumption and the type of proof that is required to rebut the presumption.

Barrack, Rodos & Bacine worked with a solo practitioner in Washington, D.C. in representing, through the filing of amicus briefs in each of the appeals, sixteen eminent

FIRM BIOGRAPHY                                                                 14

professors of law who teach, research and write about the law of evidence.  As noted in the amicus briefs, the law school professors "share the view that principles of the law of evidence dictate that, once plaintiffs have satisfied their burden of triggering the presumption of reliance …, the burden of persuasion shifts to the defendants to rebut that presumption by a preponderance of the evidence."  The briefs argued that the Supreme Court has recognized the need to shift burdens of persuasion to effectuate the intent of Congress or to implement judicially-created legal doctrines (in many diverse fields of law), and that given the presumption of reliance as explained in *Basic* and *Halliburton II*, the Court of Appeals should rule that the defendants – as the parties rebutting the presumption – should have the burden of persuasion in seeking to rebut the fraud-on-the-market presumption.  As such, the amicus briefs were submitted in support of the positions of the plaintiffs-appellees in the three appeals, which were primarily institutional investors and public pension funds.  The Court of Appeals ruled in the three appeals consistent with the positions BR&B advocated in the amicus briefs.

## Significant Recoveries in Securities Litigation

The Firm has achieved significant recoveries on behalf of class members, including institutional clients, in more than 50 cases since passage of the PSLRA, including the following:

➢ *In re WorldCom, Inc. Securities Litigation*, Master File No. 02 Civ. 3288 (DLC) (S.D.N.Y.).  BR&B, as co-lead counsel for lead plaintiff the Comptroller of the State of New York, the sole Trustee for the New York State Common Retirement Fund ("NYSCRF"), negotiated **$6.19 billion** in settlements with defendants.  The first of the settlements, in which Citigroup and its affiliates and its former analyst Jack Grubman agreed to pay $2.575 billion (adjusted), was approved by the Court in November 2004.  An additional $3.428 billion in settlements with WorldCom's other investment bankers were reached in February and March 2005, during the final phases of trial preparation.  Before trial, BR&B also participated with the NYSCRF in negotiating an historic settlement of the claims against WorldCom's outside directors, which included personal contributions of $4.5 million from WorldCom's former chairman, Bert Roberts, and $20.25 million from the other director defendants.  Jury selection began on March 23, 2005, and BR&B participated with the NYSCRF in negotiating a $65 million cash settlement (plus certain contingent claims left open) with WorldCom's former auditor, Arthur Andersen, which settlement was reached in April 2005, after nearly five weeks of trial and on the eve of closing arguments.  And there were also settlements with former WorldCom CEO Bernard Ebbers and CFO Scott Sullivan for $43.49 million, entered into just before they were sentenced in their criminal cases.  The proceeds achieved through the settlements yielded approximately 70% and 58% of the recognized claim amounts for class members who purchased May 2001 and May 2000 WorldCom bonds, respectively, and approximately 5.8% for class members who purchased WorldCom stock and other bonds – amounts that appear to exceed recoveries obtained by most of the opt-out plaintiffs for comparable securities.  And finally, a settlement with Arthur Andersen of the contingent claims was reached in September 2012, and approved by the Court in December 2012, for an additional $38 million for the Class.

➢ *In re Cendant Corporation Litigation*, Civil Action No. 98-1664 (WHW) (D.N.J.). BR&B, as co-lead counsel, represented co-lead plaintiffs NYSCRF and the California Public Employees Retirement System. This litigation was settled in March 2000 for **$3.18 billion –** which, at the time, was by far the largest recovery ever achieved in a class action under the securities laws. The settlements, consisting of $2.85 billion from Cendant and $335 million from Ernst & Young LLP ("E&Y"), also included a contingent payment of one-half of the company's net recovery, if any, obtained on its claims against E&Y, which occurred in December 2008 when Cendant paid the class $132 million from the amount it received through a settlement of its claims against E&Y. Thus, the total recovery to the class was more than **$3.32 billion**. And finally, as part of the settlement with Cendant, the company agreed to significant corporate governance changes, many of which were later mandated by the Sarbanes-Oxley Act of 2002. The settlements were approved by the district court on August 15, 2000, and affirmed on appeal on August 28, 2001.

➢ *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. CV-99-20743 RMW (N.D.Cal.). BR&B, as co-lead counsel, represented the NYSCRF as sole lead plaintiff. BR&B vigorously prosecuted the case against the company, its management, HBOC, Inc.'s former auditor, Arthur Andersen LLP, and Bear Stearns & Co., Inc., which had issued a fairness opinion in connection with the merger between McKesson and HBOC. After contentious motion practice and during discovery, BR&B participated with the NYSCRF in negotiating settlements totaling **$1.052 billion**, consisting of a $960 million settlement from the company approved by the court in 2006, a $72.5 million cash settlement from Arthur Andersen (plus certain contingent claims left open) approved in 2007, and a $10 million settlement from Bear Stearns approved in 2008. The recovery is the largest securities fraud class action recovery in the Northern District of California. And, in November 2012, Arthur Andersen agreed to pay an additional $9.5 million to resolve the outstanding contingent claims. The court approved this additional settlement in February 2013.

➢ *In re American International Group, Inc. 2008 Securities Litigation*, Master File No. 08-CV-4772-LTS (S.D.N.Y.). BR&B served as a Lead Counsel on behalf of the court-appointed lead plaintiff, the State of Michigan Retirement Systems, as custodian of the Michigan Public School Employees' Retirement System, the State Employees' Retirement System, the Michigan State Police Retirement System, and the Michigan Judges Retirement System. The case, before the Honorable Laura Taylor Swain, alleged, among other things, that the defendants violated the federal securities laws by misrepresenting and concealing the full extent of American International Group, Inc.'s exposure to the U.S. subprime residential mortgage market. BR&B vigorously litigated the case for more than six years, completing all fact witness discovery and fully briefing lead plaintiff's motion for class certification, on which the Court thereafter held a three-day evidentiary hearing and oral argument. In July and August 2014, the lead plaintiff reached settlements with the various defendants totaling **$970.5 million** to resolve the case. The settlement was the result of negotiations spanning more than two years, assisted by mediator Layn Phillips, a former U.S. District Court Judge. The court granted final approval to the settlement in March 2015, stating that it was an "outstanding result obtained on behalf of

**FIRM BIOGRAPHY**                                                                                                                    16

the Settlement Class" and a "very substantial" recovery in a highly complex case with such significant risks.  The total settlement amount is among the largest recoveries in a securities fraud class action stemming from the 2008 financial crisis, and appears to be the largest recovery ever achieved in a securities class action where there was not also a criminal prosecution, SEC enforcement action, or a restatement of financial results.

➤  *In re Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation*, Master File No. 07-cv-9633 (LBS)(AJP)(DFE), before the Honorable Jed S. Rakoff in the Southern District of New York.   BR&B, as co-lead counsel for sole lead plaintiff the State Teachers Retirement System of Ohio, negotiated a **$475 million** settlement with defendants in January 2009.  The settlement was approved by the court in August 2009.

➤  *Pennsylvania Public School Employees' Retirement System v. Bank of America Corp., et al.*, Civil Action No. 1:11-cv-733-WHP, before the Honorable William H. Pauley, III, in the United States District Court for the Southern District of New York.  BR&B, as sole lead counsel for the sole lead plaintiff, Pennsylvania Public School Employees' Retirement System ("PSERS"), prosecuted this securities fraud class action case for investors in Bank of America ("BAC") securities for false or misleading statements made to investors by BAC and its executives concerning, among other things, BAC's exposure to billions of dollars in repurchase claims stemming from mortgages securitized and sold into the marketplace as residential mortgage-backed securities.  In September 2011, PSERS filed a consolidated class action complaint on behalf of purchasers of BAC common stock and Common Equivalent Securities during the period from February 27, 2009 through October 19, 2010.  After full briefing by the parties, the court denied the motions to dismiss in 2012, and thereafter denied motions for reconsideration filed by certain of the defendants.  In February 2014, the court certified the class as sought by the lead plaintiff.  The case progressed through extensive discovery, which involved the production and review of tens of millions of pages of BAC documents, as well as documents from certain non-parties, and more than 30 fact witness depositions.  In mid-2015, after a series of mediation sessions supervised by former U.S. District Judge Layn Phillips, the parties agreed to the **$335 million** settlement.  The settlement was approved by the court in December 2016.

➤  *In re DaimlerChrysler AG Securities Litigation*, Master File No. 00-993 (JJF) (D.Del.).  BR&B, as co-lead counsel for institutional investors the Denver Employees Retirement Plan, the Chicago Police, and the Municipal Employees Annuity and Benefit Fund of Chicago, negotiated in October 2003, a **$300 million** settlement of this case involving the purported "merger of equals" between Daimler Benz and Chrysler Corporation.  The settlement, which was approved by the court in February 2004, was reached after extensive discovery in the United States and Europe, and during the pendency of one of defendants' numerous motions for summary judgment.  Based on the amount recovered and the plan of allocation approved by the court, the recovery appears to have been approximately 10% of recognized claim amounts for class members who purchased DaimlerChrysler stock on the open market and filed claims, and 30% for class members who exchanged Chrysler stock for DaimlerChrysler stock and filed claims.

➢  *In re 3Com Securities Litigation*, Master File No. C 97-21083-EAI (N.D. Cal.).  This case, in which BR&B represented a lead plaintiff group of individual investors, involved discovery taken throughout the United States and in Europe with respect to 3Com and its outside auditing firm.  A settlement in the amount of **$259 million** was reached at the end of the discovery process, and was approved by the court in February 2001.

➢  *In re The Mills Corporation Securities Litigation*, Civil Action No. 1:06-cv-00077 (LO/TRJ), before the Honorable Liam O'Grady, in the Eastern District of Virginia.  BR&B, as co-lead counsel and counsel for co-lead plaintiff the Iowa Public Employees Retirement System ("IPERS"), negotiated settlements totaling **$202.75 million** with the defendant real estate investment trust corporation, for a release of claims against itself and its former officers, directors and underwriters ($165 million plus interest), with E&Y, Mills' former auditor ($29.75 million), and with a foreign real estate development company ($8 million).  In approving the settlement, Judge O'Grady noted that lead counsel were "very experienced and skilled in the field of securities litigation and achieved here a very favorable result for the Class."

➢  *In re Schering-Plough Securities Litigation*, Master File No. 01-CV-0829 (KSH/RJH), before the Honorable Katherine Hayden in the District of New Jersey.  BR&B, as lead counsel for lead plaintiff the Florida State Board of Administration ("FSBA"), negotiated a **$165 million** settlement after 8 years of hard-fought litigation.  The settlement, approved in December 2009, was described by the Court as the product of "hard work and good judgment in ultimately achieving a negotiated resolution of substantial value to the class."

➢  *In re Apollo Group, Inc. Securities Litigation*, Master File No. CV 04-2147-PHX-JAT, before the Honorable James A. Teilborg in the District of Arizona.  BR&B, as lead counsel for sole lead plaintiff the Chicago Police, conducted a two-month trial which resulted in a unanimous jury verdict in January 2008 for the lead plaintiff and investor class for the full amount of price inflation per share that the lead plaintiff had requested.  Although the district court judge entered a judgment for defendants notwithstanding the verdict on loss causation grounds, in June 2010, the Ninth Circuit overturned the judgment and reinstated the jury verdict in favor of plaintiffs and the investor class.  The decision of the Court of Appeals to reinstate the plaintiffs' jury verdict appears to be the only time such an appellate decision has been made since passage of the PSLRA.  In March 2011, the U.S. Supreme Court denied defendants' petition for certiorari, thereby allowing the Ninth Circuit's decision to stand and for the district court to enter judgment in favor of the plaintiff class.  In August 2011, an agreement in principle was reached regarding claims administration, and the defendants made a cash payment of **$145 million** to be distributed to injured investors.  In April 2012, the court granted final approval of the case resolution.

➢  *In re Sunbeam Securities Litigation*, Case No. 98-8258-Civ-Middlebrooks (S.D. Fla.).  BR&B represented a lead plaintiff group that included the CWA/ITU Negotiated Pension Plan in this litigation, which could not be prosecuted against Sunbeam itself due to its bankruptcy filing.  This case resulted in settlements in 2002 totaling **more than $140 million** from Arthur Andersen LLP, Albert J. Dunlap, Russell Kersh and one of the Company's insurers.  The

settlement included a record breaking $110 million settlement with Arthur Andersen and one of the largest individual securities settlements ($15 million) from the company's former chief executive officer, "Chainsaw" Al Dunlap.

➢  *In re Informix Corporation Securities Litigation*, Civil Action No. C-97-1289 (N.D. Cal.).  This case, in which BR&B represented a lead plaintiff group of individual investors, was resolved during the discovery process by a settlement in 1999 valued at **$132 million**, consisting of $98 million from the Company and its insurance carriers and $34 million from the company's outside accounting firm.

➢  *Michael Rubin v. M.F. Global Ltd.*, Case No. 08cv2233 (VM), before the Honorable Victor Marrero in the Southern District of New York.  BR&B, as co-lead counsel and counsel for co-lead plaintiffs IPERS and the Chicago Police, negotiated a **$90 million** settlement after the Second Circuit Court of Appeals reversed the trial court's dismissal of the complaint.  The court granted final approval to the settlement in November 2011.

➢  *Shenk v. Mallinckrodt plc, et al.,* Civil Action No. 17-cv-00145 (DLF), before the Honorable Dabney L. Friedrich in the United States District Court for the District of Columbia.  BR&B served as lead counsel on behalf of the State Teachers Retirement System of Ohio, the court-appointed lead plaintiff.  After the complaint was sustained in major part at the motion to dismiss stage and lead plaintiff had filed a motion for class certification, BR&B was able to negotiate a settlement that provided a **$65.75 million** payment to the class from the available D&O insurance policies even though the company had filed Chapter 11 bankruptcy proceedings in October 2020 and remained in bankruptcy when the district court granted final approval of the settlement on August 2, 2022.

➢  *In re R&G Financial Corporation, et al.*, Civil Action No. 1:05cv04186 (JES), before the Honorable John E. Sprizzo in the Southern District of New York.  BR&B, as co-lead counsel for co-lead plaintiff the City of Philadelphia Board of Pensions and Retirement ("Philadelphia BPR"), negotiated a **$51 million** settlement with defendants in May 2008.  The settlement was approved by the court in October 2008.

