# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 20-639-JLH-CJB |

**DECLARATION OF MICHELLE YOSHIDA IN SUPPORT OF
LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**

MICHELLE YOSHIDA, declares as follows:

1. I submit this Declaration in my capacity as the mediator in the above-captioned securities class action ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement"). I make this Declaration based on personal knowledge and am competent to so testify.

2. While the mediation process is confidential, the Parties have authorized me to inform the Court of the matters set forth herein in support of final approval of the Settlement. My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

**I.    BACKGROUND AND QUALIFICATIONS**

3. I have worked as a full-time mediator and arbitrator since 2007. I currently work as a mediator at the alternative dispute resolution company, Phillips ADR Enterprises, P.C. ("Phillips ADR"), which is based in Corona Del Mar, California. I joined Phillips ADR at its founding in November 2014. Prior to joining Phillips ADR, I worked primarily with former Judge Daniel Weinstein and his team of neutrals.

4. Over the past 17 years, I have served as a mediator and arbitrator in connection with numerous large, complex cases, including securities class actions such as this one. I have

been involved in the mediation of over five hundred disputes, involving a myriad of diverse matters, including financial and accounting cases, securities and derivative matters, insurance coverage, regulatory matters, professional liability, ERISA, and trustee issues.

5.    Prior to becoming a mediator, I worked as a trial attorney in private practice, litigating complex business matters including contract, insurance coverage, intellectual property, real estate, regulatory, and white-collar matters.

## II.    THE ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

6.    In the fall of 2023, the Parties retained me to act as mediator for the Action and scheduled a mediation session for November 14, 2023.

7.    In advance of the mediation, the Parties prepared extensive written mediation statements that they exchanged and submitted to me.  These submissions addressed the evidence, claims and defenses of the Parties, and the relative positions of the Parties on key issues in the case, including liability and damages.  The Parties conducted two rounds of simultaneous submissions in anticipation of the November 14, 2023, mediation session, submitting and exchanging opening statements on October 20, 2023, and responding submissions on October 31, 2023. The work that went into the mediation statements was substantial.

8.    A full-day in-person mediation session took place in New York City on November 14, 2023.  Counsel for the Parties and Defendants' insurance carriers attended the session, as well as representatives from Lead Plaintiff Fire and Police Pension Association of Colorado ("Colorado FPPA"), and representatives of Lead Plaintiffs Oakland County Employees' Retirement System and Oakland County Voluntary Employees' Beneficiary Trust (collectively, "Oakland County") participated by phone and email as needed  During the mediation session, counsel for Lead Plaintiffs and the Defendants presented arguments regarding their clients' positions and engaged

2

in extensive negotiations. The session ended without any agreement being reached, but the Parties' settlement discussions continued in the weeks thereafter with my assistance.

9. The Parties scheduled a second mediation session with me for February 21, 2024. In advance of that session, the Parties exchanged and submitted additional confidential mediation statements to me on February 13, 2024.

10. On February 21, 2024, the second full-day session was held in person in New York City and was attended by counsel for the Parties and Defendants' insurance carriers, as well as a representative from Lead Plaintiff Colorado FPPA, with representatives of Lead Plaintiff Oakland County participating by phone and email as needed. The Parties engaged in robust negotiations regarding their clients' positions in the litigation. At the conclusion of that mediation session, I made a double-blind mediator's recommendation that the Parties settle the Action in return for a cash payment for the benefit of the Settlement Class of $25,500,000, which the Parties accepted.

11. Because the Parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and adversarial, and they reflected a detailed understanding of the strengths and potential weaknesses of the claims and defenses at issue in this case. The mediation process was a hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides. Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith.

## III.    CONCLUSION

12. Based on my experience as a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for the Settlement Class and all Parties involved.

While the Court will make its own determination as to the fairness and adequacy of the Settlement, based on my experience as a neutral and the specifics relating to the mediation of this Action, I respectfully submit that the proposed Settlement warrants final approval by the Court as a fair, well-reasoned resolution, taking into consideration the complexity, risks, costs and uncertainty of continued litigation.  In short, I support the Court's approval of the Settlement in all respects.

13.    Lastly, as the Parties had extensive, zealous discussions regarding all aspects of the Action with me, I can readily attest that the advocacy on both sides of the case was excellent.  The experienced counsel on both sides displayed the highest level of professionalism, capably represented their respective clients, and were well-informed of the factual and legal arguments, as well as the strengths and weaknesses of their respective positions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, this 17th day of July, 2024.

MICHELLE YOSHIDA
Phillips ADR Enterprises, P.C.

4