# Exhibit 2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 20-639-JLH-CJB |

**DECLARATION OF JOSEPH ROZELL, BOARD CHAIRPERSON OF OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM AND OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY TRUST, IN SUPPORT OF (A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATON EXPENSES; AND (C) LEAD PLAINTIFFS' REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES**

I, Joseph Rozell, declare as follows:

1.     I am the Board Chairperson of the Oakland County Employees' Retirement System ("Oakland County ERS") and Oakland County Voluntary Employees' Beneficiary Trust ("Oakland County VEBA" and collectively with Oakland County ERS, "Oakland County"). I submit this declaration in support of: (a) Lead Plaintiffs' motion for final approval of the proposed settlement of this Action (the "Settlement") and approval of the proposed plan of allocation for the proceeds of the Settlement (the "Plan of Allocation"); (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; and (c) approval of the request of Oakland County for reimbursement of reasonable costs and expenses incurred in connection with its representation of the Class in the prosecution of this Action.[1]

2.     I am aware of and understand the requirements and responsibilities of a lead plaintiff as set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have been directly involved in monitoring and overseeing the prosecution and settlement of the Action

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 25, 2024. (D.I. No. 140-1).

and the matters set forth herein are based on my personal knowledge or my understanding based on discussion with counsel and other Oakland County employees.

3.      Oakland County ERS and Oakland County VEBA provide retirement benefits to employees of Oakland County, Michigan and their beneficiaries, and collectively have in excess of $2 billion in assets. Oakland County is very familiar with securities class action litigation as it has also served or is serving as a court-appointed lead plaintiff in securities class actions involving OmniVision Technologies, No. 11-cv-5235 (N.D. Cal.); First NBC Bank Holding Co., No 16-cv-4243 (E.D. La.); Insperity, Inc., No. 20-cv-05635 (S.D. N.Y.); Opendoor Technologies, Inc., No. 22-cv-1717 (D. Ariz.); Sotera Health Company, No. 23-cv-143 (N.D. Ohio); and Driven Brands Holdings Inc., No. 23-cv-00895 (W.D.N.C.).

## I.    Oakland County's Oversight of the Litigation

4.      On August 13, 2020, Oakland County and the Fire and Police Pension Association of Colorado ("Colorado FPPA") were appointed by the Court to serve as Lead Plaintiffs in this Action.  Oakland County, through my active and continuous involvement, as well as the active and continuous involvement of our additional counsel, Aaron Castle of VanOverbeke, Michaud & Timmony, P.C. ("VanOverbeke"), closely supervised, carefully monitored and actively participated in the prosecution of the Action.  On behalf of Oakland County, Aaron Castle and I had regular communications throughout the litigation with Barrack, Rodos and Bacine ("Barrack Rodos"), which was appointed as a Lead Counsel in this Action.  Additionally, Barrack Rodos regularly submitted reports on the status of the litigation to Oakland County.

5.      Among other things, I, and other personnel at Oakland County:

(a) Regularly participated in discussions with Barrack Rodos and VanOverbeke concerning significant developments in the litigation, including case strategy;

2

(b)  Reviewed drafts and final versions of significant pleadings and briefs filed in the Action and submitted as part of the mediation, and discussed Court orders;

(c)  Conducted and supervised the production of discovery by Oakland County, including document productions and responses to written document requests, interrogatories, and requests for admission;

(d)  Consulted with Barrack Rodos concerning the mediation process and settlement negotiations; and

(e)  Evaluated and approved the proposed Settlement for $25.5 million.

6.      Oakland County was regularly kept informed regarding the status of the litigation, discovery, and affirmative litigation strategy throughout the Action, as well as the settlement negotiations as they progressed.  Prior to and during the settlement negotiations and mediation process, Aaron Castle and I conferred with Barrack Rodos regarding the Parties' respective positions.

II.      **Oakland County Strongly Endorses Approval of the Settlement and the Plan of Allocation**

7.      Based on its involvement and oversight throughout the prosecution and resolution of this Action, Oakland County strongly endorses the Settlement and believes that it provides an excellent recovery for the Class, particularly in light of the substantial risks inherent in continuing the prosecution of the claims in the Action and the potential extent of continued litigation, which could be expected to last at least several more years considering the pendency of the class certification motion, the likelihood of summary judgment motions and motions *in limine*, other necessary pre-trial proceedings, presenting the Action at a jury trial, and resolution of any appeals.

8.      Oakland County also endorses the proposed Plan of Allocation and believes that it represents a fair and reasonable method for valuing claims submitted by Class Members, and for

3

distributing the Net Settlement Fund among Class Members who submit valid and timely Claim Forms.

### III.    Oakland County Believes Lead Counsel Should Be Awarded a Reasonable Fee

9.    Oakland County takes seriously its role as a Lead Plaintiff to ensure that the attorneys' fees requested are fair in light of the result achieved for the Class and reasonably compensate Lead Counsel for the work involved and the substantial risk of non-payment that they undertook in litigating the Action.

10.    In light of the quality and quantity of work performed by Lead Counsel and the excellent result obtained for the Class, as well as the serious obstacles to recovery in the Action, Oakland County supports Lead Counsel's request for an award of attorneys' fees. Oakland County believes the requested fees are reasonable and appropriate under the circumstances of this case.

11.    Oakland County further believes that the litigation expenses being requested for reimbursement are reasonable, and represent costs and expenses necessary for the prosecution and resolution of this Action. Accordingly, Oakland County approves the request for reimbursement of expenses submitted by Lead Counsel.

### IV.    Oakland County's Request for Reimbursement of its Reasonable Costs and Expenses

12.    I understand that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the PSLRA. 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Lead Counsel's request for reimbursement of litigation expenses, Oakland County seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Class in the Action.

13.    Oakland County personnel spent over 80 hours on the prosecution of this Action for the benefit of the Settlement Class by performing the following tasks, among others: (a)

reviewing pleadings, motions, responses, and Court orders; (b) consulting and strategizing with counsel via telephone and email; and (c) reviewing and responding to Defendants' discovery requests, including searching for and producing responsive documents and assisting in the preparation of written responses to document requests, interrogatories, and requests for admission.

14.    The time that employees of Oakland County and I devoted to the representation of the Class in this Action was time that we otherwise would have spent on other work for Oakland County and, thus, represented a cost to Oakland County.

15.    Oakland County seeks reimbursement in the amount of $6,533.52 for: (a) the time that I devoted to supervising and participating in the Action in the amount of $4,337.28 (48 hours at $90.36 per hour); and (b) the time that employees of Oakland County spent reviewing discovery requests and searching records and emails for responsive documents, as well as preparing responses to requests for production and admission, and interrogatories in the amount of $1,262.80 for Carly Webster, Retirement Administrator (20 hours at $63.14 per hour) and $933.44 for Kelly Pena, Lead Retirement Specialist (16 hours at $58.34 per hour).

16.    Oakland County was closely involved throughout the prosecution and settlement of this Action, endorses the Settlement as fair, reasonable and adequate, and believes that it represents an excellent recovery for the Class.  Accordingly, Oakland County respectfully requests that the Court approve Lead Plaintiffs' motion for final approval of the proposed Settlement and of the Plan of Allocation.  Oakland County also respectfully requests that the Court award Lead Counsel a reasonable and appropriate fee, as requested, as well as reimbursement of litigation expenses, including Oakland County's and Colorado FPPA's requests for reimbursement of its reasonable costs and expenses incurred in prosecuting the Action on behalf of the Class.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

5

Executed on July 15th, 2024.

_____
Joseph Rozell

6