# Exhibit 5A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 20-639-JLH-CJB |

**DECLARATION OF JEFFREY W. GOLAN FOR BARRACK, RODOS & BACINE IN SUPPORT OF LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Jeffrey W. Golan, hereby declare as follows:

1.      I am a partner of the law firm Barrack, Rodos & Bacine ("Barrack Rodos"), which serves as Lead Counsel in this case with the law firm Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"). I submit this declaration in support of Lead Counsel's motion for an award of attorneys' fees in connection with services rendered in the Action, as well as for payment of expenses incurred by my firm in connection with the Action. I have personal knowledge of the facts stated in this declaration and, if called upon, could and would testify to these facts.

2.      My firm served as counsel for Lead Plaintiffs Oakland County Employees' Retirement System ("Oakland ERS") and Oakland County Voluntary Employees' Beneficiary Trust (collectively with Oakland ERS, "Oakland County"), and as the Court-appointed Lead Counsel. Among other actions taken in the litigation, Barrack Rodos represented Oakland County in the initial motions for appointment as lead plaintiff; worked with Bernstein Litowitz to investigate, draft and file the Consolidated Complaint, the Amended Complaint and the Second Amended Complaint; worked with Bernstein Litowitz to research, prepare, and file the Lead Plaintiffs' oppositions to the Defendants' motions to dismiss the Consolidated Complaint and the Second Amended Complaint; produced documents on behalf of Oakland County; obtained document discovery from Defendants and third parties; researched, prepared and filed with

Bernstein Litowitz Lead Plaintiffs' motion for class certification, including working with a market efficiency expert in support of the class motion; prepared detailed submissions prior to the mediation and engaged in negotiations throughout the mediation process, including during and between the two full-day mediation sessions; prepared and worked with Defendants' counsel and our co-lead counsel on the settlement documents; and worked with Bernstein Litowitz to prepare and finalize the stipulation of settlement, proposed notices, and proof of claim form.

3.      The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by each Barrack Rodos attorney and professional support staff employee who devoted ten (10) or more hours to the Action from its inception through and including June 30, 2024, and the lodestar calculation for those individuals based on their current hourly rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the hourly rates for such personnel in their final year of employment with my firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by Barrack Rodos.

4.      As the partner responsible for supervising my firm's work on this case, I reviewed these time and expense records to prepare this declaration. The purpose of this review was to confirm both the accuracy of the time entries and expenses and the necessity for, and reasonableness of, the time and expenses committed to the litigation. All time expended in preparing this application for fees and expenses has been excluded.

5.      Following this review, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is being sought as stated in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution

2

of the litigation. In addition, based on my experience, the expenses are all of a type that would normally be billed to a fee-paying client in the private legal marketplace.

6.    The hourly rates for the Barrack Rodos attorneys and professional support staff employees included in Exhibit A are their standard rates and are the same as, or comparable to, the rates submitted by my firm and accepted by courts for lodestar cross-checks in other class action fee applications. My firm's rates are set based on periodic analysis of rates used by firms performing comparable work and that have been approved by courts. Different timekeepers within the same employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the firm, years in their current position (*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms.

7.    The total number of hours expended on this Action by my firm from the inception of the case through and including June 30, 2024 is 3,883.50 hours. The total lodestar for my firm for that period is $2,624,001.25. My firm's lodestar figures are based upon the firm's hourly rates described above, which do not include expense items. Expense items are recorded separately, and these amounts are not duplicated in my firm's hourly rates.

8.    As detailed in Exhibit B, Barrack Rodos incurred a total of $53,524.96 in expenses throughout the prosecution of this Action. The expenses reflected in Exhibit B are the expenses actually incurred by my firm. These include expenses for, among other things: (a) $24,944.69 in Computer & Other Research Fees, which includes payments for online data sources such as Westlaw, Lexis, and PACER for research in connection with this litigation; (b) $10,716.25 for the Expert Services of Harris L. Devor, CPA of Marcum LLP (and previously Friedman LLP), who was consulted concerning accounting issues in the Action; and (c) $14,137.50 in Mediation Fees

3

paid to Mediator Michelle Yoshida of Philips ADR Enterprises, who assisted with settlement negotiations in the Action and held two formal mediation sessions.

9.      The expenses incurred in this Action by Barrack Rodos are reflected in the records of my firm, which are regularly prepared and maintained in the ordinary course of business. These records are prepared from expense vouchers, check records, and other source materials, and are an accurate record of the expenses incurred.

10.      If requested, I would be pleased to submit a biography of Barrack Rodos to the Court, which is also accessible on the firm's website at www.barrack.com/about-us/ under Meet Our Attorneys and Professionals.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed on July 18, 2024.

Jeffrey W. Golan

## Grand Canyon Education, Inc.

### Barrack, Rodos & Bacine

### Exhibit A

|  | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| **Attorneys:** |  |  |  |
| Jeffrey W. Golan | 840.00 | $995.00 | $835,800.00 |
| Robert A. Hoffman | 195.75 | $995.00 | $194,771.25 |
| Mark R. Rosen | 85.25 | $855.00 | $72,888.75 |
| Jeffrey B. Gittleman | 155.75 | $840.00 | $130,830.00 |
| Chad A. Carder | 605.00 | $810.00 | $490,050.00 |
| Meghan J. Talbot | 142.25 | $500.00 | $71,125.00 |
| Jordan R. Laporta | 874.75 | $450.00 | $393,637.50 |
| Brendan C. Lally | 286.00 | $445.00 | $127,270.00 |
| Allison T. Utecht | 660.50 | $445.00 | $293,922.50 |
| **Attorney Totals:** | **3,845.25** |  | **$2,610,295.00** |
|  |  |  |  |
| **Paralegals/Professionals:** |  |  |  |
| Joseph J. Morrison | 12.75 | $375.00 | $4,781.25 |
| Nina L. McGarvey | 25.50 | $350.00 | $8,925.00 |
| **Total for Paralegals:** | **38.25** |  | **$13,706.25** |
|  |  |  |  |
| **Grand Totals:** | **3,883.50** |  | **$2,624,001.25** |

**Grand Canyon Education, Inc.**

Barrack, Rodos & Bacine

Exhibit B

| Description | Amount |
| --- | --- |
|  |  |
| Computer & Other Research Fee(s) | $24,944.69 |
| Expert Services | $10,716.25 |
| Mediation Fee(s) | $14,137.50 |
| Postage | $3.71 |
| Reproduction (In-House) | $334.25 |
| Telephone | $2,111.96 |
| Travel/Meals/Meetings | $1,276.60 |
|  |  |
| **Totals:** | **$53,524.96** |