# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 20-639-JHL-CJB |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ......................................................................................1

II.   THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS
      APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND
      THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES....................2

      A.    The Court-Approved Robust Notice Program .........................................................3

      B.    The Settlement Class's Reaction Supports Approval of the Settlement and
            the Plan of Allocation .......................................................................................4

      C.    The Settlement Class's Reaction Supports Approval of the Fee and
            Expense Application ...........................................................................................6

III.  CONCLUSION.........................................................................................................7

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re AremisSoft Corp. Sec. Litig.*,
210 F.R.D. 109 (D.N.J. 2002) ............................................................................................6

*In re AT&T Corp.*,
455 F.3d 160 (3d Cir. 2006) ...............................................................................................6

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005) ..........................................................................5

*In re Bisys Sec. Litig.*,
2007 WL 2049726 (S.D.N.Y. July 16, 2007) ......................................................................7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018) .................................................................................5

*In re Linerboard Antitrust Litig.*,
296 F. Supp. 2d 568 (E.D. Pa. 2003) ..................................................................................5

*In re Lucent Techs., Inc., Sec. Litig.*,
307 F. Supp. 2d 633 (D.N.J. 2004) ..................................................................................5, 6

*In re Nat'l Football League Players Concussion Injury Litig.*,
821 F.3d 410 (3d Cir. 2016) ...............................................................................................4

*In re Reliance Sec. Litig.*,
2002 WL 35645209 (D. Del. Feb. 8, 2002) .........................................................................4

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) ...............................................................................................6

*In re Schering-Plough Corp. Sec. Litig.*,
2009 WL 5218066 (D.N.J. Dec. 31, 2009) ..........................................................................6

*Vinh Du v. Blackford*,
2018 WL 6604484 (D. Del. Dec. 18, 2018) .........................................................................4

*In re Wilmington Tr. Sec. Litig.*,
2018 WL 6046452 (D. Del. Nov. 19, 2018) ......................................................................5, 6

**STATUTES**

Class Action Fairness Act of 2005,
28 U.S.C. § 1715(b) ...........................................................................................................4

Lead Plaintiffs Fire and Police Pension Association of Colorado, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association Trust ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel, respectfully submit this reply memorandum of law in further support of, respectively (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (D.I. 146, 147); and (b) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (D.I. 148, 149) (the "Motions").[1]

## I.   PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in exchange for an all-cash payment of $25.5 million.  As detailed in Lead Plaintiffs' and Lead Counsel's opening papers (D.I. 146 – 150), the proposed Settlement is the product of Lead Plaintiffs and Lead Counsel's vigorous pre-and post-filing investigation, zealous prosecution of the Action, and extended arm's-length settlement negotiations before a highly experienced mediator.  The Settlement—which represents a substantial portion of the maximum damages that investors could seek to prove at trial—is an excellent result given both the size of the recovery and the significant risks that Lead Plaintiffs faced in proving that Defendants made materially false and misleading statements with scienter, in establishing loss causation and damages, and the costs and delay of further litigation.

The Settlement has also now been overwhelmingly endorsed by the Settlement Class. Since the Court granted preliminary approval, the Court-approved Claims Administrator, under the supervision of Lead Counsel, has completed the extensive notice program set out in the Court's May 1, 2024 Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings in the Stipulation and Agreement of Settlement dated March 25, 2024 (D.I. 140-1) (the "Stipulation").

of Settlement (D.I. 144) ("Preliminary Approval Order").  The notice program included, *inter alia*, mailing the Notice Packet to over 73,000 potential Settlement Class Members, publication of a Summary Notice in *Investor's Business Daily* and *PR Newswire*, and the establishment of a dedicated Settlement website run by the Claims Administrator.  Following this comprehensive notice program, ***no objections were received*** with respect to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses.  The complete lack of objections represents a significant endorsement by the Settlement Class of the proposed Settlement, Plan of Allocation, and the requested fees and expenses.  The absence of any objections is especially noteworthy here given that the great majority of the Settlement Class is comprised of institutional investors, who have the staff and resources to object if they believe there is cause to do so.  None did so here. Moreover, Lead Plaintiffs, which are themselves experienced and sophisticated institutional investors that actively oversaw the Action, have expressly endorsed the Settlement and the requested attorneys' fees and expenses.  *See* D.I. 150-2, at ¶¶ 3-11; D.I. 150-3, at ¶¶ 2-11.  In addition, in response to the robust notice program, there has been only one request for exclusion from the Settlement Class, submitted by an individual investor who purchased only a small number of shares during the Class Period.

