**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re Grand Canyon Education, Inc. Securities Litigation* | Civil Action No. 20-639-JLH-CJB |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS'
UNOPPOSED MOTION FOR APPROVAL OF DISTRIBUTION PLAN**

**TABLE OF CONTENTS**

**Page**

I.    BACKGROUND ........................................................................................................2

II.   CLAIMS ADMINISTRATION.................................................................................3

    A.    No Disputed Claims...................................................................................5

    B.    Late Claims and Final Cut-Off Date.......................................................5

III.  FEES AND EXPENSES OF CLAIMS ADMINISTRATOR ...............................6

IV.   DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND ......................7

    A.    Initial Distribution of the Net Settlement Fund .........................................7

    B.    Additional Distribution(s) of the Net Settlement Fund.............................9

V.    RELEASE OF CLAIMS..........................................................................................10

VI.   CONCLUSION........................................................................................................12

i

# TABLE OF AUTHORITIES

**P**AGE(S)

**Cases**

*Fernandez v. Knight Cap. Grp., Inc.*,
2016 WL 7468089 (D.N.J. June 16, 2016) ................................................................. 12

*Herron v. Certainteed Corp.*,
2009 WL 1509100 (Del. Super. Ct. May 27, 2009) ................................................... 10

*In re Advance Auto Parts Inc. Sec. Litig.*,
No. 1:18-cv-00212 RGA-SRF (D. Del. Feb. 16, 2024) .............................................. 12

*In re Solar Tr. of Am., LLC*,
No. 12-11136-KG (Bankr. D. Del. Dec. 5, 2016) ...................................................... 10

*Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*,
No. 1:16-cv-00112-MN (D. Del. Mar. 1, 2023) ........................................................ 11

*Newbold v. McCaw*,
2025 WL 510248 (Del. Ch. Feb. 10, 2025) ............................................................... 10

*Newbold v. McCaw*,
C.A. No. 2022-0439-LWW (Del. Ch. Feb. 12, 2025) ............................................... 10

*Seidel v. Lee*,
No. 1:95-cv-00724-JJF (D. Del. Feb. 21, 2002) ....................................................... 10

**Rules**

Ct. Ch. R. 23(f)(6)(B) ....................................................................................................... 10

Court-appointed Lead Plaintiffs Fire and Police Pension Association of Colorado, Oakland County Employees' Retirement System, and Oakland County Voluntary Employees' Beneficiary Association Trust (collectively, "Lead Plaintiffs") respectfully move for entry of the proposed Order Approving Distribution Plan ("Class Distribution Order") for the proceeds of the Settlement in the above-captioned securities class action (the "Action").  The Distribution Plan is included in the accompanying Declaration of Luiggy Segura ("Segura Declaration" or "Segura Decl."), submitted on behalf of the Court-approved Claims Administrator, JND Legal Administration ("JND").[1]

Lead Plaintiffs agreed to settle the Action in exchange for a cash payment of $25,500,000, which has been deposited into an escrow account and is earning interest for the benefit of the Settlement Class.  The Settlement was approved by the Court on August 22, 2024, following a rigorous notice program and without objection to any aspect of the Settlement by any class members.  Following the Court's approval, Lead Plaintiffs and Lead Counsel have overseen the Court-authorized claims administration process, in which JND carefully reviewed the Claims received and provided any Claimants with deficiencies in their Claims a chance to cure those defects.  The number of damaged shares of Grand Canyon stock included in the valid Claims received equaled approximately 97% of the number estimated by the Lead Plaintiffs' damages expert, attesting to the robust participation of the Settlement Class.  The Claims Administrator has now completed processing the Claims received for the Settlement and, through this motion, Lead Plaintiffs seek the Court's approval to distribute the Net Settlement Fund to Settlement Class Members who submitted eligible Claims.

---

[1] Unless otherwise indicated in this memorandum, all terms with initial capitalization shall have the meanings ascribed to them in the Segura Declaration or the Stipulation and Agreement of Settlement, dated as of March 25, 2024 (D.I. 140-1) ("Stipulation").

The Class Distribution Order will, upon being entered by the Court, permit JND to make an Initial Distribution of the Settlement proceeds to eligible Claimants. Among other things, the Class Distribution Order will: (i) approve JND's administrative determinations accepting and rejecting Claims submitted in connection with the Settlement; (ii) direct the Initial Distribution of the Net Settlement Fund to Claimants whose Claims are accepted by JND as valid and approved by the Court ("Authorized Claimants"), while maintaining a Reserve for any tax liability and claims administration-related contingencies that may arise; and (iii) approve JND's fees and expenses incurred and estimated to be incurred in the administration of the Settlement and the Initial Distribution. Granting that relief is entirely appropriate and proper, and will ensure that Settlement Class Members receive the Settlement proceeds to which they are entitled.

