# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADVANCE AUTO PARTS, INC., SECURITIES LITIGATION | Case No. 1:18-cv-00212-RGA-SRF<br><br>CLASS ACTION |

## [PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND

WHEREAS, by its Judgment Approving Class Action Settlement dated June 13, 2022 (D.I. 366) and its Order Approving Plan of Allocation of Net Settlement Fund dated June 13, 2022 (D.I. 368), this Court approved the terms of the settlement set forth in the Stipulation and Agreement of Settlement dated December 23, 2021 (D.I. 355-1) ("Settlement" or "Stipulation") and the proposed plan for allocating the net settlement proceeds to eligible Class Members ("Plan of Allocation");

WHEREAS, this Court had directed the Parties to consummate the terms of the Settlement and the Plan of Allocation;

WHEREAS, the Settlement provided for consideration of $49,250,000 in cash ("Settlement Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was deposited into an escrow account established by Class Counsel for the benefit of the Class;

WHEREAS, as set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses dated May 9, 2022 (D.I. 362-2, Ex. A) ("Notice"), the deadline for Class Members to submit Claims to the Court-approved Claims Administrator for the Settlement, Kurtzman Carson Consultants LLC ("KCC"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed;

1

WHEREAS, in satisfaction of due process requirements, all Class Members who submitted Claims by November 30, 2023 that were in any way ineligible or deficient were: (i) informed that their Claims were ineligible or deficient; and (ii) given opportunities to correct any curable deficiencies prior to their Claims being finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review;

WHEREAS, the process of reviewing Claims has been completed;

WHEREAS, Class Representative, through Class Counsel, now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees, and expenses previously approved by the Court or approved by this Order ("Net Settlement Fund"); and

WHEREAS, this Court retained continuing and exclusive jurisdiction of this Action in connection with, among other things: (i) the disposition of the Settlement Fund; and (ii) any motion to approve the Class Distribution Order.

NOW, THEREFORE, upon careful consideration of: (i) the Declaration of Lance Cavallo in Support of Class Representative's Motion for Approval of Distribution Plan submitted on behalf of KCC ("Cavallo Declaration"); (ii) the Brief in Support of Class Representative's Motion for Approval of Distribution Plan; and (iii) the other submissions and papers on file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that capitalized terms not otherwise defined herein shall have the same meanings set forth in the Stipulation and the Cavallo Declaration; and it is further

ORDERED, that the administrative determinations of KCC accepting the Claims described in the Cavallo Declaration and listed on Exhibits B-1 and B-2 thereto, calculated pursuant to the

2

Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of KCC rejecting the Claims described in the Cavallo Declaration and listed on Exhibit B-3 thereto are hereby approved, and said Claims are hereby rejected; and it is further

ORDERED, that KCC be paid the sum of $37,981.50 from the Net Settlement Fund as payment for the fees and expenses KCC expects to incur in connection with the Initial Distribution of the Net Settlement Fund; and it is further

ORDERED, that KCC conduct the Initial Distribution of the Net Settlement Fund as set forth in paragraph 36 of the Cavallo Declaration. Specifically, the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits B-1 and B-2 to the Cavallo Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants as shown on such Exhibits; and it is further

ORDERED, that all checks to Authorized Claimants issued in the Initial Distribution shall state: "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE." Class Counsel and KCC are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Net Settlement Fund; and it is further

ORDERED, that, after making reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, KCC will, if cost-effective to do so, redistribute

3

any funds remaining in the Net Settlement Fund by reason of uncashed checks or otherwise nine (9) months after the Initial Distribution, or reasonably soon thereafter, to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, and after deductions for any unpaid estimated taxes, tax preparation fees and escrow fees; and it is further

ORDERED, that KCC may make additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 in such additional redistributions if Class Counsel, in consultation with KCC, determines that additional redistributions, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistributions, and after deductions for any unpaid estimated taxes, tax preparation fees and escrow fees, would be cost-effective; and it is further

ORDERED, that, at such time as Class Counsel, in consultation with KCC, determines that further redistribution of the funds remaining in the Net Settlement Fund is not cost-effective, any otherwise valid Claims received after November 30, 2023, or any earlier received Claims for which an adjustment was received after November 30, 2023, may be paid in accordance with paragraph 36(F) of the Cavallo Declaration; and it is further

ORDERED, that any balance that remains in the Net Settlement Fund after further redistributions or payment of any otherwise valid Claims received after November 30, 2023, or Claims adjusted after November 30, 2023, in accordance with paragraph 36(E) of the Cavallo Declaration, which is not cost-effective to reallocate, will be contributed to non-sectarian, not-for-

4

profit organizations to be recommended by Class Counsel and approved by the Court; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that KCC is hereby authorized to destroy paper copies of Claims and all supporting documentation one (1) year after all funds have been distributed, and to dispose of electronic copies of the same three (3) years after all funds have been distributed; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that no Claim received or adjusted after November 30, 2023, or any responses to Notices of Rejection received after November 30, 2023, be included in the Initial Distribution of the Net Settlement Fund.

SO ORDERED this _16th_ day of _Feb._ _____ 2024.

_____
The Honorable ~~Robert T. Dawson~~ Richard G. Andrews
United States District Judge

5