➢  *Louisiana Municipal Police Employees' Retirement System, et al. v. Green Mountain Coffee Roasters, Inc., et al.,* Civil Action No. 2:11-cv-00289-WKS, before the Honorable William K. Sessions, III in the District of Vermont.  BR&B, as co-lead counsel for co-lead plaintiffs the Public Employees' Retirement System of Mississippi and the Government Employees' Retirement System of the Virgin Islands, negotiated a **$36.5 million** settlement with defendants, which the court preliminarily approved on July 6, 2018.  The settlement was approved by the court in October 2018.

➢  *Public Employees' Retirement System of Mississippi v. Roadrunner Transportation Systems, Inc., et al.,* No. 2:17-cv-144-PP, before the Honorable Pamela Pepper, in the United State District Court for the Eastern District of Wisconsin.  BR&B, as lead counsel on behalf of lead plaintiff the Public Employees' Retirement System of Mississippi, negotiated a **$20 million**

settlement during the pendency of the motion to dismiss the consolidated class action complaint filed after the company issued long-delayed restated financial statements. The court approved the settlement in September 2019.

➢ *In re WageWorks, Inc. Securities Litigation*, Case No. 4:18-cv-01523-JSW, before the Honorable Jeffrey S. White, in the United State District Court for the Northern District of California. BR&B, as lead counsel on behalf of co-lead plaintiffs the Public Employees' Retirement System of Mississippi, the Government Employees' Retirement System of the Virgin Islands, and the New Mexico Public Employees Retirement Association, negotiated a **$30 million** settlement. The Court granted final approval to the settlement on August 20, 2021, stating that the parties and their counsel had done a "great service to the Court" by litigating the case so efficiently and finding that BR&B had achieved the settlement "with skillful and diligent advocacy."

➢ *In re DFC Global Corp. Securities Litigation*, Civil Action No. 2:13-cv-06731-BMS, before the Honorable Berle M. Schiller, in the United States District Court for the Eastern District of Pennsylvania. BR&B as co-lead counsel, on behalf of co-lead plaintiffs the Macomb County Employees' Retirement System and Laborers' District Council and Contractors' Pension Fund of Ohio, negotiated a **$30 million** settlement of the litigation after defendants' motions to dismiss were denied and the lead plaintiffs' motion for class certification was granted, and while discovery was ongoing. The settlement was approved by the Court on September 20, 2017.

➢ *In re Bridgestone Securities Litigation*, Master File No. 3:01-0017, pending before the Honorable Robert L. Echols in the Middle District of Tennessee. BR&B, as co-lead counsel, represented intervening plaintiff IPERS. BR&B, as co-lead counsel for the original lead plaintiff, vigorously opposed the motion to dismiss filed by defendants. This case was dismissed in 2002, which dismissal was reversed by the United States Court of Appeals for the Sixth Circuit in 2004. IPERS intervened in the litigation after the appellate court decision and BR&B, on its behalf, engaged in extensive discovery. At the end of 2008, the parties reached a **$30 million** settlement of this litigation, during the pendency of both a renewed motion to dismiss and the motion for class certification. The settlement was approved by the court in January 2009.

➢ *In re Applied Micro Circuits Corp. Securities Litigation*, Civil Action No. 01-cv-0649-K (AJB) (S.D. Cal.). BR&B, as sole lead counsel for lead plaintiff the Florida State Board of Administration, negotiated a **$60 million** settlement in 2005. The settlement was reached in this vigorously litigated case after extensive discovery and contentious motion practice. Final approval of the settlement was granted in June 2005.

➢ *Stanley, et al. v. Safeskin Corp.*, Lead Case No. 99cv0454-BTM (LSP) (S.D. Cal.). This case, in which BR&B represented the lead plaintiff group, was resolved for **$55 million** after discovery was complete and while summary judgment motions were pending. The settlement was approved by the court in March 2003.

FIRM BIOGRAPHY                                                                                              20

➢ *In re: 1996 Medaphis Corporation Securities Litigation*, Civil Action No. 1:96-CV-2088-TWT (N.D. Ga.).  This case, one of the first prosecuted by a state retirement fund - PSERS - as lead plaintiff on behalf of a class of purchasers, was filed in August 1996, and resolved in December 1997 during the discovery process by a settlement valued at **$72.5 million**, consisting of $20 million in cash and Medaphis securities valued at $52.5 million.

➢ *Payne, et al. v. MicroWarehouse, Inc.*, et al., Case No. 3:96-CV-1920 (DJS) (D. Conn.).  This case, which was prosecuted on behalf of the class with PSERS as lead plaintiff, was filed in the District of Connecticut on October 1, 1996.  In 1998, the MicroWarehouse defendants and KPMG Peat Marwick, the company's outside accounting firm, agreed to settle the case for **$30 million** in cash, one of the largest in the District of Connecticut.

➢ *In re OmniVision Technologies, Inc. Securities Litigation,* Case No. 5:11-cv-05235 (N.D.Cal.).  BR&B served as co-lead counsel on behalf of co-lead plaintiff the Oakland County Employees' Retirement System in this case, which was settled in 2015 for **$12.5 million** during the discovery phase of the litigation.

➢ *In re Theragenics Corp. Securities Litigation*, Civil Action No. 1:99-cv-0141 (N.D.Ga.).  BR&B acted as co-lead counsel for a group of investors in this litigation, which was settled in July 2004 for **$10 million** after extensive discovery and during the pendency of defendants' summary judgment motion.

➢ *In re HI/FN, Inc. Securities Litigation*, Master File No. C-99-4531-SI (N.D.Cal.).  BR&B acted as co-lead counsel for a group of investors in this litigation, which was settled in May 2002, during the discovery process for **$9.5 million**, consisting of $6.8 million in cash and 270,000 shares of HI/FN common stock valued at $2.7 million.

➢ *In re PeopleSoft, Inc. Securities Litigation*, Master File No. C-99-0472-WHA(JL) (N.D.Cal.)  BR&B acted as co-lead counsel for a group of investors in this litigation, which was settled for **$15 million** in May 2001, during the discovery process.

➢ *In re Envoy Corporation Securities Litigation*, Case No. 3:98-0760 (M.D. Tenn.).  This litigation, in which BR&B was co-lead counsel for a group of individual investors, was settled in September 2003, for **$11 million**, during the pendency of defendants' motions for summary judgment.

➢ *In re Silicon Graphics, Inc. II Securities Litigation*, Master File No. C-97-4362-SI (N.D.Cal.).  This litigation, in which BR&B represented a lead plaintiff group of individual investors, was resolved in 2001 during the discovery process for **$12 million**, consisting of $4 million in cash and 8 million shares of Silicon Graphics common stock, valued at approximately $8 million.

➢ *In re Green Tree Financial Corporation Stock Litigation*, Master File No. 97-2666 (JRT/RLE) (D. Minn.).  This case, in which BR&B represented a lead plaintiff group of individual

investors, was resolved with its related options case in 2003 during the discovery process for **$12.45 million.**

➤ *Sherman Steele et al., v. Electronics for Imaging, Inc.*, Lead Case No. 403099 (Cal. Super. Ct., San Mateo Cty.).  BR&B acted as co-lead counsel for a group of investors in this California state court case for violations of the California Corporations Code.  This litigation settled in July 2002 for **$8 million.**

➤ *Robert K. Bell, et al., v. Fore Systems, Inc.*, Consolidated Civil Action No. 97-1265 (W.D. Pa.).  BR&B acted as co-lead counsel for a group of investors in this litigation which was settled for **$11.7 million** in September 2003, during the discovery phase of the litigation.

# Significant Recoveries and Corporate Governance Achieved in Other Shareholder Litigation

The Firm has also achieved significant recoveries as well as highly valuable corporate governance reforms through other shareholder litigation, including the following:

➤ *In re Pepsi Bottling Group Shareholder Litigation,* C.A. No. 4526-VCS, before the Honorable Leo A. Strine in the Delaware Court of Chancery.  BR&B, as co-lead counsel, represented the International Brotherhood of Electrical Workers ("IBEW") Local 98 Pension Fund and the class in this class action contesting the proposed acquisition of Pepsi Bottling Group ("PBG") by PepsiCo.  After significant litigation and through negotiations of special committees, PepsiCo agreed to a significantly higher acquisition price that provided PBG shareholders as a group with **$1.022 billion** more in value, and other terms including deletion of cross-conditionality provision for related deals, reductions in the merger agreement' termination fees and termination tail periods, and additional disclosures in the final proxy statement.  At the final settlement hearing in June 2010, the court credited the litigation brought by the plaintiffs and their counsel as a causal factor in prompting PepsiCo to make fuller offers for PBG and a related PepsiCo bottling company, and approved the settlement.

➤ *In re Nationwide Financial Services Litigation*, Case No. 2:08-CV-00249, before the Honorable H. Michael Watson, in the U.S. District Court for the Southern District of Ohio.  BR&B, as co-lead counsel, represented lead plaintiff the IBEW Local 98 Pension Fund in this class action litigation contesting the buy-out of Nationwide Financial Services, Inc. by its majority owner Nationwide Mutual Insurance Company and certain affiliates in 2008.  After extensive negotiations, Nationwide Mutual agreed to increase its tender offer price from its initial offer of $47.20 per share to the final price of $52.25 per share, a benefit to the class of approximately **$232.8 million** (a 10.7% increase), and further agreed to additional disclosures in the final proxy statement that the Court found provided the class "with material information about NFS's financial projections and valuation, as well as additional details of the merger process, …, all of which enabled Class members to make a more informed decision about whether they were receiving fair value for their shares."  In assessing the settlement, the Court

agreed with lead plaintiffs that it represented an "excellent result for the Class" and found that the "quality and skill in the work performed by Plaintiffs' Counsel is evident through the significant economic and non-economic recovery achieved in this Action."

➢   *Dennis Rice v. Lafarge North America, Inc., et al.*, Civil No. 268974-V, before the Honorable Michael D. Mason in the Circuit Court for Montgomery County, Maryland.  BR&B, as co-lead counsel, represented lead plaintiff the Philadelphia BPR in this class action litigation contesting the buy-out of Lafarge North America by majority owner Lafarge S.A. in 2006.  After extensive discovery and injunction practice, Lafarge SA agreed to increase its tender offer price from its initial offer of $75 per share to the final price of $85.50, a benefit to the class of approximately **$388 million.**

➢   *In re Chiron Shareholder Deal Litigation*, Case No. RG 05-230567, before the Honorable Robert B. Freedman in the California Superior Court for Alameda County.  BR&B, as lead counsel, represented an individual investor and the class in this class action litigation contesting the proposed acquisition of Chiron Corp. by Novartis AG in 2005.  After extensive discovery and injunction practice, Novartis agreed to increase the offering price from its initial offer of $40 per share to the final price of $48, a benefit to the class of approximately **$880 million.**

➢   *In re Cheniere Energy, Inc. Stockholders Litigation*, Consolidated C.A. No. 9710-VCL, before Vice Chancellor J. Travis Laster in the Delaware Chancery Court, provides another example of the Firm's ability to obtain corporate governance remedies and recoveries of assets.  In 2015, BR&B achieved a settlement of lawsuits initiated by BR&B on behalf of investors against Cheniere's CEO, certain other senior executives, and the members of Cheniere's board of directors alleging that Cheniere's management team and board breached the terms of the company's bylaws as well as their fiduciary duties to the company and its shareholders with respect to stock awards made in 2013.  The lawsuits also challenged the board's plan to seek stockholder authorization at a June 2014 Annual Stockholder Meeting to place an additional 30 million shares within the share reserve of the company's long-term stock incentive plan so that the board would have those shares available to grant to company insiders from 2014 through 2018.  Upon BR&B's filing of the initial complaint, Cheniere postponed the Annual Stockholder Meeting for three months, and thereafter took off the agenda for the Meeting the proposal to add another 30 million shares to the stock incentive plan's share reserve.  The settlement negotiated with defendants, following oral argument on motions to dismiss the action, among other things: (a) invalidated the board's ability to issue to company insiders 7.845 million shares of stock that the company claimed had been validly set aside for compensation purposes based on a prior stockholder vote, **which shares had a market price-based value at the time of the settlement of approximately $565 million**; (b) provided that the 7.845 million shares could be used for compensation purposes only if the company scheduled a new vote and obtained stockholder authorization pursuant to a voting standard in line with the default provision of Delaware law, a so-called "present and entitled to vote" standard under which abstentions are counted as "no" votes; and (c) prohibited the company from granting to company insiders or

FIRM BIOGRAPHY                                                                                                                                23

seeking stockholder approval for any further stock-based compensation to company insiders until January 1, 2017.  The settlement was approved by the Delaware Chancery Court in March 2015.  Notably, the company never sought a new vote concerning the 7.845 million shares that were invalidated through the litigation settlement.

➢   *Government Employees' Retirement System of the Virgin Islands v. Michael D. Higgins, et al.,* Civil Action No. 11-01993 (Ct. Comm. Pleas, Chester Cty., PA).  In this case, before the Honorable Robert J. Shenkin in the Court of Common Pleas in Chester County, Pennsylvania, BR&B was retained by the Government Employees' Retirement System of the Virgin Islands to bring a shareholder derivative action on behalf of Synthes, Inc., a medical device company headquartered in Pennsylvania.  The case arose from the indictment of several company executives for illegal "off label" promotion of a bone cement product.  The case was settled on the basis of significant corporate governance and compliance reforms that Synthes agreed to undertake.  These included:  the elimination of staggered board terms for the board of directors; the establishment of a nominating committee of the board comprised solely of independent directors; the adoption of a by-law provision prohibiting the chairman of the board from also being the CEO; the appointment of a chief compliance officer reporting directly to the board of directors; the establishment of a compliance committee consisting of most of the company's senior management; and policies strictly forbidding the off-label promotion of the company's products.