As explained below, this overwhelmingly positive reaction of the Settlement Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses are fair and reasonable, and should be approved.

**II.    THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES**

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrated why approval of the Motions is warranted.  Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of any objections and the lone

request for exclusion received establish that the "reaction of the class" factor also strongly supports approval of both Motions.

### A.     The Court-Approved Robust Notice Program

In accordance with the Court's Preliminary Approval Order, 73,716 copies of the Notice Packet have been mailed to potential Settlement Class Members and their nominees.  *See* Supplemental Declaration of Luiggy Segura Regarding (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion Received (the "Suppl. Segura Decl."), attached hereto as Exhibit 1, at ¶ 2.  The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 23% of the Settlement Fund and payment of Litigation Expenses (including potential reimbursement awards to Lead Plaintiffs as authorized by the PSLRA) in an amount not to exceed $600,000.  *See* Notice ¶¶ 5, 55.  The Notice also apprised Settlement Class Members of (a) their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; (b) their right to exclude themselves from the Settlement Class; and (c) the August 1, 2024 deadline for receipt of objections and requests for exclusion.  *See* Notice at p. 3 and ¶¶ 56, 63-64.

In addition, the Summary Notice was published in *Investor's Business Daily* and over *PR Newswire* on June 3, 2024.  *See* Declaration of Luiggy Segura Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date (D.I. 150-4) at ¶ 15.  The Summary Notice informed readers of the proposed Settlement, how to obtain copies of the longer Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion.

On July 18, 2024, 14 days before the objection and exclusion deadline, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee

3

and expense request.  These papers are available on the public docket (D.I. 146 – 150), and they were also posted on the Settlement website, www.GrandCanyonSecuritiesLitigation.com, the same day.  *See* Suppl. Segura Decl. ¶ 3.  In addition, notice of the Settlement was provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) on April 2, 2024.  *See* D.I. 140.

As noted above, following implementation of this comprehensive notice program, not a single Settlement Class Member submitted an objection to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  In addition, only one request for exclusion from the Settlement Class was received.  *See* Supp. Segura Decl. ¶ 4.  This lone request for exclusion was received from an individual investor who purchased just 52 shares of Grand Canyon common stock during the Class Period.  *See* Supp. Segura Decl. Ex. 1.  These shares represent less than 0.0002% of the total damaged shares estimated by Lead Plaintiffs' damages expert—an exceedingly small portion of the Settlement Class.

**B.      The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation**

The absence of any objections from Settlement Class Members and the single request for exclusion are significant factors that support a finding that the Settlement is fair, reasonable, and adequate.  *See, e.g., In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 438 (3d Cir. 2016), as amended (May 2, 2016) (finding that objections from only approximately 1% of class members weighs in favor of settlement approval); *Vinh Du v. Blackford*, 2018 WL 6604484, at *6 (D. Del. Dec. 18, 2018) ("In that no shareholder has objected to the settlement, this factor weighs heavily in favor of settlement."); *In re Reliance Sec. Litig.,* 2002 WL 35645209, at *11 (D. Del. Feb. 8, 2002) (where no class members have objected to the settlements and "only two Class Members have objected to the Allocation Agreement and Plan of Allocation weighs in

favor of the approval of these settlements and the Plan of Allocation."); *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 643 (D.N.J. 2004) (alteration in original) ("[U]nanimous approval of the proposed settlement by the class members is entitled to nearly dispositive weight."); *In re Linerboard Antitrust Litig.*, 296 F. Supp. 2d 568, 578 (E.D. Pa. 2003) ("unanimous approval of the proposed settlement[] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement"). Thus, in addition to the significant risks of continued litigation and other factors addressed in Lead Plaintiffs' opening motion papers, the reaction of the Settlement Class weighs heavily in favor of approval of the proposed Settlement.