There are no disputed Claims by any Settlement Class Member requiring Court review. Further, pursuant to the Stipulation, Defendants have no role in or responsibility for the administration of the Settlement Fund or processing of Claims, including determinations as to the validity of Claims or the distribution of the Net Settlement Fund. *See* Stipulation ¶¶ 18, 22, 24; *see also* Notice ¶¶ 47, 93. Nonetheless, Lead Counsel have shared the motion with Defendants' Counsel and they have informed us that Defendants do not oppose the motion. Accordingly, Lead Counsel respectfully submit that the motion is ripe for determination and that a hearing on this motion is not required.

## I.      BACKGROUND

On August 22, 2024, the Court entered the Judgment Approving Class Action Settlement (D.I. 156) approving the $25.5 million all-cash Settlement of this Action and entered an Order Approving Plan of Allocation of Net Settlement Fund (D.I. 154) approving the Plan of Allocation for the Net Settlement Fund. The Settlement's "Effective Date" under paragraph 32 of the Stipulation has now occurred, and accordingly the Net Settlement Fund may now be distributed to

Authorized Claimants.  In accordance with paragraph 27 of the Stipulation, Lead Plaintiffs respectfully request that the Court enter the Class Distribution Order and approve the Distribution Plan.

In accordance with the Court's Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (D.I. 144) ("Preliminary Approval Order"), JND mailed the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and the Proof of Claim and Release Form ("Claim Form" and, collectively with the Notice, "Notice Packet") to potential Settlement Class Members, brokers, and other nominees.  Segura Decl. ¶ 2.  JND has disseminated 73,716 Notice Packets to potential Settlement Class Members, brokers, and nominees.  *Id*. ¶ 4. The Notice informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit a properly executed Claim Form postmarked no later than September 19, 2024.  *Id*. ¶ 7.

## II.    CLAIMS ADMINISTRATION

As set forth in the Segura Declaration, through August 5, 2025, JND received and processed 50,425 Claims.  Segura Decl. ¶ 7.  All Claims received through August 5, 2025, have been fully processed in accordance with the Stipulation and the Court-approved Plan of Allocation included in the Notice (*see id*.), and JND has worked with Claimants to help them perfect their Claims. *See id.* ¶¶ 19-31.  Many of the Claims were initially deficient or ineligible for one or more reasons, including being incomplete, not signed, not properly documented, or otherwise deficient, which required substantial follow-up work by JND.  *Id*. ¶¶ 19, 22.

If JND determined a Claim to be defective or ineligible, JND sent a letter (if the Claimant or filer filed a paper Claim) or an email (if the Claimant or filer filed an electronic Claim) to the Claimant or filer, as applicable, describing the defect(s) or condition(s) of ineligibility in the Claim

and the steps necessary to cure any curable defect(s) in the Claim ("Deficiency Notices").  *Id.* ¶¶ 20, 22. The Deficiency Notices advised the Claimant or filer that the appropriate information or documentary evidence to complete the Claim had to be sent within twenty (20) days from the date of the Deficiency Notice or JND would recommend the Claim for rejection to the extent the deficiency or condition of ineligibility was not cured.  *Id.* ¶¶ 20, 23.  Examples of the Deficiency Notices are attached as Exhibits A, B, and C to the Segura Declaration.

Of the 50,425 Claims that are the subject of this motion, JND has determined that 27,572 Claims are acceptable in whole or in part, and that 22,853 Claims should be rejected because they are ineligible for payment from the Net Settlement Fund.  Segura Decl. ¶¶ 39-41.  The rejected Claims were invalid for various reasons, including, for example, that the Claim did not result in a Recognized Claim,[2] the Claim was made by or on behalf of a person or entity who was not a Settlement Class Member, or the Claim was a duplicate or withdrawn.  *Id.* ¶ 41.[3]  The Claims recommended for acceptance include over 35.8 million damaged shares of Grand Canyon common stock, *see id.* ¶¶ 39-40, which accords with the total number of damaged shares as estimated by Lead Plaintiffs' damages expert—demonstrating that the notice and claims processing procedures here were highly successful. Lead Plaintiffs respectfully request that the Court approve JND's administrative determinations accepting and rejecting Claims as set forth in the Segura Declaration.

---

[2] As defined in paragraph 81 of the Notice, a Claimant's "Recognized Claim" is the sum of his, her, or its "Recognized Loss Amounts" as calculated under paragraph 80 of the Notice.