➢   *K12, Inc.*:  BR&B achieved significant corporate governance remedies on behalf of shareholders of K12 Inc.  In October 2012, the Firm, on behalf of its client Oakland County Employees' Retirement System, demanded the inspection of certain K12 books and records pursuant to Section 220 of the Delaware General Corporation Law.  The purpose of the requested inspection was to investigate possible mismanagement and breach of fiduciary duties by the Company's officers and directors in connection with student enrollment, retention, teacher qualifications and certification, and K12's reported revenues.  Following a mediation that also included stockholders who had filed a derivative case against K12 and stockholders who had made a demand upon the Board of K12, all plaintiffs and the individual K12 defendants entered into a settlement agreement that provided for significant corporate governance changes at K12.  BR&B sought these corporate governance reforms to remedy alleged deceptive recruiting, sales practices, and strategies at K12 designed to illegally increase enrollment. Among other corporate governance reforms, the Board agreed to approve a Legal and Ethics Compliance Program to prevent misconduct and detect potential violations of applicable law, regulations and Company policies. To implement these changes, K12's charter was to provide for a management-level Compliance Committee that will report to the Audit Committee.  In addition, this Committee was to establish a Chief School Compliance Officer who will report to the General Counsel and will have the responsibility to review all existing policies, practices, and procedures pertaining to applicable education laws, rules and regulations to ensure the Company's compliance.  Other corporate governance reforms included (1) the retention of a subject matter consultant to deliver a "boot camp" training program to all members of senior management regarding SEC disclosure and compliance regulations; and (2) the establishment

of an employee hotline for K12 employees to report violations of policies, procedures or ethical violations.  The settlement agreement was approved in November 2013.  *Staal v. Tisch, et al.*, 12-cv-00365-SLR (D. Del.).

➢ *In Re Barnes & Noble Stockholder Derivative Litigation*, C.A. No. 4813-CS (Del. Chancery Ct.), before the Honorable Leo E. Strine, Jr. in the Delaware Court of Chancery. BR&B served as co-lead counsel in this derivative action challenging the corporation's overpayment for an asset owned by its controlling stockholder.  After extensive litigation, an eve-of-trial settlement providing a reduction in the purchase price of the asset of **$29 million** was achieved.  The settlement was approved on September 4, 2012.

➢ *Edward J. Goodman Life Income Trust v. Huang, et al.*, No. 4:06-cv-06110 (N.D. Cal.).  BR&B served as a co-lead counsel in this consolidated derivative action relating to a stock options backdating scheme that benefited Nvidia Corp. executives and board members at the expense of the company and its public shareholders.  The plaintiffs alleged that beginning when Nvidia became a public company and moving forward, certain executives had engaged "in a secret scheme to grant undisclosed, in-the-money stock options to themselves and others by backdating stock option grants to coincide with historically low prices for Nvidia's common stock."  After consulting with the plaintiffs and other influential institutional investors, the Firm and our co-counsel negotiated a historic settlement that achieved not only a direct economic benefit to the Company, with an aggregate value of $15.8 million, but also significant corporate governance measures that included: (1) board members would be limited to service on the board of directors of no more than four publicly traded companies; (2) at least three-quarters of board members were required to be independent; (3) board members would receive at least 50% of their annual compensation through common stock payments; (4) a required series of director education programs; (5) annual election of a lead independent director with various responsibilities set forth in the settlement agreement; (6) the lead independent director would contact the five largest shareholders, offering to meet with them to discuss matters of importance to such shareholders, including but not limited to board composition and other corporate governance matters; and (7) certain compensation practice reforms, including but not limited to changes in the company's stock option plans and granting practices.

➢ *Resnick v. Occidental Petroleum, et al.*, Case No. 10-cv-00390 (D. Del.).  BR&B led this corporate governance case before the Honorable Robert Kelly, in which the Firm successfully advocated for corporate governance and excessive executive compensation reforms through shareholder rights claims asserted in direct and derivative claims alleging that the company's directors had breached fiduciary and other legal duties.  The litigation resulted in corporate therapeutics and benefits that were described by the Court as "meaningful change" to the company's executive compensation and reporting policies and practices that "affords valuable consideration to Occidental and its shareholders."

➢ *Herbert Resnik v. Patricia A. Woertz, et al. (Archer-Daniels-Midland Company),* Civil Action No. 1:10-cv-00527-GMS (D. Del.).  In this action, before Chief Judge Gregory M. Sleet, BR&B alleged that ADM's 2009 Incentive Compensation Plan failed to comply with SEC

regulations and the Internal Revenue Code by failing to disclose the consultants and advisors eligible for compensation under it and by dramatically increasing the maximum awards participants could receive.  Through a settlement, ADM agreed to make all necessary curative disclosures and to take steps to ensure the violations would not continue in the future, including that ADM's Compensation and Succession Committee, or a properly delegated subcommittee or officer, would be charged with adhering strictly to Delaware's law regarding awards of equity compensation.

# Significant Recoveries in Antitrust Litigation

The Firm has achieved significant recoveries on behalf of class members in antitrust cases, including the following:

➢ *In re Urethane Antitrust Litigation*, 2:04-md-01616-JWL (D. Kan.).  After nearly nine years of litigation and four weeks of trial, the Jury reached a verdict for plaintiffs in excess of $400 million (before trebling) against defendant Dow Chemical Company, and the District Court entered a Judgment of $1.06 billion, which was upheld on appeal by the Tenth Circuit Court of Appeals.  While on appeal to the U.S. Supreme Court, the case against Dow settled for **$835 million**, which was in addition to earlier settlements reached with other defendants.  BR&B served as a member of the trial team for the case.

➢ *In re Vitamins Antitrust Litigation*, MDL No. 1285 (D.D.C.).  In this highly complex litigation, plaintiffs achieved settlements **in excess of $1 billion**.  BR&B served as a member of the executive committee.

➢ *In re Citric Acid Antitrust Litigation*, Master File No. 95-2963 (N.D. Cal.).  After five years of litigation, plaintiffs achieved settlements totaling **over $80 million**.  BR&B served as co-lead counsel.

➢ *In re Graphite Electrodes Antitrust Litigation*, Master File No. 97-CV-4182 (CRW) (E.D. Pa.).  After six years of litigation, plaintiffs achieved settlements totaling **over $133 million**.  BR&B served as co-lead counsel.

➢ *In re Automotive Refinishing Paint Antitrust Litigation*, MDL No. 1426 (E.D. Pa.).  After five years of litigation, plaintiffs achieved settlements totaling **over $105 million**.  See 617 F. Supp.2d 336 (E.D. Pa. 2007).  BR&B served as co-lead counsel.

➢ *In re Sorbates Antitrust Litigation,* No. C 98-4886 (N.D. Cal.).  After four years of litigation, plaintiffs achieved settlements in the total amount of **$96.5 million**.  BR&B served as co-lead counsel.

➢ *Thomas & Thomas Rodmakers, Inc., et al. v. Newport Adhesives and Composites, et al.*, No. CV-99-07796 FMC (RNBx) (C.D. Cal.) (Carbon Fiber Antitrust Litigation).  Plaintiffs achieved settlements totaling **$67.5 million**.  BR&B served as co-lead counsel.

> ➢ *In re Polypropylene Carpet Antitrust Litigation*, MDL No. 1075 (N.D. Ga.).  After five years of litigation, plaintiffs achieved a recovery of **nearly $50 million**.  See 93 F. Supp. 2d 1348 (N.D. Ga. 2000).  BR&B served as co-lead counsel.

> ➢ *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (W.D. Pa.).  After more than seven years of litigation, plaintiffs were successful in maintaining the case on appeal, see 385 F.3d 350 (3d Cir. 2004), and achieved total recoveries of **more than $120 million**.  BR&B served as co-lead counsel.

## Significant Recoveries in Consumer Litigation

The Firm has also achieved significant recoveries on behalf of class members in consumer cases, including the following:

> ➢ "Senior Annuity" cases in which BR&B served as a co-lead counsel or participated in the prosecution group, which achieved settlements valued in the aggregate **between $552 million and $1.273 billion**, after asserting claims against insurance companies under consumer protection and elder abuse statutes and the Racketeer Influenced and Corrupt Organizations Act, including the following:

> > • *Negrete. et al. v. Allianz Life Insurance Company of North America*, Case No. 05-cv-06838-CAS-MAN (C.D. Cal.), resulted in a claims-made settlement valued between $251 million and $971 million;

> > • *In re American Equity Annuity Practices and Sales Litigation*, Case No. 2:05-cv-06735-CAS-MAN (C.D. Cal.), resulted in a settlement valued at approximately $129 million;

> > • *Rand v. American National Insurance Co.*, Case No. 3:09-cv-0639-WDB (N.D. Cal.), resulted in a settlement valued at more than $9 million;

> > • *Negrete, et al. v. Fidelity and Guaranty Life Insurance* Company, Case No.  2:05-cv-06837-CAS-MAN (C.D. Cal), resulted in a settlement valued at approximately $52.7 million;

> > • *Meadows v. Jackson National Life Insurance Co.*, Case No.  4:12-cv-1380-CW (N.D. Cal), resulted in a settlement valued at more than $11.2 million;

> > • *Midland National Life Insurance Co Annuity Sales Practices Litigation*, Case No. 2:07-ml-01825-CAS-MAN (C.D. Cal.), resulted in a settlement valued at $79.5 million; and

> > • *In re National Western Life Insurance Deferred Annuities Litigation*, Case No. 05-cv-1018-AJB (WVG), resulted in a settlement valued at more than $21 million.

➢ *Rieff v. Evans* (Allied Mutual Insurance Company Demutualization Litigation), Civil Action No. CE 35780 (Polk Cty., Iowa, District Ct.). BR&B, as co-lead counsel for a class of individual mutual insurance company policyholders (as owners of the mutual, similar to shareholder-owners of a stock company), brought an action against management for, inter alia, conversion of the value of their ownership interests in the mutual under a theory of de facto demutualization. The Iowa Supreme Court upheld the plaintiffs' theory in *Rieff v. Evans¸* 630 N.W.2d 278 (Iowa 2001), and the case was subsequently resolved for **approximately $130 million.**

➢ *Hernandez, et al. v. Google, Inc., et al.,* Case No. 1-15-CV-280601 (Santa Clara Cty., California, Superior Ct.), before the Honorable Brian C. Walsh. BR&B, on behalf of the plaintiffs and similarly situated purchasers of gift cards issued by Google, Inc. for use in its Google Play Store, prosecuted this action to require defendants to abide by California law with regard to gift cards with less than a $10.00 balance on them. Pursuant to the settlement reached in the case, Google agreed to comply with California law, which requires sellers to refund gift card balances of less than $10.00 upon request. In addition, Google agreed to (1) provide refunds to all Google Play users who had previously requested, but were denied, such refunds; (2) provide additional training regarding the refund requirements to its customer service representatives; and (3) provide notice of the availability of refunds on its website. Notably, after the filing of the lawsuit, Google revised its payment system, allowing gift card users to combine their gift cards with other forms of payment. The changes adopted by Google pursuant to the settlement are ongoing, providing benefit to millions of Google Play gift card users. The court granted final approval of the settlement in January 2017.

➢ *Gutierrez v. Charles J. Givens Organization, et al.*, Case No. 667169 (San Diego Cty., California, Superior Court). BR&B, on behalf of the plaintiff and similarly situated class members, achieved a jury verdict in **excess of $14 million** for the benefit of the plaintiff consumer class.

➢ In litigation involving the Harleysville Mutual insurance company in the Court of Common Pleas of Philadelphia County, Pennsylvania, BR&B served as co-lead counsel representing policyholders of Harleysville Mutual challenging Nationwide Mutual Insurance Company's 2011 attempt to acquire Harleysville Mutual without providing any compensation to its mutual policyholders, even though it agreed to pay $60 per share to acquire the shares of Harleysville's stock subsidiary. As a result of the plaintiffs' persistent litigation efforts, including expedited discovery and motion practice, in 2012 defendants agreed to pay **$26 million** in compensation for the benefit of Harleysville's mutual policyholders.

➢ BR&B also successfully litigated an insurance-related takeover matter for the New York Liquidation Bureau ("NYLB"). The NYLB, an arm of the Department of Financial Services of the State of New York (formerly the Department of Insurance), selected BR&B (following a competitive process in 2012) to serve as lead trial counsel in a major piece of litigation then pending in the New York Supreme Court against predecessor banks of J.P. Morgan Chase and Bank of America. The suit, filed in 2000, charged those banks with wrongfully obtaining $13

**FIRM BIOGRAPHY**                                                                                                 28

million from a New York-domiciled insurer, United Community Insurance Company ("UCIC"), to pay off debts that UCIC's principals owed the banks.  In the lawsuit, NYLB alleged that this transfer constituted a violation of the New York fraudulent conveyance statute because, at the time the funds were transferred, UCIC was insolvent, or was rendered insolvent by the transfer, and UCIC did not receive reasonably equivalent value in exchange for the $13 million.  In assuming responsibility for that litigation, BR&B reviewed the results of 12 years of discovery and motion practice, engaged in additional fact and expert discovery in preparing the case for trial, and ultimately obtained a favorable settlement of the case for the NYLB.

## Significant Legal Authority

The Firm has been responsible for establishing significant legal authority in the securities litigation field in many cases, including the following:

➢   *Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975) (establishing the standards for class actions in securities cases).

➢   *In  re WorldCom, Inc. Securities Litigation:*  Throughout the litigation, the court issued dozens of decisions including the following significant reported decisions:  234 F.Supp.2d 301 (S.D.N.Y. 2002) (granting discovery motion prior to motions to dismiss); 294 F.Supp.2d 392 (S.D.N.Y. 2003) (denying in major part the defendants' motions to dismiss); 219 F.R.D. 267 (S.D.N.Y. 2003) (granting plaintiffs' motion for class certification); 2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004) (approving settlement with Citigroup defendants and proposed plan of allocation); 2005 WL 638268 (S.D.N.Y. Mar. 21, 2005) (denying director defendant's summary judgment motion); 346 F.Supp.2d 628 (S.D.N.Y. 2004) (denying the underwriter defendants' motion for summary judgment, and granting in part lead plaintiff's motion for summary judgment, and setting the standard for underwriters in order to comply with their due diligence obligations under the Securities Act); 352 F.Supp.2d 472 (S.D.N.Y. 2005) (denying auditor's motion for summary judgment and setting the standard for outside auditors in conducting audits and issuing audit opinions for financial statements); 2005 WL 375313 (S.D.N.Y. Feb. 17, 2005) (granting in part and denying in part auditor's motions in limine, including denial of motion to exclude introduction of the WorldCom restatement at trial); 2005 WL 375314 (S.D.N.Y. Feb. 17, 2005) (denying in major part underwriter defendants' motions in limine, including denial of motion to exclude plaintiffs from presenting aggregate damages evidence); 2005 WL 375315 (S.D.N.Y. Feb. 17, 2005) (denying underwriter defendants' motion to separate trial into three phases, and granting lead plaintiff's motion to exclude evidence relating to individual plaintiffs from trial of the class claims); 2005 WL 627698 (S.D.N.Y. Mar. 16, 2005) (allowing lead plaintiff's accounting and auditing expert to rely on reports issued by the WorldCom Audit Committee and the WorldCom Bankruptcy Examiner in formulating expert opinions); 2005 WL 638268 (S.D.N.Y. Mar. 21 2005) (denying director defendant's summary judgment motion and setting the standard for directors of public companies); 2005 WL 2319118 (S.D.N.Y., Sept. 21, 2005) (approving settlements with all remaining defendants and supplemental plan of

allocation); and 366 F.3d 70 (2d Cir. 2004) (granting in part appeals from class certification ruling prior to withdrawal of appeal).