Moreover, the lack of objections here is particularly notable given that sophisticated institutional investors owned the vast majority of the Grand Canyon common stock outstanding during the Class Period. *See, e.g.*, Expert Report of Matthew D. Cain, Ph.D. (D.I. 131-5), at ¶ 72. As courts have recognized, an absence of objections from such sophisticated institutional investors—who readily possess the resources, financial motivation, and legal staff to object to anything that they believe to be unfair or unreasonable—particularly supports approval. *See In re Wilmington Tr. Sec. Litig.*, 2018 WL 6046452, at *5 (D. Del. Nov. 19, 2018) (lack of objections by institutional investors, who owned significant percentage of securities at issue, "weighs in favor of the settlements"); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

5

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See, e.g.*, *Lucent*, 307 F. Supp. 2d at 649 ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation. . . . [N]o Class Member has objected to the Plan of Allocation."); *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 127 (D.N.J. 2002) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation.  No Class Member has objected to the Plan of Allocation[.]").

## C.    The Settlement Class's Reaction Supports Approval of the Fee and Expense Application

The overwhelmingly positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Courts recognize that the absence of any objections to the requested fees and expenses weighs in favor of a finding that they are fair and reasonable. *See Wilmington Trust,* 2018 WL 6046452, at *8 (no objections to plaintiffs' counsel's fee and expense application "weighs in favor of the request for fees"); *In re Schering-Plough Corp. Sec. Litig.*, 2009 WL 5218066, at *6 (D.N.J. Dec. 31, 2009) ("More than 320,000 potential class members were sent mailings and a summary notice was published in the Wall Street Journal and issued over the PR Newswire. Only two objections were made, which is strong evidence in favor of the reasonableness of the fee award."); *In re AT&T Corp.*, 455 F.3d 160, 170 (3d Cir. 2006) (agreeing with the District Court's determination that "the absence of substantial objections by class members to the fees requested by counsel strongly supports approval").

As with approval of the Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See, e.g.*, *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they

6

believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that only one individual raised any objection, "even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

Accordingly, the virtually uniformly positive reaction of the Settlement Class strongly supports approval of the fee and expense request.

## III.    CONCLUSION

For the foregoing reasons, and the additional points and authorities set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses. Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4.

Dated: August 15, 2024

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Hannah G. Ross
Katherine M. Sinderson (*pro hac vice*)
Robert F. Kravetz (*pro hac vice*)
Michael M. Mathai (*pro hac vice*)
Sarah Schmidt
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
katiem@blbglaw.com
robert.kravetz@blbglaw.com
michael.mathai@blbglaw.com
sarah.schmidt@blbglaw.com

**BARRACK, RODOS & BACINE**

Jeffrey W. Golan (*pro hac vice*)
Chad A. Carder (*pro hac vice*)
Jordan R. Laporta
3300 Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
jgolan@barrack.com
ccarder@barrack.com
jlaporta@barrack.com

*Counsel for Lead Plaintiffs
and Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Gregory V. Varallo*
Gregory V. Varallo (Bar No. 2242)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3601
greg.varallo@blbglaw.com

*Counsel for Lead Plaintiffs
and Lead Counsel for the Settlement Class*

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

Aaron L. Castle (*pro hac vice*)
79 Alfred Street
Detroit, MI 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
acastle@vmtlaw.com

*Additional Counsel for Lead Plaintiffs
Oakland County Employees' Retirement
System and Oakland County Voluntary
Employees' Beneficiary Association Trust*

8

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on August 15, 2024, I caused the Reply Memorandum of Law in Further Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses to be filed and submitted electronically, served via email on all counsel of record, and to be made available for viewing and downloading from the CM/ECF system.

*/s/ Gregory V. Varallo*
Gregory V. Varallo