[3] The great majority of the rejected Claims were made by persons or entities that were not Settlement Class Members or who did not possess Recognized Claims under the Plan of Allocation.  *See* Segura Decl. ¶ 41.  Also, given the relative ease with which electronic claims are now filed through the use of modern technology, one noticeable recent trend is that many potential claimants will submit a claim without carefully checking whether they qualify as a class member.  *Id.*  This trend likely contributed to the large number of rejected Claims here.

**A.      No Disputed Claims**

JND carefully reviewed Claimants' and filers' responses to the Deficiency Notices and worked with them to resolve deficiencies where possible.  *Id*. ¶¶ 21, 26.  Consistent with paragraph 25(e) of the Stipulation, the Deficiency Notices specifically advised the Claimant or filer of the right, within twenty (20) days after the mailing or emailing of the Deficiency Notice, to contest the rejection of the Claim and request Court review of JND's administrative determination of the Claim.  *Id*. ¶¶ 20, 23; *id.* Exs. A, B.

With respect to the fully processed Claims, JND received no requests for Court review.  *Id*. ¶ 31.  Accordingly, there are no outstanding requests for Court review by any Claimants.  *Id*.

**B.      Late Claims and Final Cut-Off Date**

The 50,425 Claims received through August 5, 2025, include 267 Claims that were postmarked or received after September 19, 2024, the Court-approved Claim submission deadline.  *Id*. ¶¶ 32, 40.  Those late Claims have been fully processed, and 156 of them are, but for their late submission, otherwise eligible to participate in the Settlement.  *Id*.  Although these 156 Claims were late, they were received while the processing of timely Claims was ongoing.  *Id*.  Due to the amount of time needed to process the timely Claims received, the processing of these late Claims did not delay the completion of the Claims administration process or the distribution of the Net Settlement Fund.  *See id*. ¶ 32.  The Court has discretion to accept Claims received after the Claim submission deadline.  *See* Preliminary Approval Order ¶ 11; Notice ¶ 49.  Lead Plaintiffs respectfully submit that, when the equities are balanced, it would be unfair to prevent an otherwise eligible Claim from participating in the distribution of the Net Settlement Fund solely because it was received after the Court-approved Claim submission deadline if it were submitted while timely Claims were still being processed.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be

a final cut-off date after which no other Claims may be accepted.  Accordingly, Lead Plaintiffs respectfully request that the Court order that any *new* late Claims (and any requested adjustments to previously filed Claims that would result in an increased Recognized Claim amount) received after August 5, 2025, shall be barred (*see also* Segura Decl. ¶ 44(f)), subject to the proviso that if Lead Counsel later determine that an additional distribution is not cost-effective (*see* Segura Decl. ¶ 44(e)), then any post-August 5, 2025 Claims may, at the discretion of Lead Counsel (and to the extent possible after paying remaining administrative fees and expenses owed), be paid on their new (or adjusted) Claims on a *pro rata* basis so as to bring them into parity with other Authorized Claimants who have cashed their distribution checks.

## III.    FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

The Court-approved Claims Administrator for the Settlement, JND, was responsible for, among other things, disseminating notice of the Settlement to the Settlement Class, creating and maintaining a website and toll-free telephone helpline, processing Claims, and allocating and distributing the Net Settlement Fund to Authorized Claimants.  Segura Decl. ¶ 2.  Consistent with the Stipulation, JND provided notice to over 73,700 potential Settlement Class Members and received and processed over 50,000 Claims.  *Id.* ¶¶ 4, 7.  The Stipulation and the Preliminary Approval Order entered by the Court expressly contemplated that "all reasonable Notice and Administration Costs actually incurred" including "the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for identifying beneficial owners or forwarding the Notice to beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement" would be paid from the Settlement Fund.  Stipulation ¶ 14; *see also* *id.* ¶¶ 1(dd), 9; Preliminary Approval Order ¶ 23.  JND's fees and expenses for its work performed through July 31, 2025, are $398,433.35, and its estimated fees and expenses for work to be

6

performed in connection with the Initial Distribution are $43,318.60, which together total $441,751.95. Segura Declaration ¶ 43. Should the estimate of fees and expenses to conduct the Initial Distribution of the Net Settlement Fund exceed the actual cost, the excess will be returned to the Net Settlement Fund and will be available for subsequent distribution to Authorized Claimants. *Id.* The brokerage firms and nominees charged JND another $68,951.20 for their work providing names and addresses to potential Settlement Class Members and forwarding notices to their clients. *Id.* To date, JND has received payment in the amount of $273,997.65 for its fees and expenses. *Id.* Accordingly, there is an outstanding balance of $236,705.50 payable to JND, which amount includes the estimated fees and expenses to be incurred by JND in connection with the Initial Distribution. *Id.* Lead Counsel reviewed JND's invoices and respectfully request on behalf of Lead Plaintiffs that the Court approve all of JND's fees and expenses.