➤ *Employees' Retirement System of Government of the Virgin Islands v. Blanford*, 794 F.3d 297 (2d Cir. 2015) (reversing dismissal of complaint and setting important precedent in rulings that: (1) rather than being exculpatory, the executives' adoption of a pre-determined 10b5-1 trading plan during the class period could support an inference of their scienter; and (2) efforts to hide inventory from auditors may indicate scienter).

➤ *Iowa Public Employees' Retirement System v. MF Global, Ltd., 620* F3d. 137 (2d Cir. 2010) (reversing dismissal of complaint).

➤ *In re Apollo Group, Inc. Securities Litigation*, 2010 WL 5927988 (9th Cir. June 23, 2010), *cert. denied,* 562 U.S. 1270 (2011) (reversing judgment notwithstanding the verdict on loss causation grounds, and reinstating jury verdict).

➤ *Becker v. BNY Mellon Trust Co., N.A.,* 172 F. Supp. 3d 777 (E.D. Pa. 2016) (denying motion for summary judgment); 2016 WL 6397415 (E.D. Pa. October 28, 2016) (reconsideration denied); 2016 WL5816075 (E.D. Pa. October 5, 2016) (granting class certification).

➤ *Pennsylvania Public School Employees' Retirement System v. Bank of America Corp.*, 874 F.Supp.2d 341 (S.D.N.Y. 2012) (denying motion to dismiss complaint); 2013 WL 1664696 (S.D.N.Y., April 17, 2013) (denying motion to dismiss amended complaint).

➤ *In re American International Group, Inc. 2008 Securities Litigation*, 741 F.Supp.2d 511 (S.D.N.Y. 2010) (denying all motions to dismiss complaint).

➤ *In re OmniVision Technologies, Inc. Securities Litigation*, 2013 WL 1334250 (N.D.Cal., March 29, 2013) (denying motion to dismiss complaint).

➤ *Herbert Resnik v. Patricia A. Woertz, et al. (Archer-Daniels-Midland Derivative Litigation)*, 2011 U.S. Dist. LEXIS 31868 (D. Del. March 28, 2011) (denying motion to dismiss derivative complaint).

➤ *Arkansas Teachers Retirement System v. Caiafa (Countrywide Financial Corp./Bank of America Merger Litigation),* 996 A.2d 321 (Del. 2010) (approving settlement and establishing potential basis for challenging mergers).

➤ *In re Cendant Corp. Securities Litigation*:  Throughout the course of the litigation, the court issued several important decisions including the following reported decisions:  182 F.R.D. 144 (D.N.J. 1998); 191 F.R.D. 387 (D.N.J. 1998); 182 F.R.D. 476 (D.N.J. 1998); 60 F.Supp.2d 354 ((D.N.J. 1999); 2000 WL 1288307 (D.N.J., April 7, 2000); 194 F.R.D. 158 (D.N.J. 2000); 109 F.Supp.2d 235 (D.N.J. 2000); 109 F.Supp.2d 273 (D.N.J. 2000); 109 F.Supp.2d 285 (D.N.J. 2000); 243 F.Supp.2d 166 (D.N.J. 2003);  264 F.3d 201 (3rd Cir. 2001); 264 F.3d 286 (3d Cir. 2001); 404 F.3d 173 (3rd Cir. 2005).

➢ *In re McKesson HBOC, Inc. Securities Litigation*:  Throughout the course of the litigation, the court issued several important decisions including the following reported decisions: 79 F.Supp.2d 1146 (N.D. Cal. 1999); 97 F.Supp.2d 993 (N.D. Cal. 1999); 126 F.Supp.2d 1239 (N.D. Cal. 2000); 2000 WL 34016195 (9th Cir. 2000); 126 F.Supp.2d 1248 (N.D. Cal. 2000); 339 F.3d 1087 (9th Cir. 2003) (9th Circuit affirmed the dismissal of a complaint brought by McKesson against lead plaintiff the New York State Common Retirement Fund, which sought to hold the NYSCRF and innocent class members responsible for damages allegedly suffered by the McKesson defendants); 2005 WL 946456 (N.D. Cal., March 31, 2005); 2005 WL 946455 (N.D. Cal., March 31, 2005); 2005 WL 934331 (N.D. Cal., March 31, 2005).

➢ *In re DaimlerChrysler AG Securities Litigation:*  Throughout the course of the litigation, the court issued several important decisions including the following reported decisions: 197 F.Supp.2d 42 (D. Del. 2002); 197 F.Supp.2d 86 (D. Del. 2002); 200 F.Supp.2d 439 (D. Del. 2002); 247 F.Supp.2d 579 (D. Del. 2003); 216 F.R.D. 291 (D. Del. 2003), as amended by 2003 U.S. Dist. LEXIS 10849 (D. Del. June 19, 2003); 216 F.R.D. 395 (E.D. Mich. 2003); 269 F.Supp.2d 508 (D. Del. 2003).

➢ *City of Monroe Employees Retirement System v. Bridgestone Corp.*, 399 F.3d 651 (6th Cir. 2005).

➢ *In re PainCare Holdings Securities Litigation*, 2008 WL 348781 (M.D. Fla., Feb. 7, 2008).

➢ *In re Schering-Plough Corp. Sec. Litigation*, Master File No. 01-0829 (KSH), 2003 WL 25547564 (D.N.J. Oct. 10, 2003) (opinion granting motion for class certification).

➢ *Rieff v. Evans*, 630 N.W.2d 278 (Iowa 2001) and 672 N.W.2d 728 (Iowa 2003) (Allied Mutual Insurance Company demutualization litigation).

➢ *Rasner v. Sturm*, No. 00-K-1376 (D. Colo. June 20, 2001) (First World Communications, Inc. litigation).

➢ *In re Envoy Corporation Securities Litigation*, No. 3:98-0760 (WJH) (M.D. Tenn.).

➢ *In re HI/FN, Inc. Securities Litigation*, Master File No. C-99-4531-SI (N.D. Ca.).

➢ *Bell v. Fore Systems, Inc.,* 1998 U.S. Dist. LEXIS 7910 (W.D. Pa. 1998), adopted, 1998 U.S. Dist. Lexis 9589 (W.D. Pa. 1998).

➢ *In re Ancor Communications, Inc. Securities Litigation*, Master File No. 97-CV-1696 ADM/JGL (D. Minn. July 14, 1998).

➢ *Blaich v. Employee Solutions, Inc.*, No. Civ-97-545 (D. Ariz. August 11, 1998).

➢ *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410 (3d Cir. 1997).

➢ *Weiner v. The Quaker Oats Company*, 129 F.3d 310 (3d Cir. 1997).

➢ *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997).

➢ *Gross v. Medaphis Corp.*, 977 F.Supp. 1463 (N.D. Ga. 1997).

➢ *Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1995).

➢ *Shapiro v. UJB Financial Corp.*, 964 F.2d 272 (3d Cir. 1992).

➢ *In re Control Data Corporation Securities Litigation*, 933 F.2d 616 (8th Cir. 1991).

➢ *Gladwin v. Medfield*, 1975 WL 360, CCH Fed.Sec.L.Rep. ¶95,012 (M.D. Fla. 1975), aff'd, 540 F.2d 1266 (5th Cir. 1976).

➢ *Herskowitz v. Nutri/System, et al.*, 857 F.2d 179 (3rd Cir. 1988).

# Attorney Resumes

*Leonard Barrack*, the founder of Barrack, Rodos & Bacine, is a graduate of Temple University Law School (J.D. 1968) where he was Editor in Chief of the Temple Law Reporter. Mr. Barrack has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for more than 50 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1969, and is also a member of the bars of the United States Supreme Court, the United States Courts of Appeals for the First, Third, Eighth and Tenth Circuits, and the United States District Court for the Eastern District of Pennsylvania. Mr. Barrack can be reached at the Firm's Philadelphia, PA office.

Since enactment of the PSLRA, Mr. Barrack has been appointed lead or co-lead counsel in dozens of securities cases throughout the United States, including three of the largest case settlements in securities class action history. In *In re WorldCom, Inc. Securities Litigation,* before the Honorable Denise L. Cote in the Southern District of New York, Mr. Barrack was responsible for guiding both the vigorously prosecuted litigation – including the five-week trial against Arthur Andersen – as well as negotiating on behalf of the NYSCRF the ground-breaking settlements totaling more than $6.19 billion with WorldCom's underwriters, its outside directors, and Arthur Andersen, in the midst of trial. He was also co-lead counsel in *In re Cendant Corporation Litigation*, before the Honorable William H. Walls in the District of New Jersey, which, at $3.3 billion, was the previously highest recovery ever achieved in a securities fraud class case; *In re McKesson HBOC, Inc. Securities Litigation,* before the Honorable Ronald M. Whyte in the Northern District of California, which settled for $1.052 billion. Mr. Barrack was also appointed co-lead counsel in *In re Merrill Lynch & Co. Securities, Derivative and ERISA Litigation*, before the Honorable Jed S. Rakoff in the Southern District of New York (settlement of $475 million approved in August 2009) and co-lead counsel in *In re American International Group, Inc. Securities Litigation*, before the Honorable Laura Taylor Swain in the Southern District of New York, which settled for $970.5 million.

Mr. Barrack has had extensive trial and deposition experience in complex actions including the successful trial of derivative lawsuits under Section 14(a) of the Securities Exchange Act of 1934; *Gladwin v. Medfield*, CCH Fed. Sec. L. Rep. ¶95,012 (M.D. Fla. 1975), *aff'd*, 540 F.2d 1266 (5th Cir. 1976); *Rafal v. Geneen*, CCH Fed. Sec. L. Rep. ¶93,505 (E.D. Pa. 1972). In addition, Mr. Barrack has lectured on class actions to sections of the American and Pennsylvania Bar Association and is the author of *Developments in Class Actions*, The Review of Securities Regulations, Volume 10, No. 1 (January 6, 1977); Securities Litigation, *Public Interest Practice and Fee Awards*, Practicing Law Institute (March, 1980).

*Gerald J. Rodos*, a partner at Barrack, Rodos & Bacine, is a graduate of Boston University (B.A. 1967) and an honor graduate of the University of Michigan Law School (J.D. *cum laude* 1970). Mr. Rodos has been practicing in the area of securities class and derivative actions, antitrust litigation and corporate litigation generally, for more than 40 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1971, and is also a member of the bars of the Supreme Court of the United States, the United States Court of Appeals for the Third Circuit, and the United States District Court for the Eastern District of Pennsylvania. Mr. Rodos can be reached at the Firm's Philadelphia, PA office.

Mr. Rodos has been appointed lead counsel, *inter alia*, in *Payne, et al. v. MicroWarehouse, Inc., et al.*, before the Honorable Dominic J. Squatrito in the District of Connecticut; *In re Sunbeam Securities Litigation,* pending before the Honorable Donald M. Middlebrooks in the Southern District of Florida; *In re Regal Communications Securities Litigation*, before the Honorable James T. Giles in the Eastern District of Pennsylvania; *In re Midlantic Corp. Shareholders Securities Litigation*, before the Honorable Dickinson R. Debevoise in the District of New Jersey; *In re Craftmatic Securities Litigation*, before the Honorable Joseph L. McGlynn, Jr. in the Eastern District of Pennsylvania; *In re New Jersey Title Insurance Litigation*, Case No. 2:08-cv-01425-PGS-ES, before the Honorable Peter G. Sheridan in the District of New Jersey; *In re Automotive Refinishing Paint Antitrust Litigation*, Case No. 2:01-cv-02830-RBS, before the Honorable R. Barclay Surrick in the Eastern District of Pennsylvania; and *In re Publication Paper Antitrust Litigation*, Docket No. 3:04 MD 1631 (SRU), before the Honorable Stefan R. Underhill in the District of Connecticut, among many others. Mr. Rodos also represented lead plaintiff in the *WorldCom* litigation.

Mr. Rodos is the co-author of *Standing To Sue Of Subsequent Purchasers For Antitrust Violations -- The Pass-On Issue Re-Evaluated*, 20 S.D.L. Rev. 107 (1975), and *Judicial Implication of Private Causes of Action; Reappraisal and Retrenchment*, 80 Dick. L. Rev. 167 (1976).

*Daniel E. Bacine*, a partner at Barrack, Rodos & Bacine, is a graduate of Temple University (B.S. 1967) and of Villanova University School of Law (J.D. 1971), where he was an Associate Editor of the Law Review and a member of the Order of the Coif. Mr. Bacine has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for more than 40 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees. He was admitted to the bar of the Supreme Court of Pennsylvania in 1971, and is also a member of the bars of the United States

Courts of Appeals for the Third and Seventh Circuits and the United States District Court for the Eastern District of Pennsylvania. Mr. Bacine can be reached at the Firm's Philadelphia, PA office.

Mr. Bacine is an experienced civil litigator in both the federal and state courts, having tried jury and non-jury securities and other commercial cases, including cases involving disputes between securities brokerage firms and their customers. He has been lead or co-lead counsel in various class actions, including, *inter alia*, *In re American Travelers Corp. Securities Litigation*, in the Eastern District of Pennsylvania; *In re IGI Securities Litigation, in the District of New Jersey; Kirschner v. CableTel Corp.*, in the Eastern District of Pennsylvania; *Lewis v. Goldsmith*, in the District of New Jersey; *Rieff v. Evens (Allied Mutual Demutualization Litigation)*, in the District Court for Polk County, Iowa; *Crandall v. Alderfer (Old Guard Demutualization Litigation)*, in the Eastern District of Pennsylvania; and *In re Harleysville Mutual*, in the Court of Common Pleas of Philadelphia.