## IV.    DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND

### A.    Initial Distribution of the Net Settlement Fund

Under the proposed Distribution Plan, JND will distribute 95% of the Net Settlement Fund after deducting: (i) all payments previously allowed; (ii) payments approved by the Court on this motion; and (iii) any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees (*i.e.*, the Initial Distribution). *See* Segura Decl. ¶ 44(a). In the Initial Distribution, JND will calculate award amounts for all Claimants as if the entire Net Settlement Fund were to be distributed now. *Id.* ¶ 44(a)(1). JND will first determine each Claimant's *pro rata* share of the total Net Settlement Fund based on the Claimant's Recognized Claim in comparison to the total Recognized Claims of all Claimants. *Id.* JND will eliminate from the Initial Distribution any Claimant whose *pro rata* share calculates to less than $10.00, as these Claimants will not receive any payment from the Net Settlement Fund and will be so notified by JND. *Id.* ¶ 44(a)(2). JND will then recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who

7

would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants who would have received $10.00 or more. *Id.* ¶ 44(a)(3). This *pro rata* share is the Authorized Claimant's Distribution Amount. *Id.* Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). *Id.* ¶ 44(a)(4). These Authorized Claimants will receive no additional funds in subsequent distributions. *Id.* After deducting the payments to the Claims Paid in Full, 95% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more. *Id.* ¶ 44(a)(5). The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and claims administration-related contingencies that may arise following the Initial Distribution, including any required modification of a Claim's status after consultation with the Claims Administrator and Lead Counsel without necessitating further involvement of the Court. *Id.* To the extent the Reserve is not depleted, the remainder will be distributed in the Second Distribution. *Id.*

To encourage Authorized Claimants to cash their checks promptly, Lead Plaintiffs propose that all distribution checks bear the notation, "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." *Id.* ¶ 44(b). Authorized Claimants who do not cash their checks within the time allotted or on the conditions stated in paragraph 44(b) of the Segura Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be redistributed to other Authorized Claimants in a subsequent distribution, as described below. *Id.* ¶ 44(c).

### B. Additional Distribution(s) of the Net Settlement Fund

After JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, but not earlier than seven (7) months after the Initial Distribution, JND will, after consulting with Lead Counsel, conduct the Second Distribution of the Net Settlement Fund. *Id.* ¶ 44(d). In the Second Distribution, any amount remaining in the Net Settlement Fund, after deducting any unpaid fees and expenses incurred, will be distributed to all Authorized Claimants (other than Claims Paid in Full) who cashed their Initial Distribution checks and would receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. *Id*. If any funds remain in the Net Settlement Fund after the Second Distribution, and if cost-effective, subsequent distributions will take place at six-month intervals. *Id*. When Lead Counsel, in consultation with JND, determine that a further distribution is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after August 5, 2025, JND will process those Claims. *Id*. ¶ 44(e). Any of these Claims that are otherwise valid, as well as any earlier received Claims for which an upward adjustment was received after August 5, 2025, may be paid in accordance with paragraph 44(f) of the Segura Declaration. *Id*. If any funds remain in the Net Settlement Fund after payment of these Claims and any unpaid fees or expenses, Lead Counsel proposes that such remaining funds (if there are any) be contributed to the Delaware Combined Campaign for Justice ("CCJ"). *Id.* Lead Counsel propose that the CCJ be designated as the "non-sectarian, not-for-profit 501(c)(3) organization[] to be selected by Lead Counsel" referenced in the Court-approved Plan of Allocation. *See* Notice ¶ 92.

The CCJ's mission is to raise funds each year in support of Delaware's three civil legal aid organizations: Community Legal Aid Society, Inc. ("CLASI"); Delaware Volunteer Legal Services, Inc. ("DVLS"); and Legal Services Corporation of Delaware ("LSCD"). *What We Support*, Delaware Combined Campaign for Justice, https://delawareccj.org/what-we-support/.