Mr. Bacine served as senior plaintiff's counsel in *Becker v. BNY Mellon Trust Co., N.A.*, in the Eastern District of Pennsylvania, a class action case that resulted in several important decisions delineating the duties of indenture trustees to bondholders: 172 F. Supp. 3d 777 (E.D. Pa. 2016) (denying motion for summary judgment); 2016 WL 6397415 (E.D. Pa. October 28, 2016) (reconsideration denied); 2016 WL5816075 (E.D. Pa. October 5, 2016) (granting class certification). He was senior counsel at the trial of the *Becker* matter, which settled just before closing arguments.

Mr. Bacine sits as an arbitrator for the Financial Industry Regulatory Authority, hearing disputes involving the securities industry, and has chaired numerous FINRA arbitration panels since 2000. He has also been an adjunct professor of law at Drexel University's Thomas R. Kline School of Law and an adjunct lecturer in law at Villanova University School of Law, teaching courses in class actions and complex litigation.

*E. Teresa Ahonkhai*, an associate at Barrack, Rodos & Bacine's Philadelphia office, is a graduate of Georgetown University School of Foreign Service (1997, B.S. International Politics & Spanish) and Temple University Beasley School of Law (2002, J.D.). She was admitted to practice in Pennsylvania in 2002. She can be reached at the Firm's Philadelphia, PA office.

At BR&B, Ms. Ahonkhai represents investors in class and derivative actions, including cases involving securities fraud, shareholder rights and corporate governance. Ms. Ahonkhai was a member of the litigation team that prosecuted *In re American International Group, Inc. 2008 Securities Litigation*, which resulted in a $970.5 million settlement for defrauded investors, among the largest recoveries ever achieved in a securities fraud class action arising from the 2008 financial crisis.

Ms. Ahonkhai serves as a volunteer for Big Brothers Big Sisters, a mentoring organization that pairs at-risk youth with positive role models with the goal of overcoming otherwise significant barriers to success and for Metropolitan Area Neighborhood Nutrition Alliance (MANNA), a non-profit that prepares and delivers nutritional meals and nutrition

services at no cost to individuals in need.  A former college and professional basketball player, Ms. Ahonkhai is a frequent lecturer for high-school and collegiate student-athletes and coaches.

**William J. Ban**, a partner at Barrack, Rodos & Bacine, is a graduate of Brooklyn Law School (J.D. 1982) and Lehman College of the City University of New York (A.B. 1977).  For more than thirty-five years, Mr. Ban's practice of law has focused on securities, antitrust and consumer class action litigation on behalf of plaintiffs and he has participated as lead or co-lead counsel, on executive committees and in significant defined roles in scores of major class action litigations in federal and state courts throughout the country.  Since Mr. Ban came to the Firm in 2004, he has been an important member of the firm's litigation teams for: *In re WorldCom, Inc. Securities Litigation*, Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote in the Southern District of New York;  *IPERS v. MF Global, Ltd.*, 08-Civ-2233 (VM), before the Honorable Victor Marrero in the Southern District of New York; *Pennsylvania Public School Employees' Retirement System v. Bank of America Corp., et al.,* Civil Action No. 1:11-cv-733-WHP, before the Honorable William H. Pauley, III, in the Southern District of New York; *In re Automotive Refinishing Paint Antitrust Litigation*, MDL Docket No. 1426, before the Honorable  R. Barclay Surrick in the Eastern District of Pennsylvania; *In re: OSB Antitrust Litigation*, 06-CV-00826 (PSD), before the Honorable Paul S. Diamond in the Eastern District of Pennsylvania; and the recently concluded *In re: Lithium Ion Batteries Antitrust Litigation*, MDL Docket No. 2420, before the Honorable Yvonne G. Rogers in the Northern District of California, among others.  Mr. Ban was admitted to practice in New York in 1983 and in Pennsylvania in 2005.  He is a member of the bars of United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Pennsylvania and is a member of the New York City Bar Association.  Mr. Ban can be reached at the Firm's New York, NY office.

**Jeffrey A. Barrack**, a partner at Barrack, Rodos & Bacine, is a graduate of Clark University (B.A. 1990), Boston College (M.A. 1992) and Temple University School of Law (J.D. 1996).  He was admitted to practice in Pennsylvania in 1996 and in New York in 2009, is a member of the bars of the United States Court of Appeals for the Third Circuit and the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Pennsylvania, and has been admitted *pro hac vice* in district courts throughout the United States.  Mr. Barrack has represented plaintiffs in securities fraud, antitrust and other class actions since joining the Firm in 1996.  He also has represented both plaintiff and defendant individual and corporate clients in environmental, consumer, business tort and commercial litigation in state and federal courts.  Before joining the Firm, Mr. Barrack served under the United States Attorney assisting in the prosecution of complex white-collar crime in the Eastern District of Pennsylvania and the Philadelphia District Attorney assisting in the prosecution of crime in Philadelphia.  He has been honored repeatedly by the First Judicial District of Pennsylvania as an attorney whose "work has been recognized by the judiciary as exemplary." Mr. Barrack can be reached at the Firm's Philadelphia, PA office.

Mr. Barrack served as a principal member of the litigation team and as a trial attorney in *In re Apollo Group Inc. Securities Litigation*, Master File No. CV-04-2147 PHX-JAT, before the Honorable James A. Teilborg of the United States District Court for the District of Arizona, which resulted in a $145 million recovery for the class.  With the firm representing the Policemen's Annuity and Benefit Fund of Chicago, the *Apollo Group* federal jury trial began in November 2007 and ended in a unanimous verdict for investors in January 2008 for the full amount requested per damaged share.  After the District Court entered a judgment notwithstanding the

verdict on loss causation grounds, Mr. Barrack participated on the briefing team before the Ninth Circuit Court of Appeals, which led to the Court of Appeals vacating the JNOV and reinstating the jury verdict. Mr. Barrack also participated on the briefing team before the U.S. Supreme Court, which denied defendants' petition for certiorari. Mr. Barrack led the successful loss causation evidentiary and expert presentation at trial.

Mr. Barrack was also a principal member of the litigation team in *In re WorldCom, Inc. Securities Litigation*, Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote of the United States District Court for the Southern District of New York, in which the Firm represented the New York State Common Retirement Fund. He served as a principal attorney on auditing and accounting issues through the case and actively participated in the five-week trial of the only non-settling defendant, WorldCom's former auditor Arthur Andersen LLP. The 2005 jury trial against Arthur Andersen resulted in an additional $103 million for the benefit of the class of WorldCom investors, prompting Judge Cote to commend in an opinion and order that in the "trial against Andersen, the quality of Lead Counsel's representation remained first-rate."

Mr. Barrack has also served public pensions as an important member of many successful litigation teams for the Firm. He represented the New York State Common Retirement Fund in the prosecution of *In re McKesson HBOC, Inc. Securities Litigation*, No. C-99-20743-RMW, before the Honorable Ronald M. Whyte in the Northern District of California, which resulted in more than $1.052 billion for investors from defendants, including Bear Stearns, the investment bank that issued a fairness opinion on the merger that was the subject of the action; the State Teachers Retirement System of Ohio in the prosecution of *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, Master File No.: 1:07-cv-9633-JSR-DFE, before the Honorable Judge Jed S. Rakoff, in the Southern District of New York, which settled for $475 million; the Iowa Public Employees Retirement System in the prosecution of *The Mills Corporation Securities Litigation*, Civil Action No. 1:06-cv-00077 (LO/TRJ), before the Honorable Liam O'Grady, in the Eastern District of Virginia, which settled for $202.75 million; the Denver Employees Retirement Plan, the Policemen's Annuity and Benefit Fund of Chicago, and the Municipal Employees Annuity and Benefit Fund of Chicago in the prosecution of *In re DaimlerChrysler AG Securities Litigation*, Master Docket No. 00-0993 (JJF), before the Honorable Joseph J. Farnan, Jr. in the District of Delaware ($300 million settlement); the CWA/ITU Negotiated Pension Plan in the prosecution of *In re Sunbeam Securities Litigation*, No. 98-8258-CIV-MIDDLEBROOKS, before the Honorable Donald M. Middlebrooks in the Southern District of Florida ($140 million settlement recovered from corporate defendants and the company's independent public accounting firm); the City of Philadelphia Board of Pensions and Retirement in the prosecution of *In re R&G Financial Corporation Securities Litigation*, Master File No. 05 Civ. 4186 (JES), before the Honorable John E. Sprizzo, in the Southern District of New York ($51 million settlement from corporate defendants and the company's independent public accounting firm); and the Iowa Public Employees Retirement System in the prosecution of *In re Bridgestone Securities* Litigation, Master File No. 3:01-cv-0017, before the Honorable Robert L. Echols in the Middle District of Tennessee ($30 million settlement from

Japanese corporation).  Mr. Barrack was also a principal member of the litigation team in *Pennsylvania Public School Employees' Retirement System v. Bank of America Corp., et al.,* Civil Action No. 1:11-cv-733-WHP, before the Honorable William H. Pauley, III, in the United States District Court for the Southern District of New York.  With the firm serving as counsel on behalf of PSERS, the lead plaintiff and class representative, Mr. Barrack served as a lead member in the litigation and resolution of the case, which settled for $335 million.

Mr. Barrack has successfully advocated corporate governance and excessive executive compensation reforms through shareholder rights claims asserted in direct and derivative cases alleging corporate directors' breaches of fiduciary and other legal duties.  For example, Mr. Barrack was a principal member of the litigation team in *Resnick v. Occidental Petroleum, et al.,* Case No. 10-cv-00390, before the Honorable Robert F. Kelly, presiding by special designation in the District of Delaware, which resulted in benefits described by the Court as "meaningful change" to the company's executive compensation and reporting policies and practices that "affords valuable consideration to Occidental and its shareholders."  And in *Gralnick v Apple, Inc.*, No. 13 Civ. 900 (RJS), 13 Civ. 0976 (RJS) (S.D.N.Y.), Mr. Barrack was a principal member of the litigation team that successfully challenged an improper proxy statement issued by Apple, Inc., seeking to preserve shareholders' right to a fair and informed shareholder vote and to enjoin the vote on the offending proposal.  The Court issue the injunction ruling that plaintiff shareholder was "likely to succeed on the merits and [would] face irreparable harm if the vote ... [was] permitted to proceed. Further, the Court finds that the balance of hardships tips in [plaintiff's] favor, and that a preliminary injunction would be in the public interest."

Mr. Barrack has participated in public pension board educational programs and conferences designed for the education of public pension fiduciaries.  For example, Mr. Barrack participated at a board educational program hosted by the Pennsylvania Public School Employees' Retirement System, and presented on trial practice in securities fraud litigation.  In addition, Mr. Barrack has presented to the members of the National Association of Public Pension Attorneys ("NAPPA") during its annual summer seminar, and has published work in its periodical, *The NAPPA Report*.  Mr. Barrack currently serves on NAPPA's Securities Litigation Working Group.  Mr. Barrack has lectured on private securities litigation at the Beasley School of Law at Temple University, has been a featured columnist on securities litigation for *The Legal Intelligencer*, the oldest law journal in the United States, and has written on trial practice for the *American Journal of Trial Advocacy.*

**Stephen R. Basser**, a partner at Barrack, Rodos & Bacine, is a graduate of the American University, Washington D.C. (B.A., with Honors, 1973) and Temple University School of Law, Philadelphia, Pennsylvania (J.D. *cum laude* 1976), where he was awarded the honor of "Highest Grade and Distinguished Class Performance" by its nationally renowned clinical trial litigation program and was selected to serve as a student prosecutor under the supervision of the United States Attorney's Office for the Eastern District of Pennsylvania.  Mr. Basser has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for over 32 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees.  He was admitted to the bars of the Supreme Court of Pennsylvania in 1976, and the Supreme Court of California in 1985.  He is also a

member of the bars of the United States Circuit Courts of Appeals for the Sixth and Ninth Circuits, and the United States District Courts for the Southern, Central and Northern Districts of California, the District of Colorado, the Eastern District of Pennsylvania and the Northern District of Texas.  Mr. Basser is the managing attorney in the Firm's San Diego, CA office.

Mr. Basser is an experienced civil litigator in federal and state courts and has successfully tried numerous civil jury and non-jury cases to verdict.  In addition to litigating product liability, medical malpractice, catastrophic injury, mass toxic tort and complex business disputes, Mr. Basser has extensive experience prosecuting securities class actions, including actions against Pfizer, Inc., Procyte Corp., Wall Data Corp., Louisiana-Pacific Corp., Samsonite Corp., TriTeal Corp., Sybase, Inc., Silicon Graphics, Inc., Orthologic Corp., Adobe, PeopleSoft, Inc., Safeskin Corp., Bridgestone Corp., Harmonic, Inc., 3Com Corp., Dignity Partners, Inc., Daou, Vivus, Inc., FPA Medical, Inc., Union Banc of California, Merix Corporation, Simulation Sciences, Inc., Informix Corporation, OmniVision Technologies, Inc. and Hewlett Packard Company.  Mr. Basser served as lead counsel representing lead plaintiff the Florida State Board of Administration in *In re Applied Micro Circuits Corp. Securities Litigation*, Lead Case No. 01-cv-0649-K (AJB), which settled for $60 million, one of the largest recoveries in a securities class action in the Southern District of California since passage of the PSLRA.  He also acted as co-lead counsel for lead plaintiff the NYSCRF in *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. CV-99-20743 RMW, which settled for a total of $1.052 billion from all defendants and is the largest securities fraud class action recovery in the Northern District of California.  Mr. Basser was the lead attorney in *In re Chiron Shareholder Deal Litigation*, Case No. RG 05-230567, (Superior Court in and for the County of Alameda, California), resulting in a settlement for the shareholder class valued at approximately $880 million, constituting one of the largest securities ever achieved in a merger related class action alleging breach of fiduciary duties by corporate officers and directors.  He was the lead trial attorney in *In re Apollo Group Inc. Securities Litigation*, Master File No. CV-04-2147 PHX-JAT (District of Arizona), before the Honorable James A. Teilborg, which was tried to a federal jury from November 2007 until the jury returned a unanimous verdict for investors in January 2008, ultimately recovering $145 million for the shareholder class.

Mr. Basser has prosecuted derivative shareholder actions on behalf of and for the benefit of nominal corporate entities such as Pfizer, Apple, Nvidia and Quest, achieving significant corporate governance therapeutics on behalf of those entities.  Mr. Basser has also vigorously pursued the rights of the elderly, serving as a co-lead counsel and as part of a group of firms prosecuting class actions alleging federal RICO claims against companies that target senior citizens in the sale of deferred annuity products, ultimately securing benefits collectively valued at over $1 billion.