9

"Together these organizations provide free legal services to Delaware's most vulnerable residents—people who are poor, people with disabilities, and people who are over the age of sixty." *Id.* Each of CLASI, DVLS, and LSCD is a non-governmental, not-for-profit organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code. *Home*, Community Legal Aid Society, Inc., www.declasi.org; *Who We Are*, Legal Services Corporation of Delaware, Inc., https://www.lscd.com/node/2/who-we-are; *Our History*, Delaware Volunteer Legal Services, https://www.dvls.org/about/item.10996-Our_History. The courts of Delaware, including this Court, have repeatedly designated the CCJ as a *cy pres* recipient of residual balances of net settlement funds in other settlements. *See, e.g.*, *Seidel v. Lee*, No. 1:95-cv-00724-JJF (D. Del. Feb. 21, 2002) (minute order identifying CCJ as a *cy pres* recipient of the remaining balance of the settlement fund); Final Decree Closing Chapter 11 Case of Solar Trust of America, LLC ¶ 4, *In re Solar Tr. of Am., LLC*, No. 12-11136-KG (Bankr. D. Del. Dec. 5, 2016), D.I. 1268 (authorizing the bankruptcy liquidation trustee to contribute excess reserve funds to the CCJ), attached hereto as Exhibit 1; Class Distribution Order, *Newbold v. McCaw*, C.A. No. 2022-0439-LWW (Del. Ch. Feb. 12, 2025), Trans. ID 75625131, attached hereto as Exhibit 2; *Newbold v. McCaw*, 2025 WL 510248, at *8 (Del. Ch. Feb. 10, 2025) (Plaintiff's Motion for Class Distribution Order requesting designation of CCJ as a *cy pres* recipient of residual balances); Ct. Ch. R. 23(f)(6)(B); *Herron v. Certainteed Corp.*, 2009 WL 1509100, at *2 (Del. Super. Ct. May 27, 2009) (ordering payment of Rule 16(f) sanctions to CCJ).

## V.    RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to (i) bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and (ii) provide that all persons involved in any aspect of Claims processing, or who are involved in the administration or taxation of the Settlement Fund or the Net

Settlement Fund, be released and discharged from all claims arising out of that involvement. *See* Stipulation ¶ 29. Accordingly, Lead Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from all claims arising out of that involvement, and bar all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

Courts have repeatedly approved similar releases in connection with the distribution of settlement proceeds. *See, e.g.*, Order Approving Distribution Plan ¶ 4, *Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*, No. 1:16-cv-00112-MN (D. Del. Mar. 1, 2023), D.I. 357, attached hereto as Exhibit 3 ("The Court finds . . . that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation

of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants."); *accord* Order Authorizing Distribution of Net Settlement Fund at 5, *In re Advance Auto Parts Inc. Sec. Litig.*, No. 1:18-cv-00212 RGA-SRF (D. Del. Feb. 16, 2024), D.I. 372, attached hereto as Exhibit 4; *Fernandez v. Knight Cap. Grp., Inc.*, 2016 WL 7468089, at \*3 (D.N.J. June 16, 2016).

## VI.    CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant their Unopposed Motion for Approval of Distribution Plan and enter the [Proposed] Order Approving Distribution Plan.

Dated: August 22, 2025

**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
Hannah G. Ross
Katherine M. Sinderson (*pro hac vice*)
Robert F. Kravetz (*pro hac vice*)
Michael M. Mathai (*pro hac vice*)
Sarah Schmidt
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
katiem@blbglaw.com
robert.kravetz@blbglaw.com
michael.mathai@blbglaw.com
sarah.schmidt@blbglaw.com

**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**

*/s/  Gregory V. Varallo*
Gregory V. Varallo (Bar No. 2242)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com

*Counsel for Lead Plaintiffs*
*and Lead Counsel for the Settlement Class*

12

**BARRACK, RODOS & BACINE**
Jeffrey W. Golan (*pro hac vice*)
Chad A. Carder (*pro hac vice*)
Jordan R. Laporta
3300 Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
jgolan@barrack.com
ccarder@barrack.com
jlaporta@barrack.com

*Counsel for Lead Plaintiffs*
*and Lead Counsel for the Settlement Class*

**VANOVERBEKE, MICHAUD**
  **& TIMMONY, P.C.**
Aaron L. Castle (*pro hac vice*)
79 Alfred Street
Detroit, MI 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
acastle@vmtlaw.com

*Additional Counsel for Lead Plaintiffs*
*Oakland County Employees' Retirement*
*System and Oakland County Voluntary*
*Employees' Beneficiary Association Trust*

13

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on August 22, 2025, I caused the Memorandum of Law in Support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution Plan to be filed and submitted electronically, served via email on all counsel of record, and to be made available for viewing and downloading from the CM/ECF system.

/s/ Gregory V. Varallo
Gregory V. Varallo