Mr. Basser has regularly shared his experience and knowledge with attorneys, Judges, public pension funds and the lay public.  He also lectured on the topic of securities related litigation and shareholder issues in the wake of the derivative securities, toxic debt portfolio and real estate mortgage default related global economic crisis of 2008, at the American Association of Justice, Winter Convention, February 2010 and the American Association of Justice, Summer

Convention 2010, presented on the topic of "Securities Litigation" at the Federal Judicial Center's Workshop for Judges of the Ninth Circuit on February 1, 2011 and lectured on the topic of trying a complex class action at Vanderbilt Law School entitled "Battle in the Valley of the Sun: Strategy Tactics and Honor in Litigation," October 17, 2013.  He has written for the American Association of Justice Quarterly Newsletter, Fall 2009, co-authoring "*Securities Litigation in the Wake of the Sub-Prime Crisis*."  Mr. Basser has been repeatedly selected as a California "Super Lawyer," as LAWDRAGON's "100 Attorneys You Need to Know in Securities Litigation" and has been regularly commended by San Diego Magazine and the Los Angeles Times as a "Top Lawyer."

*Chad A. Carder*, a partner at Barrack, Rodos & Bacine, is an honors graduate of The Ohio State University (B.A. 1999), and College of William and Mary, Marshall-Wythe School of Law (J.D. 2002), where he was a Graduate Research Fellow and served on the William and Mary Moot Court Board.  From 2002 to 2003, Mr. Carder served as the law clerk to the Honorable Michael J. Hogan of the New Jersey Superior Court.  Mr. Carder was admitted to practice in Pennsylvania and New Jersey in 2002 and is a member of the bars of the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey. Mr. Carder can be reached at the Firm's Philadelphia, PA office.

Mr. Carder concentrates his practice on federal securities class action litigation, is experienced in representing both institutional investor plaintiffs and individual defendants, and has been a member of the teams that have litigated major securities class actions to their landmark conclusions, including *In re WorldCom, Inc. Securities Litigation*, Master File No. 02-Civ-3288 (DLC), before the Honorable Denise L. Cote in the Southern District of New York; *In re Schering-Plough Securities Litigation*, Master File No. 01-CV-0829 (KSH/RJH), before the Honorable Katherine Hayden in the District of New Jersey; *Eastwood Enterprises, LLC v. Farha, et al.*, Case No. 8:07-cv-1940-T-33EAJ, before the Honorable Virginia M. Hernandez Covington in the Middle District of Florida; and *In re The Mills Corporation Securities Litigation*, Civil Action No. 1:06-cv-00077 (LO/TJR), before the Honorable Liam O'Grady in the Eastern District of Virginia.

In addition to representing plaintiffs in securities class actions, Mr. Carder also has an active antitrust litigation practice, representing plaintiffs in the prosecution of the following antitrust cases, among others: *In re Chocolate Confectionary Antitrust Litigation*, before the Honorable Christopher C. Connor, in the Middle District of Pennsylvania; *In re Processed Egg Products Antitrust Litigation*, before the Honorable Gene E.K. Pratter, in the Eastern District of Pennsylvania; *In re New Jersey Title Insurance Antitrust Litigation*, before the Honorable Garrett E. Brown, Jr., in the District of New Jersey; *In re Flat Glass (II) Antitrust Litigation*, before the Honorable Donetta W. Ambrose in the Western District of Pennsylvania; and *In re Publication Paper Antitrust Litigation*, before the Honorable Stefan R. Underhill in the District of Connecticut. Mr. Carder is also currently litigating several corporate takeover class and derivative actions, and has extensive experience litigating shareholder derivative actions in various state and federal courts.

**BARRACK**
**RODOS &**
**BACINE**
ATTORNEYS AT LAW

*Matthew Cyr*, an associate at Barrack, Rodos & Bacine, is a graduate of St. Joseph's University, Philadelphia, Pennsylvania (B.A. 1998) and the University of Wisconsin Law School, Madison, Wisconsin (J.D. 2005). Mr. Cyr was admitted to practice in Wisconsin in 2005, in New Jersey in 2006 and in Pennsylvania in 2012. Mr. Cyr can be reached at the Firm's Philadelphia, PA office.

At the Firm, Mr. Cyr has worked on major class action litigation in the securities and antitrust fields, including cases against Mills Corporation, WellCare Health Plans, Inc., American International Group, RAIT Financial Trust, Merrill Lynch & Co., and companies involved in the municipal derivatives industry.

*Alexander Arnold Gershon*, a partner at Barrack, Rodos & Bacine, is a graduate of the Georgia Institute of Technology (B.S. 1962), Emory University School of Law (L.L.B. 1964) and New York University (L.L.M. 1966). For more than 35 years, Mr. Gershon's practice has focused on representing plaintiffs in cases arising under the federal securities laws, state corporations laws, and similar kinds of matters in class actions, individual actions, and stockholders' derivative actions in the state and federal courts. Mr. Gershon was admitted to practice in New York in 1966 and in Georgia in 1964 (inactive status) and is a member of the bars of the United States Supreme Court, United States Courts of Appeals for the District of Columbia Circuit, the Second, Third and Ninth Circuits, and the United States District Courts for the Southern, Eastern and Western Districts of New York and the Northern District of Georgia. Mr. Gershon can be reached at the Firm's New York, NY office.

Mr. Gershon is an experienced civil litigator in federal and state courts and has contributed to the jurisprudence of class action settlements in cases such as *National Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9 (2d Cir. 1981); has helped to establish important standards in shareholder derivative actions: *Seinfeld v. Barrett,* 2006 WL 890909 (D. Del. 2006), and *Vides v. Amelio,* 265 F.Supp.2d 273 (S.D.N.Y. 2003) (exceptions to the demand requirement in stockholders' derivative actions); *Lewis v. Vogelstein,* 699 A.2d 327 (Del.Ch. 1997), and *Kaufman v. Beal,* 1983 WL 20295 (Del.Ch. 1983) (standards for executive compensation); and contributed to the establishment of the standards of required disclosure under the federal securities laws when corporate stockholders are solicited to approve executive bonus plans seeking tax benefits under the Internal Revenue Code in *Shaev v. Saper,* 320 F.3d 373 (3d Cir. 2003).

Mr. Gershon has successfully advocated corporate governance and excessive executive compensation reforms through shareholder rights claims asserted in direct and derivative cases alleging corporate directors' breaches of fiduciary and other legal duties. Most recently, Mr. Gershon led the litigation team in *Resnick v. Occidental Petroleum, et al.*, Case No. 10-cv-00390, before the Honorable Robert F. Kelly, presiding by special designation in the District of Delaware, which resulted in benefits described by the Court as "meaningful change" to the company's executive compensation and reporting policies and practices that "affords valuable consideration to Occidental and its shareholders."

**BARRACK RODOS & BACINE**
ATTORNEYS AT LAW

*Jeffrey W. Golan*, a partner at Barrack, Rodos & Bacine, graduated with honors from Harvard College in 1976 with a degree in Government.  Mr. Golan graduated in 1980 from the Georgetown University Law Center, where he served as the Topics Editor for the school's international law review, and from the School of Foreign Service, with a Master's of Science Degree in Foreign Service.  In 1980, he received the Francis Deák Award from the American Society of International Law for the year's best student writing in an international law journal. Mr. Golan served as a Law Clerk for the Honorable Edwin D. Steel, Jr., in the United States District Court for the District of Delaware, and thereafter joined a large firm in Philadelphia, where he concentrated on commercial litigation, including the representation of plaintiffs and defendants in federal securities and antitrust cases.  Mr. Golan was admitted to practice in Pennsylvania in 1981 and is a member of the bars of United States Court of Appeals for the Second, Third, and Fourth Circuits, and the United States District Court for the Eastern District of Pennsylvania.  Mr. Golan can be reached at the Firm's Philadelphia, PA office.

Since joining BR&B in 1990, Mr. Golan has been the Firm's primary attorney in many major securities fraud cases throughout the country.  Of particular note, he was BR&B's lead trial attorney in the *WorldCom* securities class action – a prosecution that yielded a record-breaking recovery of more than $6.19 billion for defrauded investors – one of the most notable fraud cases ever to go to trial.  In April 2005, Mr. Golan led the BR&B team that took the only non-settling defendant, WorldCom's former auditor Arthur Andersen LLP, to trial.  Andersen agreed to settle in the fifth week of trial, shortly before closing arguments.  In approving this and other settlements, Judge Denise Cote found "the quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation" and that "the quality of representation that Lead Counsel has provided to the class has been superb."  From 2008 to 2015, Mr. Golan was the Firm's lead attorney in *In re American International Group, Inc. 2008 Securities Litigation*, which settled for $970.5 million.  The settlement is believed to be the largest recovery in a securities class action in the absence of a restatement, an SEC enforcement action or a criminal indictment.  In approving the settlement in March 2015, Judge Laura Taylor Swain found the recovery to be an "outstanding result obtained on behalf of the settlement class."

Mr. Golan also served as BR&B's primary attorney for the landmark *Cendant* case, in which the lead plaintiffs and lead counsel achieved what is still the third highest recovery ever achieved in a securities fraud class case ($3.32 billion), which included the most ever paid in a securities fraud class case by an outside auditor ($335 million).  He served as the Firm's lead attorney in the securities fraud class action involving The Mills Corporation, which settled with the defendant real estate investment trust corporation, its officers and directors, its auditor, and a foreign real estate development company, for $202.75 million, as well as in cases against DaimlerChrysler ($300 million obtained for the class), Mallinckrodt plc ($65.75 million while the company was in bankruptcy proceedings), DFC Global Corp. ($30 million recovered), and many others.

Mr. Golan also served as the lead trial attorney in an action in the Delaware Court of Chancery, *Equity Asset Investment Trust, et al. v. John G. Daugman, et al.*, in which the Firm

FIRM BIOGRAPHY                                                                                                      41

represented Iridian Technologies, Inc. (the world leader in iris recognition technologies) and its common shareholder-elected directors. The case was brought against the Company and the common directors, prepared for trial on an expedited basis under the Chancery Court's "fast-track" procedures for Board contests, and went to trial two months after the complaint was filed.

Mr. Golan has also headed up the Firm's representation of lead plaintiffs in a number of derivative actions stemming from the stock option backdating scandal, and served as the Firm's lead attorney in cases challenging proposed corporate transactions. He served as a co-lead counsel in consolidated shareholder cases challenging PepsiCo's acquisition of Pepsi Bottling Group. After such lawsuits were filed, PepsiCo increased its offer price from $29.50 to $36.50 per share, which provided PBG's public shareholders with an additional $1.022 billion in value. He represented institutional and individual lead plaintiffs in a case that challenged the proposed buy-out of Lafarge N.A. by its majority shareholder, Lafarge S.A., which was settled when Lafarge S.A. agreed to increase the buy-out price from the $75.00 per share initially offered to $85.50 per share (a $388 million increase in the amount paid to Lafarge N.A.'s public shareholders) and to make additional disclosures about the company and the proposed transaction. And, among other cases, Mr. Golan served as a co-lead counsel in consolidated shareholder cases challenging the majority shareholder buy-out of Nationwide Financial Services, Inc., where as part of a settlement the acquirer raised its offer price from $47.20 per share to $52.25 per share, thereby providing a $232 million benefit to class members.

Mr. Golan also successfully represented investors in the class and derivative action in the Delaware Court of Chancery in *In re Cheniere Energy Stockholders Litigation*, which challenged whether shareholders approved an equity compensation plan that provided Cheniere's CEO with $126 million in equity compensation for one year. The successful settlement of this litigation resulted in the withdrawal of a new equity compensation plan that had earlier been proposed to grant executives 30 million shares that would have had a market value of $565 million at the time, a new stockholder vote on the shares that were challenged by the litigation, and several other corporate reforms.

Mr. Golan has been selected several times as a "Pennsylvania Super Lawyer" in the field of securities litigation. In June 2000, he was honored as the "Featured Litigator" in the on-line magazine published by Summation Legal Technologies, the legal software company. Mr. Golan, who has served as a faculty member at various deposition training programs, has also served in numerous capacities for the Public Interest Law Center of Philadelphia, including as Vice-Chair of the Board, on the staff of the Mayor's Task Force for the Employment of Minorities in the Philadelphia Police Force, and as a member of the Philadelphia Bar Association's Pro Bono Task Force (report issued October 2017).

***T. Ahlise Greenbaum***, an associate at Barrack, Rodos & Bacine, is a graduate of Spelman College (B.A. 1998) and Temple University School of Law (J.D. 2001). Ms. Greenbaum is admitted to practice in Pennsylvania, New Jersey, and Georgia. She focuses her practice on class action securities fraud litigation and has extensive experience in all phases of document and deposition discovery. Before joining the firm, Ms. Greenbaum represented

plaintiffs and defendants in a variety of matters, including pharmaceutical litigation, mass tort litigation, and multidistrict product liability litigation. At BR&B, she is active in the prosecution of securities claims against Dentsply Sirona, Inc. before the Honorable Nina Gershon in the Eastern District of New York.  Ms. Greenbaum can be reached at the Firm's Philadelphia, PA office.

Ms. Greenbaum is active in her community, and has been a volunteer for Metropolitan Area Neighborhood Nutrition Alliance (MANNA), a non-profit that prepares and delivers nutritional meals and nutrition services at no cost to individuals in need.

*Andrew J. Heo*, an associate at Barrack, Rodos & Bacine, is a graduate of George Washington University (B.A. 2015) and Drexel University Thomas R. Kline School of Law (J.D. 2018), where he was President of the Civil Litigation Society.  Mr. Heo is admitted to practice in Pennsylvania and New Jersey, and is a member of the bar of the Eastern District of Pennsylvania.  Mr. Heo can be reached at the Firm's Philadelphia, PA office.

Mr. Heo represents investors and clients in complex commercial litigation with an emphasis on antitrust and securities litigation.  Among other matters, Mr. Heo is active in the prosecution of securities claims against Energy Transfer LP and U.S. Xpress Enterprises, Inc.  Prior to joining BR&B, Mr. Heo's practice included advising and representing institutional clients in a wide range of commercial litigation matters, including complex products liability, class action, and mass torts litigation.  During law school, Mr. Heo worked at the Federal Reserve Bank of Philadelphia, and was a member of the school's Appellate Litigation Clinic.  Mr. Heo's *pro bono* practice has included appellate work on behalf of plaintiffs in federal court.

*Robert A. Hoffman*, a partner at Barrack, Rodos & Bacine, is a graduate of Rutgers University (B.A. 1980) (with high distinction) and Rutgers University School of Law - Camden (J.D. 1983).  Mr. Hoffman clerked for the Honorable Charles R. Weiner, United States District Court for the Eastern District of Pennsylvania, during the years 1984-1985.  Mr. Hoffman has been practicing in the area of securities class and derivative actions, and corporate litigation generally, for more than 25 years, during which time he has analyzed laws and provided advice on issues relevant to pension fund boards of trustees.  He was admitted to the bars of the Supreme Court of Pennsylvania and Supreme Court of New Jersey in 1983, and is also a member of the bars the United States Courts of Appeals for the Third, Fifth, and Eighth Circuits and the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey.  Mr. Hoffman can be reached at the Firm's Philadelphia, PA office.

Mr. Hoffman has broad experience in prosecuting securities class actions in federal courts around the country.  He served as lead counsel for the Florida State Board of Administration in *In re Schering-Plough Securities Litigation*, before the Honorable Katherine Hayden in the District of New Jersey, which settled in 2009 for $165 million.  Mr. Hoffman also prosecuted one of the most significant subprime related securities class actions, *In Re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, before the Honorable Judge Jed S. Rakoff, in the Southern District of New York, which settled for $475 million for defrauded

investors, and was a member of the litigation team in prosecuting *In re American International Group, Inc. 2008 Securities Litigation*, before the Honorable Laura Taylor Swain in the Southern District of New York, which settled in 2014 for $970.5 million.  He was one of the lead attorneys representing plaintiffs in *In re MicroWarehouse Securities Litigation*, (D. Conn.), which resulted in a $30 million recovery for the plaintiff class.  He also has significant experience in the trial and appeal of securities class actions.  *See, e.g. In re Control Data Corp. Securities Litigation*, 933 F.2d 616 (8th Cir. 1991).  Mr. Hoffman also led a derivative case against Synthes, Inc., a large medical device company that had been cited by the U.S. Government for illegal "off-label" promotions.  The case resulted in the implementation of significant corporate governance changes at the company.

*Jordan R. Laporta,* an associate at Barrack, Rodos & Bacine, joined the Firm in 2023. Ms. Laporta is a 2019 graduate, *summa cum laude*, of Drexel University Thomas R. Kline School of Law. During law school, she was a lead editor for the Drexel Law Review, an accomplished member of the Moot Court Board, and a student attorney with the Federal Litigation and Appeals Clinic, through which she achieved victories for her clients in immigration and social security cases. Ms. Laporta also graduated *cum laude* from the Pennsylvania State University Schreyer Honors College in 2016.

Ms. Laporta was admitted to practice law in Pennsylvania in 2019. Prior to joining BR&B's Philadelphia office, she served as a law clerk to the Honorable Russell G. Vineyard, Chief Magistrate Judge, and the Honorable Justin S. Anand, Magistrate Judge, in the United States District Court for the Northern District of Georgia. As an associate at BR&B, Ms. Laporta represents investors and clients in complex commercial litigation with an emphasis on securities litigation. She is a member of the BR&B team prosecuting *In re Grand Canyon Education, Inc. Securities Litigation*, which the Court upheld in its entirety in March 2023.

*Leslie Bornstein Molder*, a partner at Barrack, Rodos & Bacine, is an honors graduate from the University of Michigan (A.B. *magna cum laude* 1980) as well as from the National Law Center at the George Washington University (J.D. *cum laude* 1983) and was admitted to practice in Pennsylvania in 1983 and is a member of the bar of the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Eastern District of Pennsylvania.  For over 38 years, Ms. Molder has practiced primarily in the area of complex civil litigation, including securities class actions, antitrust class actions and policyholder actions against insurance companies and has participated in the trials of a variety of commercial cases, including cases involving disputes between securities brokerage firms and their customers.  Ms. Molder oversees the Firm's portfolio monitoring services for institutional clients.  She is also the Firm's settlement attorney, specializing in documenting and effectuating settlements of class actions and assisting clients throughout the settlement process.  Ms. Molder can be reached at the Firm's Philadelphia, PA office.

*Ajibola D. Peter-Kovi*, an associate at Barrack, Rodos & Bacine, is a graduate of University of Bridgeport (M.B.A. 2006) and Nigerian Law School (L.L.B., Barrister at Law 1999). Ms. Peter-Kovi is admitted to practice in New York. She focuses her practice on class action securities fraud litigation on behalf of injured investors and is well versed in all phases of document and deposition discovery. Before joining the firm, Ms. Peter-Kovi represented plaintiffs and defendants in a variety of matters including complex securities class action litigation, mass tort litigation and multi-district product liability litigation. She can be reached at the Firm's Philadelphia, PA office.

Ms. Peter-Kovi is passionate about helping the underserved, and has been part of the New York City Volunteer Lawyer for the Day Program, assisting unrepresented Consumer Debtors appearing in Civil Court. She also serves as a guardian *ad litem* for tenants at risk of eviction in Housing Court.

*Michael A. Toomey*, a partner at Barrack, Rodos & Bacine, is a graduate of Tufts University (B.A. 2005) and Temple University School of Law (J.D. 2010). Mr. Toomey is admitted to practice in New York and New Jersey and is a member of the bars of the United States District Courts for the Southern and Eastern Districts of New York. While at Temple, Mr. Toomey was an intern in the Chambers of Judge Lerner of the Philadelphia Court of Common Pleas and Magistrate Judge Elizabeth Hey of the Eastern District of Pennsylvania. He also interned at the Philadelphia Public Defender where he advocated in court on behalf of indigent defendants. Mr. Toomey can be reached at the Firm's New York, NY office.

At BR&B, Mr. Toomey has represented investors, including state, local and union pension funds, in many class and derivative actions, including cases involving securities fraud, shareholder rights and corporate governance. Mr. Toomey was an integral part of the litigation teams that prosecuted *In re American International Group, Inc. 2008 Securities Litigation*, which resulted in a $970.5 million settlement for defrauded investors, among the largest recoveries ever achieved in a securities fraud class action stemming from the 2008 financial crisis, and *Pennsylvania Public School Employees' Retirement System v. Bank of America Corp et. al.*, which resulted in a $335 million settlement in 2016. Mr. Toomey has also successfully represented investors in class and derivative actions such as *Pub. Employees' Ret. Sys. of Miss. v. Schleifer*, which challenged the excessive compensation provided to Regeneron Pharmaceuticals, Inc. board of directors'. The successful settlement of this case resulted in the largest reduction in board compensation in any excessive director compensation case, ever: $44.5 million. Mr. Toomey also represented investors in *In re Cheniere Energy Stockholders Litigation*, which challenged whether shareholders approved an equity compensation plan that provided Cheniere's CEO with $126 million in one year. The successful settlement of this litigation resulted in the withdrawal of a new equity compensation plan that proposed to grant executives 30 million shares, a new stockholder vote on the shares that were challenged by the litigation, and several other corporate reforms. Mr. Toomey also successfully represented shareholders in a derivative case challenging the payment by Barnes & Noble for an asset held by its chairman Leonard Riggio whereby Riggio agreed to pay $29 million to settle shareholders'

claims.  Mr. Toomey has also helped to establish important standards in shareholder derivative actions such as *Seinfeld v. Slager*, No. CIV.A. 6462-VCG, 2012 WL 2501105 (Del. Ch. June 29, 2012) (directors must show entire fairness of their own compensation if compensation plan lacks meaningful limits) and *Kaufman v. Allemang*, 70 F. Supp. 3d 682 (D. Del. 2014) (companies must strictly comply with SEC regulation 17 C.F.R. § 240.14a-101 (Item 10(a)(1)) when attempting to gain shareholder approval of company compensation plans).

*Allison Utecht*, an associate at Barrack, Rodos & Bacine, is a graduate of the College of William & Mary (B.A. 1991) and Wake Forest School of Law (J.D. 1993).  Ms. Peter-Kovi is admitted to practice in Pennsylvania.  She focuses her practice on class action securities fraud litigation on behalf of injured investors and is well versed in all phases of document and deposition discovery.  Before joining the firm, Ms. Utecht represented plaintiffs and defendants in a variety of matters including complex securities class action litigation, mass tort litigation and multi-district product liability litigation.  Ms. Utecht can be reached at the Firm's Philadelphia, PA office.

*Frances Vilella-Vélez*, of counsel to Barrack, Rodos & Bacine, is a graduate of Syracuse University College of Law, Syracuse, New York (J.D. 1977) and Swarthmore College (B.A. 1974).  She was admitted to practice in Puerto Rico in 1977 and in Pennsylvania in 1978 and is a member of the bars of the United States Court of Appeals for the Third Circuit and the United States District Court for the Eastern District of Pennsylvania.  Ms. Vilella-Vélez began her legal career in 1978 as a trial attorney in the Office of the Regional Solicitor, U.S. Department of Labor, where she litigated OSHA cases before the United States district courts and the Occupational Safety and Health Review Commission (OSHRC).  She then served as the first law clerk for the Honorable Nelson A. Diaz, on the Court of Common Pleas of Philadelphia County, Philadelphia, Pennsylvania.  During her tenure with Judge Diaz, Ms. Vilella-Vélez also served as a staff member on the Mayor's Task Force on Minority Employment in the Police Department, in Philadelphia, where she conducted legal and policy analyses of alternative proposals to increase minority employment in the Policy Department, and assisted in drafting the report to the mayor.  Ms. Vilella-Vélez can be reached at the Firm's Philadelphia, PA office.  Among other community activities, Ms. Vilella-Vélez served for many years on the board of the Valentine Foundation and on the board of the Chester Children's Chorus.

*Samuel M. Ward*, a partner at Barrack, Rodos & Bacine, is a graduate of the University of California, Hastings College of Law (J.D. 2001), and a 1995 honors graduate of the University of California, San Diego (B.A. 1995).  Mr. Ward was admitted to practice in California in 2001 and is a member of the bars of the United States District Courts for the Southern, Central and Northern District of California.  Before joining BR&B, Mr. Ward worked as a political consultant, managing both Congressional and State Assembly campaigns.  Mr. Ward can be reached at the Firm's San Diego, CA office.

At the Firm, he has litigated numerous securities cases in federal district courts throughout the country.  Mr. Ward was a member of the trial team in *In re Apollo Group Inc.*

*Securities Litigation*, before the Honorable James A. Teilborg in the District of Arizona, where he played a critical role in mastering the deposition and documentary proof that was used at trial to secure the jury's unanimous verdict.  Mr. Ward also represented the plaintiff class in *In re Applied Micro Circuits Corp. Securities Litigation*, achieving a $60 million settlement for class members, one of the largest recoveries in a securities class action in the Southern District of California since passage of the PSLRA.  Mr. Ward is the former Chair of Planned Parenthood Affiliates of California and former Vice-Chair of the Board of Directors of Planned Parenthood of the Pacific Southwest.

*Zakiya Washington*, an associate at Barrack, Rodos & Bacine, is a graduate of Hampton University School of Business (2004, B.S. Entrepreneurship) and Temple University Beasley School of Law (2007, J.D.).  Before joining Barrack, Ms. Washington performed discovery representing plaintiffs and defendants in a variety of matters, including: complex securities class action litigation, pharmaceutical litigation and insurance litigation. Ms. Washington was also a Compliance Advisor to large financial institutions in the Financial Crimes department. At BR&B, Ms. Washington performs discovery representing investors in class and derivative actions, including cases involving securities fraud, shareholder rights and corporate governance.  Ms. Washington can be reached at the Firm's Philadelphia, PA office.

*Danielle M. Weiss,* an associate at Barrack, Rodos & Bacine, joined the Firm in 2022.  She graduated *cum laude* from the University of Pennsylvania in 2002 with a degree in U.S. History.  Ms. Weiss attended the James E. Beasley School of Law of Temple University (J.D. 2005), where she was a James Beasley Scholar, a member and editor of the *Temple International and Comparative Law Journal*, and the recipient of the Harry R. Kozart Memorial Prize in Products Liability.  She is licensed to practice law in Pennsylvania and New Jersey. Ms. Weiss can be reached at the Firm's Philadelphia, PA office.

Before joining BR&B's Philadelphia office, Ms. Weiss spent over fifteen years at a boutique litigation firm in Philadelphia, where she successfully represented individual and small-business clients in high stakes cases in state and federal court, trying several matters to successful conclusion, including at the appellate level.  Her experience includes litigating complex matters involving issues of professional liability, products liability, defamation, breach of contract, breach of warranty, employment discrimination, personal injury, and education law through all phases of litigation.  Ms. Weiss is active in the community, serving, among other positions and organizations, on the Board of Directors of the Jewish Federation of Greater Philadelphia, Chair of the Jewish Community Relations Council of the Jewish Federation of Greater Philadelphia, and on the National Young Leadership Cabinet of the Jewish Federations of North America.

## Professional Staff Resumes

**Michael Hennelly, C.P.A.**, *Chief Financial Analyst*, joined the firm in 2019.  Mr. Hennelly brings an extensive accounting and financial analysis background to the firm's securities and corporate litigation practice.  Using a wide array of market research tools and resources, Mr. Hennelly investigates new securities class actions, derivative actions, appraisal cases and other shareholder and corporate governance actions.  Mr. Hennelly identifies instances where alleged securities fraud or other corporate wrongdoing has adversely affected the value of our clients' investments, and otherwise assists the firm's effort in protecting client interests.

Mr. Hennelly graduated Villanova University in 2009, with majors in Finance and International Business and earned his Master's in Accounting at Hofstra University in 2013.  After receiving his degree, Mr. Hennelly worked for Deloitte in its financial services audit practice, servicing both public and private clients.  In 2015, while at Deloitte, he earned his CPA.  After leaving public accounting, Mr. Hennelly worked in an operational role for a Boston based private equity firm tracking and monitoring fund investments.  He can be reached at the Firm's Philadelphia, PA office.

**Eric J. Roode,** *Principal Data Engineer*, joined the Firm in 2006.  Mr. Roode is a career database engineer who brings a broad array of analytical skills to the Firm.  He leads a team of information technology (IT) specialists who compile data about BR&B's clients' financial interests in pending and settled securities class actions. Mr. Roode designs, develops, and maintains the Firm's databases and its proprietary **BEAMS**® software.  Mr. Roode has been developing software since 1985, and has been designing and developing database applications since 1989.  His work has been cited in Damian Conway's seminal Perl Best Practices, and use of his Read-only module was ranked as one of the "Ten Essential Coding Practices."  Mr. Roode's work was also cited in Mark Dominus's advanced text Higher-Order Perl.  Before joining the Firm, Mr. Roode maintained and developed software for a large database of over a billion records for a private marketing corporation.  He has given talks before Philadelphia's Perlmongers professional association, and before Philadelphia's Linux Users Group.  Mr. Roode can be reached at the Firm's Philadelphia, PA office.

**Mark R. Stein**, *Director of Investigations*, joined Barrack, Rodos & Bacine in 2021, bringing with him over two decades of monitoring, research, and analytical work to his role at the Firm.  Mr. Stein has deep experience establishing protocols for identifying, analyzing, and assessing the merits of potential matters in the fields of securities, antitrust, consumer, and insurance law, including asset identification, business ownership and structure inquiries, and customer and supplier identification.  Mr. Stein also led an international team of researchers conducting investigations at the U.S. National Archives in support of compensation claims for Nazi slave labor, bank takings, and property seizures.  These Nazi-compensation cases resulted in more than $5 billion in settlements.

Mr. Stein received his doctorate from the University of Pennsylvania (Ph.D. 2002), where he was a William Penn/Walter Annenberg Fellow.  He graduated from Indiana University (M.A. 1988) and is an honors graduate from Wabash College (B.A., summa cum laude, 1983), where he was elected to Phi Beta Kappa.  He can be reached at the Firm's Philadelphia, PA office.

*Philip J. Horrex,* *Senior Data Specialist,* joined the Firm in 2008.  Mr. Horrex has nearly 20 years of programming and software development experience.  He is an integral member of the Firm's Portfolio Monitoring Group, working with Mr. Roode to maintain the Firm's databases and manage the team compiling data about the financial interests of BR&B's clients in pending and settled securities class actions.  Mr. Horrex also manages and maintains the Firm's internet presence.  He can be reached at the Firm's Philadelphia, PA office.

*Clare Allsopp-Shiner,* *Data Analyst,* joined the Firm in 2022.  Ms. Allsopp-Shiner has a background in statistical analysis and is a Data Analyst in the Firm's Portfolio Monitoring Group.  As a data analyst, she is part of the team that compiles data about the financial interests of BR&B's clients in pending and settled securities class actions.  Ms. Allsopp-Shiner graduated from Bryn Mawr College (B.A. 2020), where she majored in physics.  She can be reached at the Firm's Philadelphia, PA office.

*Nicholas T. Brunswick,* *Data Analyst,* joined the Firm in 2022.  Mr. Brunswick has a background in physics and mathematics and is a Data Analyst in the Firm's Portfolio Monitoring Group.  As a data analyst, he is part of the team that compiles data about the financial interests of BR&B's clients in pending and settled securities class actions.  Mr. Brunswick graduated from Shippensburg University (B.S. 2016), where he majored in physics and minored in mathematics. He can be reached at the Firm's Philadelphia, PA office.

# Representative Client List

BR&B has represented a wide range of institutional investors, including:

## *State Pension Funds*

*Arizona Public Safety Personnel Retirement System*, plan assets[1] of $14.7 billion (case evaluation and portfolio monitoring services since 2009)

*Arizona State Retirement System*, plan assets of $41 billion (case evaluation and portfolio monitoring services since 2018)

*Arkansas State Highway Employees' Retirement System*, plan assets of $1.7 billion (case evaluation and portfolio monitoring services since 2019)

*California Public Employees' Retirement System*, plan assets of $478.3 billion (case evaluation and securities litigation services since 1998)

*Colorado Public Employees' Retirement Association*, plan assets of $62.5 billion (case evaluation services since 2008 and portfolio monitoring services since 2019)

*Florida State Board of Administration*, plan assets of $217.5 billion (case evaluation, portfolio monitoring and securities litigation services since 1998)

*Iowa Public Employees' Retirement System*, plan assets of $42.8 billion (case evaluation, portfolio monitoring and securities litigation services since 2002)

*Maine Public Employees' Retirement System*, plan assets of $17.7 billion (case evaluation, portfolio monitoring and securities litigation services since 2006)

*Massachusetts Pension Reserves Investment Board on behalf of the Massachusetts Pension Reserves Investment Trust Fund*, plan assets of $102.4 billion (case evaluation services since 2016)

*Michigan State Retirement System*, plan assets of $99.3 billion (case evaluation and litigation services since 2008)

*Montana Board of Investments*, plan assets of $24.9 billion (case evaluation and portfolio monitoring services since 2005)

*New Mexico Educational Retirement Board*, plan assets of $15.5 billion (case evaluation and portfolio monitoring services since 2016)

*New Mexico State Investment Council*, plan assets of $35.8 billion (case evaluation and portfolio monitoring services since 2016)

---

[1] All plan asset values are estimated and reflect currently-available information.

*New York State Common Retirement Fund*, plan assets of $279.7 billion (case evaluation and litigation services since 1998)

*Ohio Highway Patrol Retirement System,* plan assets of $817.3 million (case evaluation services since 2007)

*Ohio Police & Fire Pension Fund,* plan assets of $19.02 billion (case evaluation services since 2007)

*Ohio Public Employees' Retirement System*, plan assets of $114.3 billion (case evaluation services since 2007)

*Ohio School Employees' Retirement System,* plan assets of $17.8 billion (case evaluation services since 2007)

*Ohio State Teachers' Retirement System,* plan assets of $94.8 billion (case evaluation and securities litigation services since 2007)

*Oregon Public Employees Retirement Fund,* plan assets of $100.4 billion (case evaluation services since 2014)

*Pennsylvania Public School Employees' Retirement System,* plan assets of $72.5 billion (case evaluation and securities litigation services since 1996)

*Public Employees Retirement Association of New Mexico*, plan assets of $18.6 billion (case evaluation, portfolio monitoring and securities litigation services since 2016)

*Public Employees' Retirement System of Mississippi*, plan assets of $29.3 billion (case evaluation, portfolio monitoring and securities litigation services since 2009)

## Municipal Pension Funds

*City of Philadelphia Board of Pensions and Retirement,* plan assets of $7 billion (case evaluation, portfolio monitoring and securities litigation services since 1996)

*Denver Employees' Retirement Plan,* plan assets of $2.6 billion (case evaluation, portfolio monitoring and securities litigation services since 2000)

*Firefighters' Pension System of the City of Kansas City*, plan assets of $707.3 million (case evaluation and portfolio monitoring services since 2019)

*Fort Worth Employees Retirement Fund,* plan assets of $2.8 billion (case evaluation and portfolio monitoring services since 2012)

*Laborers' and Retirement Board Employees' Annuity and Benefit Fund of Chicago,* plan assets of $1.25 billion (case evaluation, portfolio monitoring and securities litigation services since 2001)

*Lehigh County Employee Pension Board,* plan assets of $521 million (case evaluation and portfolio monitoring services since 2009)

*Macomb County Employees Retirement System,* plan assets of $1.1 billion (case evaluation and portfolio monitoring services since 2012)

*Montgomery County Employees' Retirement System,* plan assets of $485.2 million (case evaluation and portfolio monitoring services since 2011)

*Oakland County Employees' Retirement System,* including Oakland County VEBA, combined plan assets of $2.4 billion (case evaluation, portfolio monitoring and securities litigation services since 2011)

*Public School Teachers' Pension and Retirement Fund of Chicago*, plan assets of $13.1 billion (case evaluation, portfolio monitoring and securities litigation services since 1999)

*San Bernardino County Employees' Retirement Association*, plan assets of $14.4 billion (case evaluation and portfolio monitoring services since 2016)

*San Francisco City and County Employees' Retirement System,* plan assets of $34.5 billion (case evaluation and portfolio monitoring services since 2019)

## Territories Pension Funds

*Government Employees Retirement System of the Virgin Islands*, plan assets of $904.9 million (case evaluation, portfolio monitoring and securities litigation services since 2003)

## Non-US Pension Funds

*Bedford Borough Council Pension Scheme*, plan assets of $3.6 billion (case evaluation and portfolio monitoring services since 2008)

*Cheshire Pension Fund,* plan assets of $9.3 billion (case evaluation and portfolio monitoring services since 2014)

*City and County of Swansea Pension Fund,* plan assets of $3.4 billion (case evaluation and portfolio monitoring services since 2017)

*Civil Aviation Authority Pension Scheme,* plan assets of $2.8 billion (case evaluation and portfolio monitoring services since 2010)

*Devon County Council Pension Fund,* plan assets of $6.58 billion (case evaluation and portfolio monitoring services since 2012)

*Hampshire County Council Pension Fund,* plan assets of $8.2 billion (case evaluation, portfolio monitoring and securities litigation services since 2010)

*Lancashire County Pension Fund,* plan assets of $11 billion (case evaluation and portfolio monitoring services since 2012)

*LGPS Central Limited*, plan assets of $64 billion (case evaluation and portfolio monitoring services since 2020)

*London Borough of Camden,* plan assets of $2.3 billion (case evaluation and portfolio monitoring services since 2014)

*London Borough of Lambeth,* plan assets of $2.33 billion (case evaluation and portfolio monitoring services since 2014)

*London Borough of Southwark,* plan assets of $2 billion (case evaluation and portfolio monitoring services since 2010)

*Norfolk County Council Pension Fund,* plan assets of $5.8 billion (case evaluation and portfolio monitoring services since 2013)

*Rhondda Cynon Taff County Borough Council,* plan assets of $5.9 billion (case evaluation and portfolio monitoring services since 2009)

*Strathclyde Pension Fund,* plan assets of $34.3 billion (case evaluation and portfolio monitoring services since 2009)

*Suffolk Pension Fund,* plan assets of $4.4 billion (case evaluation and portfolio monitoring services since 2012)

*Surrey County Council Pension Fund,* plan assets of $5.5 billion (case evaluation and portfolio monitoring services since 2009)

*Wales Pension Partnership*, plan assets of $28.2 billion (case evaluation and portfolio monitoring services since 2021)

*Wiltshire Pension Fund,* plan assets of $3.3 billion (case evaluation and portfolio monitoring services since 2009)

*Worcestershire County Council Pension Fund,* plan assets of $3.65 billion (case evaluation and portfolio monitoring services since 2012)

## Labor Pension Funds

*Assistant Deputy Wardens-Deputy Wardens Annuity Fund*, plan assets of $7.8 million (case evaluation and portfolio monitoring services since 2016)

*Board of Education Employees' Pension Fund of Essex County,* plan assets of $126.4 million (case evaluation, portfolio monitoring and securities litigation services since 2008)

*Central Laborers Pension Fund*, approximately plan assets of $1.1 billion (case evaluation, portfolio monitoring and securities litigation services since 2009)

*Communications Works of America, AFL-CIO Local 1180 Benefits Funds*, plan assets of $107.2 million (case evaluation and portfolio monitoring services since 2017)

*CWA/ITU Negotiated Pension Fund,* plan assets of $716.1 million (case evaluation, portfolio monitoring and securities litigation services since 1998)

**FIRM BIOGRAPHY**                                                                 53

*Correction Captains' Association, Inc.,* plan assets of $19.4 million (case evaluation and portfolio monitoring services since 2016)

*Detectives' Endowment Association Inc.*, plan asset of $177.3 million (case evaluation, portfolio monitoring and securities litigation services since 2016)

*IATSE National Pension Plan,* plan assets of $380 million (case evaluation and portfolio monitoring services since 2009)

*International Brotherhood of Electrical Workers, Local 98,* plan assets of $533.5 million (case evaluation, portfolio monitoring and securities litigation services since 2005)

*International Brotherhood of Electrical Workers, Local 309 Health & Welfare Trust*, plan assets of $16.9 million (case evaluation and portfolio monitoring services since 2017)

*International Brotherhood of Teamsters, Garage Employees Local 272 Labor Management Pension Fund*, plan assets of $275.4 million (case evaluation and portfolio monitoring services since 2016)

*International Brotherhood of Teamsters Local 282 Benefit Trust Funds*, plan assets of $620 million (case evaluation and portfolio monitoring services since 2017)

*International Brotherhood of Teamsters Local 808*, plan assets of $48.3 million (case evaluation and portfolio monitoring services since 2017)

*The International Union of Painters and Allied Trades Industry Pension Plan,* plan assets of $3.9 billion (case evaluation and portfolio monitoring services since 2012)

*Iron Workers' Local 25 Fringe Benefit Funds,* plan assets of $426 million (case evaluation, portfolio monitoring and securities litigation services since 2013)

*Ironworkers Local 580 Trust Funds*, plan assets of $2.2 billion (case evaluation and portfolio monitoring services since 2019)

*Laborers' District Council and Contractors Pension Fund of Ohio*, approximate plan assets of $1.1 billion (case evaluation, portfolio monitoring and securities litigation services since 2009)

*Laborers District Council Construction Industry Pension Funds,* plan assets of $597.6 million (case evaluation and portfolio monitoring services since 2013)

*Michigan BAC Fringe Benefit Funds*, plan assets of $140.8 million (case evaluation and portfolio monitoring services since 2015)

*Northern California Laborers District Council Pension Fund,* plan assets of $3.8 billion (case evaluation and portfolio monitoring services since 2012)

*Painting Industry Insurance Fund and Painting Industry Annuity,* combined plan assets of $538 million (case evaluation and portfolio monitoring services since 2021)

*Philadelphia Marine Trade Association-International Longshoremen's Association Pension Trust Fund,* plan assets of $105.8 million (case evaluation and portfolio monitoring services since 2012)

*Sheet Metal Workers' Pension Fund of Local Union No. 19 and Sheet Metal Workers' Welfare Fund of Local Union 19,* combined plan assets of $282 million (case evaluation and portfolio monitoring services since 2012)

*Southeastern Pennsylvania Transportation Authority Pension Fund,* plan assets of $2.9 billion (case evaluation, portfolio monitoring and securities litigation services since 2010)

*Waterfront Employers-ILA Pension and Welfare Fund*, plan assets of $304.1 million (case evaluation and portfolio monitoring services since 2018)

## Other Institutional Investors

*Amalgamated Bank, as Trustee for the Longview Funds*, plan assets of $11.6 billion (case evaluation and portfolio monitoring services since 2019)